UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| DAVID SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No.: 1:22-cv-00329 |
| vs. | ) |
| | ) |
| BROWN UNIVERSITY, et al. | ) |
| | ) |
| Defendants. | ) |
| | ) |

**MEMORANDUM OF LAW IN SUPPORT OF
<u>PLAINTIFF'S MOTION TO PROCEED UNDER A PSEUDONYM</u>**

Plaintiff David Smith, by and through his attorneys, hereby seeks authorization to file a Verified Complaint and proceed in the above-captioned case as a pseudonymous Plaintiff. This Court previously granted David Smith's request to proceed pseudonymously in a related case filed against Brown University at an earlier stage in David's disciplinary proceeding.[1] This is a case involving highly sensitive and intimate facts concerning allegations of sexual misconduct made by a student at Brown, hereinafter referred to as "Jane Roe," against David Smith, which Defendants subsequently investigated and adjudicated. David Smith's Verified Complaint challenges Brown's decision finding him responsible for sexual misconduct and imposing a suspension based on their overtly biased and improper adjudication of the matter. The underlying disciplinary proceedings were kept strictly confidential.[2] In this action, David Smith asks the Court to order that Brown reverse the suspension and allow him to resume university activities,

---

[1] *See David Smith v. Brown Univ.*, 1:22-cv-00024-JJM-PAS, Text Order dated January 18, 2022. This prior action involved David Smith's challenge to an interim suspension Brown imposed before he was adjudicated responsible for any offense, which was withdrawn without prejudice by agreement among the parties.

[2] Federal Regulation requires Brown to keep the identities of the students confidential. *See* 34 C.F.R. § 106.71(a) (universities "must keep confidential the identity of any individual . . . who has made a report or filed a formal complaint of sexual harassment, any complainant, any individual who has been reported to be the perpetrator of sex discrimination, any respondent, and any witness"); Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. § 1232g (protecting the privacy interests of student education records).

including attending classes and athletic practices, training, and events, under the existing No-Contact Order between himself and Jane Roe. David Smith is understandably concerned that using his real name in this case will significantly and permanently harm his reputation and negatively affect future educational and employment prospects. Similarly, David Smith also seeks permission in this Motion to refer to his accuser as Jane Roe and to use pseudonyms to the extent any other students involved in the disciplinary proceeding are relevant, so as to protect the privacy interests of all interested parties. Upon the Court's request, David Smith is prepared to provide a statement of his true identity under seal.

## STATEMENT OF FACTS

Plaintiff David Smith and his accuser, Jane Roe, are both students at Brown University ("Brown"). The Verified Complaint asserts multiple claims against Defendant Brown as well as its third-party investigator based on the biased and improper investigation and adjudication of Jane Roe's formal complaint, which resulted in David Smith's erroneous responsibility finding and two-year suspension. The Verified Complaint provides a detailed account of the sexual encounter between David Smith and Jane Roe, as well as the flawed process through which Brown found David responsible for sexual assault and imposed a two-year suspension, and its facts are incorporated by reference as if fully set forth herein.

## ARGUMENT

While a complaint must normally state the names of all parties, *see* Fed. R. Civ. P. 10(a), federal courts have nevertheless "permitted parties to proceed under pseudonym in certain cases." *Doe v. Univ. of Maine Sys.*, No. 1:19-CV-00415-NT, 2020 WL 981702, at *4 (D. Me. Feb. 20, 2020). Until very recently, the First Circuit "ha[d] not formulated a test for assessing when parties may proceed under pseudonyms," leaving district courts to utilize other circuits'

multi-factor tests in determining whether to allow a party to proceed pseudonymously. *Does 1-3 v. Mills*, 39 F.4th 20, 26 (1st Cir. 2022) (citing *Doe v. Megless*, 654 F.3d 404, 408 (3d Cir. 2011)). But having recognized "the need for greater clarity and predictability with respect to pseudonym decisions" and that other circuits' "multi-factor tests do not establish a clear standard[,]" the First Circuit in *Doe v. Massachusetts Inst. of Tech.* (hereinafter "*MIT*") established a "workable methodology for sorting out the (relatively few) 'exceptional cases' in which pseudonymity should be allowed." --- F.4th ----, 2022 WL 3646028, at *7 (1st Cir. Aug. 24, 2022). The new framework is summarized as follows:

> A district court adjudicating a motion to proceed under a pseudonym should balance the interests asserted by the movant in favor of privacy against the public interest in transparency, taking all relevant circumstances into account. In most cases, the inquiry should focus upon the extent to which the facts align with one or more of the following paradigms: [1] whether the case is one in which the movant reasonably fears that coming out of the shadows will cause him unusually severe physical or mental harm; [2] whether the case is one in which compelled disclosure of the movant's name will likely lead to disclosure of a nonparty's identity, causing the latter substantial harm; [3] whether the case is one in which compelled disclosure would likely deter, to an unacceptable degree, similarly situated individuals from litigating; or [4] whether the federal suit is bound up with a prior proceeding subject by law to confidentiality protections and forcing disclosure of the party's identity would significantly impinge upon the interests served by keeping the prior proceeding confidential.

*Id.* at *8. "Because these paradigms are framed in generalities," the First Circuit made clear that "a court enjoys broad discretion to quantify the need for anonymity in the case before it." *Id.* "This broad discretion extends to the court's ultimate determination as to whether that need outweighs the public's transparency interest." *Id.*

In *MIT*, the plaintiff appealed the district court's denial of his motion to proceed pseudonymously in his Title IX suit, in which he alleged that MIT conducted a biased investigation of the complainant's sexual assault allegation, ultimately resulting in MIT finding him responsible and sanctioning him with expulsion. *See id.* at *2. The First Circuit vacated the

3

order denying his request to proceed under pseudonym and remanded for the district court to apply its new framework. In doing so, the First Circuit discussed how the plaintiff's case squared with the framework's four "paradigms." For the first paradigm—reasonable fear "that coming out of the shadows will cause him unusually severe harm (either physical or psychological)"—the plaintiff alleged that "requiring him to reveal his identity would result in significant harm to [him], including the exact damages he seeks to remedy in this matter." *Id.* at *2, 7. As to the second paradigm—"cases in which identifying the would-be Doe would harm 'innocent non-parties'"—the plaintiff "argued in the district court that disclosing his name could incidentally expose [the non-party complainant's] identity, and he asked that her identity also be protected." *Id.* at *9. The plaintiff also "made arguments sounding in the third paradigm of exceptional cases — a paradigm under which anonymity is necessary to avoid deterring similarly situated litigants" because, "[a]mong other things, he stressed 'the highly sensitive nature and privacy issues that could be involved with being identified as a perpetrator of sexual assault' and predicted that 'any ultimate success in this matter would be negated by the disclosure of his name.'" *Id.* Lastly, the plaintiff "implicate[d] the fourth paradigm of exceptional cases" in arguing that "pseudonymity [was] appropriate because the underlying disciplinary proceeding, brought under Title IX of the Education Amendments of 1972, 20 U.S.C. §§ 1681-1688, was conducted confidentially, and he ha[d] since kept his participation in it on the downlow." *Id.*

As shown below, the instant case involves virtually identical circumstances to those in *MIT* and likewise fits within the four paradigms "in which pseudonymity should be allowed." *Id.* at *7. Moreover, "taking all relevant circumstances into account[,]" *id.* at *8, David Smith's interest in pseudonymity outweighs the public's interest in transparency.

4

### A. The first paradigm: reasonable fear that coming out of the shadows will cause unusually severe physical or mental harm

David Smith will suffer severe emotional distress if he is forced to litigate this case using his real name. Not only would his reputation be significantly harmed, but he would also certainly be negatively affected in terms of his future educational and employment prospects. (*See* Exhibit A, Declaration of David Smith.) "Such a concern is only exacerbated in the Internet age, which can provide additional channels for harassment and will connect plaintiff's name to [Brown's] findings . . . whether or not he is successful in this litigation." *Doe v. Trustees of Dartmouth Coll.*, No. 18-cv-040-LM, 2018 WL 2048385, at *5 (D. Mass. May 2, 2018). Even if this Court ultimately reverses Brown's findings against David Smith, "'the mere accusation that one has committed a sexual assault can subject the accused to lasting reputational damage and harassment[.]'" *Univ. of Maine*, 2020 WL 981702, at *5 (quoting *Dartmouth*, 2018 WL 2048285, at *5).[3] One of the many reasons David Smith is filing suit to reverse his two-year suspension is to avoid having to explain to friends, family, and his employer why he is no longer

---

[3]     Indeed, courts throughout the country have permitted student-plaintiffs to proceed under a pseudonym to avoid the severe social stigma and emotional distress that would result from public association of their identities with the label of sexual assault perpetrator. *See, e.g.*, *Doe v. Purdue*, 321 F.R.D. 339, 343 (N.D. Ind. 2017) (granting student's pseudonym motion in case challenging university's finding of sexual assault, noting that litigating the action will involve disclosure of "information of the utmost intimacy" and that "[i]f Plaintiff's identity is revealed, Plaintiff would suffer the very harm to his reputation that he seeks to remedy by bringing this lawsuit"); *Doe v. Univ. of Notre Dame*, No. 17-298, ECF No. 46 (N.D. Ind. May 8, 2017) (granting accused student's motion to proceed under a pseudonym and finding that "being charged with and found responsible for sexual misconduct by a prestigious educational institution unquestionably bears a strong social stigma"); *Doe v. Trs. of Univ. of Pa.*, No. 16-5088, ECF No. 12 (E.D. Pa. Sept. 26, 2016) (granting motion to proceed under a pseudonym, finding that plaintiff "has a legitimate fear of significant harm should the preliminary finding of his responsibility for a sexual assault by made public"); *Doe v. Univ. of St. Thomas*, No. 16-1127, 2016 WL 9307609, at *2-4 (D. Minn. May 25, 2016) (granting pseudonym motion of male student challenging university finding of sexual assault); *Doe v. Colgate Univ.*, No. 15-1069, 2016 WL 1448829, at *3-4 (N.D.N.Y. Apr. 12, 2016) (balancing of all factors weighed in favor of permitting plaintiff to proceed under pseudonym and that "forcing Plaintiff to reveal his identity would further exacerbate the emotional and reputational injuries he alleges"); *Doe v. Brandeis Univ.*, No. 15-11557, ECF No. 28 (D. Mass. June 17, 2015) (finding that the "current record suggests that plaintiff could be subjected to 'social stigmatization' . . . if his name is revealed); *Doe v. Columbia Univ.*, 101 F. Supp. 3d 356, 360 n.1 (S.D.N.Y. 2015) (noting that university consented to plaintiff's request to proceed pseudonymously "in light of the sensitive subject matter and the age of the students involved"), *vacated on other grounds by Doe v. Columbia Univ.*, 831 F.3d 46 (2d Cir. 2016); *Doe v. George Washington Univ.*, No. 11-696, ECF No. 2 (D.D.C. Apr. 8, 2011) (granting accused student-plaintiff's motion to proceed under pseudonym).

a Brown student. In other words, the potential for severe emotional distress is precisely why David Smith seeks to proceed pseudonymously.

### B. The second paradigm: cases in which identifying the party seeking pseudonymity would harm "innocent non-parties"

As the First Circuit acknowledged, a "nonparty 'has a stronger case for anonymity' than [a] party[.]" *MIT*, 2022 WL 3646028, at *7 (quoting *Dartmouth*, 2018 WL 2048285, at *6). There is an undoubtedly high risk that Jane Roe and other non-party student-witnesses involved in the underlying disciplinary proceeding will be identified—and suffer harm—if David Smith is forced to use his real name, because members of the Brown community will most likely be able to determine other involved students' identities once David Smith's is known. (*See* Exhibit A, Declaration of David Smith); *see also Dartmouth*, 2018 WL 2048285, at *6 (non-party complainant "state[d] that plaintiff's complaint ha[d] already generated 'hateful and threatening comments about [her] on the internet,' causing her 'extreme emotional distress and trauma.'").

### C. The third paradigm: cases in which pseudonymity is necessary to forestall a chilling effect on future litigants who may be similarly situated

Courts "must be wary of 'deter[ring] the legitimate exercise of the right to seek a peaceful redress of grievances through judicial means.'" *MIT*, 2022 WL 3646028, at *8 (quoting *Talamini v. Allstate Ins. Co.*, 470 U.S. 1067, 1070-71 (1985) (Stevens, J., concurring)). "A deterrence concern typically arises in cases involving 'intimate issues such as sexual activities, reproductive rights, [or] bodily autonomy[.]'" *Id.* (quoting *In re Sealed Case*, 971 F.3d 324, 327 (D.C. Cir. 2020)).[4] If David Smith is forced to use his real name—and expose his identity—in

---

[4] *See also, e.g.*, *Dartmouth*, 2018 WL 2048385, at *7 (quoting *Doe v. Blue Cross & Blue Shield of R.I.*, 794 F. Supp. 72, 74 (D.R.I. 1992)) ("Undoubtedly, 'one's sexual practices are among the most intimate parts of one's life[.]'"); *Doe v. Va. Polytechnic Inst. & State Univ.*, No. 19-249, 2020 WL 1287960, at *3 (W.D. Va. Mar. 18, 2020) (finding that allegations of sexual misconduct "involve sensitive and highly personal facts"); *Doe v. Purdue*, 321 F.R.D. 339, 342 (N.D. Ind. 2017) (stating that "this litigation requires the disclosure of 'information of the utmost intimacy,' . . . including information regarding Plaintiff's and Jane Doe's sexual relationship, Jane Doe's allegations of sexual misconduct, and the details of the University's findings"); *Doe v. Rector & Visitors of George*

this case involving highly sensitive and intimate facts, "other similarly situated litigants might be deterred from litigating claims that that the public wants to see litigated." *Univ. of Maine*, 2020 WL 981702, at *6 (citing *Megless*, 654 F.3d at 410); *see also Doe v. Colgate Univ.*, 2016 WL 1448829, at *2-3 (N.D.N.Y. Apr. 12, 2016) (noting that cases involving campus sexual assault have "garnered significant media attention" and also noting the "potential chilling effect that forcing Plaintiff to reveal his identity would have on future plaintiffs facing similar situations"); *Dartmouth*, 2018 WL 2048285, at *6 (acknowledging *Colgate*); *MIT*, 2022 WL 3646028, at *3 ("[T]he public has a substantial interest in ensuring that those who would seek justice in its courts are not scared off by the specter of destructive exposure.").

### D. The fourth paradigm: cases that are bound up with a prior proceeding made confidential by law

The First Circuit noted that "both Congress and the Executive Branch have given careful thought to the proper conduct of Title IX proceedings[,]" and "[c]onfidentiality is an important aspect of that vision." *MIT*, 2022 WL 3646028, at *10. Though "the confidentiality of a Title IX disciplinary proceeding may sometimes — but not always — furnish grounds for finding an exceptional case warranting pseudonymity . . . . courts cannot ignore the background confidentiality regime in assessing the circumstances relevant to a request for pseudonymity." *Id.* at *10-11. Defendants and David Smith kept David Smith's identity confidential throughout the underlying disciplinary proceedings, his identity has not been widely disseminated, and in former litigation related to the disciplinary proceedings, David Smith was allowed to proceed under a pseudonym. *See Smith v. Brown University*, No. 1:22-cv-24-JJM-PAS (Text Order

---

*Mason Univ.*, 179 F. Supp. 3d 583, 593 (E.D. Va. 2016) (stating that "the litigation here focuses on 'a matter of sensitive and highly personal nature'"); *Doe v. Univ. of St. Thomas*, No. 16-1127, 2016 WL 9307609, at *2 (D. Minn. May 25, 2016) (finding that the "matters at issue are of a 'highly sensitive' and personal nature, indeed are matters of 'utmost intimacy[]' because "[t]he complaint and its supporting documents describe very private sexual acts, whether consensual or not, between two young college students, and it is difficult to imagine any resolution of this case without further exploration of truly intimate matters").

7

entered 01/18/2022). Therefore, "denying anonymity in th[is] new suit would significantly undermine the interests served by th[e] confidentiality" in all prior proceedings. *MIT*, 2022 WL 3646028, at *8.

### E. David Smith's interest in pseudonymity outweighs the public's interest in transparency

In the totality of the circumstances, David Smith's interest in proceeding under a pseudonym clearly outweighs the public's interest in transparency. The First Circuit noted in its recent decision:

> In federal suits that amount to collateral attacks on Title IX proceedings, a full appreciation of the public's interest in transparency must factor in the choice by Congress and the Department to inhibit a school's disclosure of private information, such as the name of an accused student. After all, it makes little sense to lift the veil of pseudonymity that — for good reason — would otherwise cover these proceedings simply because the university erred and left the accused with no redress other than a resort to federal litigation.

*Id.* (internal citation and quotation omitted). Many other courts have recognized that "the public's interest in the subject matter of, or any proceedings relating to, this litigation, will not be impeded merely because plaintiff's identity is kept private." *Dartmouth*, 2018 WL 2048385, at *7 (citing *Doe v. Purdue*, 321 F.R.D. 339, 343 (N.D. Ind. 2017) ("The actual identities of Plaintiff and his accuser are of minimal value to the public.")). This is especially true where, as here, the subject matter of the proceedings involves highly sensitive and intimate facts, and the factual circumstances fit within the new paradigms "in which pseudonymity should be allowed." *MIT*, 2022 WL 3646028, at *7.

## **CONCLUSION**

As shown above, David Smith has demonstrated that the totality of the circumstances warrants pseudonymity. Accordingly, this Court should grant David Smith's Motion to Proceed Under a Pseudonym.

Dated: September 9, 2022

By: */s/ Maria F. Deaton*
    Patrick C. Lynch, Esq. (#4867)
    Maria F. Deaton, Esq. (#7286)
    Lynch & Pine, Attorneys at Law
    One Park Row, Fifth Floor
    Providence, RI 02903
    (401) 274-3306
    plynch@lynchpine.com
    mdeaton@lynchpine.com

By: */s/ Douglas F. Gansler*
    Douglas F. Gansler (*pro hac pending*)
    Cadwalader, Wickersham & Taft LLP
    700 Sixth Street, N.W.
    Washington, DC 20001
    (202) 862-2300
    douglas.gansler@cwt.com

By: */s/ Patricia M. Hamill*
    Patricia M. Hamill, Esquire (*pro hac pending*)
    Andrew S. Gallinaro, Esq. (*pro hac pending*)
    Conrad O'Brien, PC
    1500 Market Street, Suite 3900
    Centre Square, West Tower
    Philadelphia, PA 19102
    (215) 864-9600
    phamill@conradobrien.com
    agallinaro@conradobrien.com

## CERTIFICATE OF SERVICE

I, Maria F. Deaton, certify that on September 9, 2022, this document was electronically filed through the Court's CM/ECF system and is available for viewing and downloading to all registered counsel of record.

/s/ Maria F. Deaton
Maria F. Deaton, Esq. (#7286)
Lynch & Pine, Attorneys at Law
One Park Row, Fifth Floor
Providence, RI 02903
(401) 274-3306
mdeaton@lynchpine.com