## UNITED STATES DISTRICT COURT
## DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| DAVID SMITH, a pseudonym, | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | C.A. No. 1:22-cv-00329-JJM-PAS |
| | : | |
| BROWN UNIVERSITY,  DAVIS | : | |
| CONSULTING GROUP, LLC and | : | |
| DONNA DAVIS, Individually, | : | |
| | : | |
| Defendants | : | |

## ANSWER AND AFFIRMATIVE OF DEFENDNTS
## DAVIS CONSULTING GROUP, LLC AND DONNA DAVIS TO
## PLAINTIFF'S VERIFIED COMPLAINT

Defendants Davis Consulting Group, LLC and Donna Davis ("Answering Defendants"), by and through their undersigned counsel, answer Plaintiff's Complaint and set forth their Affirmative Defenses to his claims.  They aver as follows:

## I.    NATURE OF THE ACTION

1.      Denied.

2.      Admitted in part, denied in part. Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations by Plaintiff in Paragraph 2 of his Complaint. Pursuant to Fed.R.Civ.P. 8(b)(5), the allegations are denied.

3.      Answering Defendants admit the allegation that Brown University ("Brown") permitted Plaintiff to remain enrolled and on campus pending the outcome of the disciplinary investigation. Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations by Plaintiff in Paragraph 3 of his Complaint. Pursuant to Fed.R.Civ.P. 8(b)(5), the remaining allegations are denied.

1

4.      Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations by Plaintiff in Paragraph 4 of his Complaint. Pursuant to Fed.R.Civ.P. 8(b)(5), the allegations are denied.

5.      Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations by Plaintiff in Paragraph 5 of his Complaint. Pursuant to Fed.R.Civ.P. 8(b)(5), the allegations are denied.

6.      Admitted in part, denied in part.  It is admitted that Brown hired Davis Consulting Group, LLC ("Davis Consulting") and not Donna Davis individually.  It is further admitted that Davis Consulting is a company recently formed by Donna Davis to perform Title IX and EEO investigations. It is further admitted that, in the course of its investigation, Davis Consulting interviewed three witnesses. Plaintiff's characterization of why only three witnesses were interviewed is denied.

7.      Admitted in part, denied in part. It is admitted that Davis Consulting informed Plaintiff that he should not contact witnesses. Upon information and belief, Brown also told Plaintiff not to speak to witnesses. The remaining allegations and characterizations in this Paragraph 7 of Plaintiff's Complaint are denied.

8.      Admitted in part, denied in part. Answering Defendants deny the characterization of a prohibition on contacting witnesses as a "gag rule." It is admitted that Plaintiff identified only one witness to be interviewed by Davis Consulting. The remaining allegations are denied.

9.      Admitted in part, denied in part. It is admitted only that the witness identified by Plaintiff engaged counsel and that the witness identified by Plaintiff had a prior (but not current) sexual history with the Complainant, Jane Roe ("Jane"). The remaining allegations in this Paragraph 9 of Plaintiff's Complaint are denied.

10.      Denied. It is denied that the protocol under which Davis Consulting operated with Brown permitted Davis Consulting to offer an analysis of the facts or evidence and it is denied that Davis Consulting conducted such analysis.  Answering Defendants are without knowledge or information sufficient to form a belief about the truth of the remaining allegations by Plaintiff in Paragraph 10 of his Complaint. Pursuant to Fed.R.Civ.P. 8(b)(5), the remaining allegations are denied.

11.      Denied. It is denied that the so called "gag rule" prohibited Plaintiff from identifying witnesses who might have information relevant to the investigation.  Answering Defendants are without knowledge or information sufficient to form a belief about the truth of the remaining allegations by Plaintiff in Paragraph 11 of his Complaint. Pursuant to Fed.R.Civ.P. 8(b)(5), the remaining allegations are denied.

12.      Denied. It is denied that Answering Defendants gave Jane a different set of confidentiality instructions. Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations by Plaintiff in Paragraph 12 of his Complaint. Pursuant to Fed.R.Civ.P. 8(b)(5), the remaining allegations are denied.

13.      Denied.

14.      Denied.

15.      Denied.

16.      Denied.

17.      Admitted in part and denied in part. The quotation from Plaintiff's written response is admitted. With regard to the alleged quotation from the interview, Answering Defendants lack knowledge or information sufficient to form a belief about the truth of these quotations because Answering Defendants did not know the interview was being recorded and

Plaintiff has refused to share the recording. Pursuant to Fed.R.Civ.P. 8(b)(5), these allegations are denied.

18.     Denied.

19.     Denied.

20.     Admitted in part, denied in part. It is admitted that photographs provided by Jane accompanied the draft investigation report.  It is further admitted that Plaintiff submitted to medical reports from forensic pathologists his legal team engaged to solicit opinions. The remaining allegations in Paragraph 20 of Plaintiff's Complaint are denied as follows. Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation that the forensic pathologists engaged by Plaintiff's legal team reached their conclusions independently. Answering Defendants deny that they were responsible for the decision to exclude the medical reports from the record. Answering Defendants lack knowledge or information to form a belief about the truth of the allegations about the testimony at the hearing.

21.     Denied.

22.     Denied.

23.     Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations by Plaintiff in Paragraph 23 of his Complaint. Pursuant to Fed.R.Civ.P. 8(b)(5), the allegations are denied.

24.     Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations by Plaintiff in Paragraph 24 of his Complaint. Pursuant to Fed.R.Civ.P. 8(b)(5), the allegations are denied.

25.     Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations by Plaintiff in Paragraph 25 of his Complaint. Pursuant to Fed.R.Civ.P. 8(b)(5), the allegations are denied.

26.     Answering Defendants deny that they fabricated anything or that they included inaccuracies to remain in the report. Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations by Plaintiff in Paragraph 26 of his Complaint. Pursuant to Fed.R.Civ.P. 8(b)(5), the remaining allegations are denied.

27.     Answering Defendants deny the characterizations of Donna Davis's statements to the hearing panel. Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations by Plaintiff in Paragraph 27 of his Complaint. Pursuant to Fed.R.Civ.P. 8(b)(5), the remaining allegations are denied.

28.     Answering Defendants deny the allegations that Donna Davis withheld information and telephone records from the hearing panel. Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations by Plaintiff in Paragraph 28 of his Complaint. Pursuant to Fed.R.Civ.P. 8(b)(5), the remaining allegations are denied.

29.     Answering Defendants deny that Donna Davis withheld Plaintiff's written submission from the hearing panel. Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations by Plaintiff in Paragraph 29 of his Complaint. Pursuant to Fed.R.Civ.P. 8(b)(5), the remaining allegations are denied.

30.     Answering Defendants deny that Donna Davis withheld information from the hearing panel concerning Jane's relationship with a friend and teammate of Plaintiff. Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the

remaining allegations by Plaintiff in Paragraph 29 of his Complaint. Pursuant to Fed.R.Civ.P.

8(b)(5), the remaining allegations are denied.

31.     Answering Defendants lack knowledge or information sufficient to form a belief

about the truth of the allegations by Plaintiff in Paragraph 31 of his Complaint. Pursuant to

Fed.R.Civ.P. 8(b)(5), the allegations are denied.

32.     Denied.  The allegations in this Paragraph 32 of Plaintiff's Complaint state

conclusions of law to which no responsive pleading is required.

33.     Denied.

## II.     PARTIES AND RELEVANT PERSONS

34.     Admitted.

35.     Admitted.

36.     Admitted.

37.     Admitted in part, denied in part. It is admitted that Davis is a resident of Texas

and it is admitted that Davis Consulting Group performed the duties it was engaged to perform at

Brown's direction and using protocols established by Brown. The remaining allegations in this

paragraph are denied.

38.     Admitted.

## III.     JURISDICTION AND VENUE

39.     Admitted.

40.     Denied.

41.     Admitted.

42.     It is admitted only that Answering Defendants engaged in conduct in Rhode Island that gives rise to this lawsuit. Personal jurisdiction as to Answering Defendants is admitted.

43.     Admitted.

## IV.     FACTUAL BACKGROUND

44.     Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations by Plaintiff in Paragraph 44 of his Complaint. Pursuant to Fed.R.Civ.P. 8(b)(5), the allegations are denied.

45.     Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations by Plaintiff in Paragraph 45 of his Complaint. Pursuant to Fed.R.Civ.P. 8(b)(5), the allegations are denied.

46.     Admitted.

47.     Admitted.

48.     Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations by Plaintiff in Paragraph 48 of his Complaint. Pursuant to Fed.R.Civ.P. 8(b)(5), the allegations are denied.

49.     Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations by Plaintiff in Paragraph 49 of his Complaint. Pursuant to Fed.R.Civ.P. 8(b)(5), the allegations are denied.

50.     Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations by Plaintiff in Paragraph 50 of his Complaint. Pursuant to Fed.R.Civ.P. 8(b)(5), the allegations are denied.

51.    Denied. The allegation purporting to summarize what Jane told Donna Davis about her consumption of alcohol on the evening of October 29, 2021 is denied.  Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations by Plaintiff in Paragraph 51 of his Complaint. Pursuant to Fed.R.Civ.P. 8(b)(5), the remaining allegations are denied.

52.    Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations by Plaintiff in Paragraph 52 of his Complaint. Pursuant to Fed.R.Civ.P. 8(b)(5), the allegations are denied.

53.    Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations by Plaintiff in Paragraph 53 of his Complaint. Pursuant to Fed.R.Civ.P. 8(b)(5), the allegations are denied.

54.    Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations by Plaintiff in Paragraph 54 of his Complaint. Pursuant to Fed.R.Civ.P. 8(b)(5), the allegations are denied.

55.    Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations by Plaintiff in Paragraph 55 of his Complaint. Pursuant to Fed.R.Civ.P. 8(b)(5), the allegations are denied.

56.    Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations by Plaintiff in Paragraph 56 of his Complaint. Pursuant to Fed.R.Civ.P. 8(b)(5), the allegations are denied.

57.    Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations by Plaintiff in Paragraph 57 of his Complaint. Pursuant to Fed.R.Civ.P. 8(b)(5), the allegations are denied.

58.     Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations by Plaintiff in Paragraph 58 of his Complaint. Pursuant to Fed.R.Civ.P. 8(b)(5), the allegations are denied.

59.     Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations by Plaintiff in Paragraph 59 of his Complaint. Pursuant to Fed.R.Civ.P. 8(b)(5), the allegations are denied.

60.     Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations by Plaintiff in Paragraph 60 of his Complaint. Pursuant to Fed.R.Civ.P. 8(b)(5), the allegations are denied.

61.     Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations by Plaintiff in Paragraph 61 of his Complaint. Pursuant to Fed.R.Civ.P. 8(b)(5), the allegations are denied.

62.     Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations by Plaintiff in Paragraph 62 of his Complaint. Pursuant to Fed.R.Civ.P. 8(b)(5), the allegations are denied.

63.     Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations by Plaintiff in Paragraph 63 of his Complaint. Pursuant to Fed.R.Civ.P. 8(b)(5), the allegations are denied.

64.     Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations by Plaintiff in Paragraph 64 of his Complaint. Pursuant to Fed.R.Civ.P. 8(b)(5), the allegations are denied.

65.     Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations by Plaintiff in Paragraph 65 of his Complaint. Pursuant to Fed.R.Civ.P. 8(b)(5), the allegations are denied.

66.     Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations by Plaintiff in Paragraph 66 of his Complaint. Pursuant to Fed.R.Civ.P. 8(b)(5), the allegations are denied.

67.     Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations by Plaintiff in Paragraph 67 of his Complaint. Pursuant to Fed.R.Civ.P. 8(b)(5), the allegations are denied.

68.     Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations by Plaintiff in Paragraph 68 of his Complaint. Pursuant to Fed.R.Civ.P. 8(b)(5), the allegations are denied.

69.     Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations by Plaintiff in Paragraph 69 of his Complaint. Pursuant to Fed.R.Civ.P. 8(b)(5), the allegations are denied.

70.     Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations by Plaintiff in Paragraph 70 of his Complaint. Pursuant to Fed.R.Civ.P. 8(b)(5), the allegations are denied.

71.     Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations by Plaintiff in Paragraph 71 of his Complaint. Pursuant to Fed.R.Civ.P. 8(b)(5), the allegations are denied.

72.     Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations by Plaintiff in Paragraph 72 of his Complaint. Pursuant to Fed.R.Civ.P. 8(b)(5), the allegations are denied.

73.     Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations by Plaintiff in Paragraph 73 of his Complaint. Pursuant to Fed.R.Civ.P. 8(b)(5), the allegations are denied.

74.     Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations by Plaintiff in Paragraph 74 of his Complaint. Pursuant to Fed.R.Civ.P. 8(b)(5), the allegations are denied.

75.     Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations by Plaintiff in Paragraph 75 of his Complaint. Pursuant to Fed.R.Civ.P. 8(b)(5), the allegations are denied.

76.     Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations by Plaintiff in Paragraph 76 of his Complaint. Pursuant to Fed.R.Civ.P. 8(b)(5), the allegations are denied.

77.     Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations by Plaintiff in Paragraph 77 of his Complaint. Pursuant to Fed.R.Civ.P. 8(b)(5), the allegations are denied.

78.     Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations by Plaintiff in Paragraph 78 of his Complaint. Pursuant to Fed.R.Civ.P. 8(b)(5), the allegations are denied.

79.     Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations by Plaintiff in Paragraph 79 of his Complaint. Pursuant to Fed.R.Civ.P. 8(b)(5), the allegations are denied.

80.     Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations by Plaintiff in Paragraph 80 of his Complaint. Pursuant to Fed.R.Civ.P. 8(b)(5), the allegations are denied.

81.     Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations by Plaintiff in Paragraph 81 of his Complaint. Pursuant to Fed.R.Civ.P. 8(b)(5), the allegations are denied.

82.     Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations by Plaintiff in Paragraph 82 of his Complaint. Pursuant to Fed.R.Civ.P. 8(b)(5), the allegations are denied.

83.     Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations by Plaintiff in Paragraph 83 of his Complaint. Pursuant to Fed.R.Civ.P. 8(b)(5), the allegations are denied.

84.     Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations by Plaintiff in Paragraph 84 of his Complaint. Pursuant to Fed.R.Civ.P. 8(b)(5), the allegations are denied.

85.     Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations by Plaintiff in Paragraph 85 of his Complaint. Pursuant to Fed.R.Civ.P. 8(b)(5), the allegations are denied.

86.     Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations by Plaintiff in Paragraph 86 of his Complaint. Pursuant to Fed.R.Civ.P. 8(b)(5), the allegations are denied.

87.     Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations by Plaintiff in Paragraph 87 of his Complaint. Pursuant to Fed.R.Civ.P. 8(b)(5), the allegations are denied.

88.     Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations by Plaintiff in Paragraph 88 of his Complaint. Pursuant to Fed.R.Civ.P. 8(b)(5), the allegations are denied.

89.     Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations by Plaintiff in Paragraph 89 of his Complaint. Pursuant to Fed.R.Civ.P. 8(b)(5), the allegations are denied.

90.     Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations by Plaintiff in Paragraph 90 of his Complaint. Pursuant to Fed.R.Civ.P. 8(b)(5), the allegations are denied.

91.      Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations by Plaintiff in Paragraph 91 of his Complaint. Pursuant to Fed.R.Civ.P. 8(b)(5), the allegations are denied.

92.     Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations by Plaintiff in Paragraph 92 of his Complaint. Pursuant to Fed.R.Civ.P. 8(b)(5), the allegations are denied.

93.     Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations by Plaintiff in Paragraph 93 of his Complaint. Pursuant to Fed.R.Civ.P. 8(b)(5), the allegations are denied.

94.     Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations by Plaintiff in Paragraph 94 of his Complaint. Pursuant to Fed.R.Civ.P. 8(b)(5), the allegations are denied.

95.     Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations by Plaintiff in Paragraph 94 of his Complaint. Pursuant to Fed.R.Civ.P. 8(b)(5), the allegations are denied.

96.     Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations by Plaintiff in Paragraph 96 of his Complaint. Pursuant to Fed.R.Civ.P. 8(b)(5), the allegations are denied.

97.     Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations by Plaintiff in Paragraph 97 of his Complaint. Pursuant to Fed.R.Civ.P. 8(b)(5), the allegations are denied.

98.     Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations by Plaintiff in Paragraph 98 of his Complaint. Pursuant to Fed.R.Civ.P. 8(b)(5), the allegations are denied.

99.     Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations by Plaintiff in Paragraph 99 of his Complaint. Pursuant to Fed.R.Civ.P. 8(b)(5), the allegations are denied.

100.     Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations by Plaintiff in Paragraph 100 of his Complaint. Pursuant to Fed.R.Civ.P. 8(b)(5), the allegations are denied.

101.     Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations by Plaintiff in Paragraph 101 of his Complaint. Pursuant to Fed.R.Civ.P. 8(b)(5), the allegations are denied.

102.     Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations by Plaintiff in Paragraph 102 of his Complaint. Pursuant to Fed.R.Civ.P. 8(b)(5), the allegations are denied.

103.     Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations by Plaintiff in Paragraph 103 of his Complaint. Pursuant to Fed.R.Civ.P. 8(b)(5), the allegations are denied.

104.     Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations by Plaintiff in Paragraph 104 of his Complaint. Pursuant to Fed.R.Civ.P. 8(b)(5), the allegations are denied.

105.     Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations by Plaintiff in Paragraph 105 of his Complaint. Pursuant to Fed.R.Civ.P. 8(b)(5), the allegations are denied.

106.     Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations by Plaintiff in Paragraph 106 of his Complaint. Pursuant to Fed.R.Civ.P. 8(b)(5), the allegations are denied.

107.     It is denied that the investigator is permitted to make factual and credibility determinations.  Answering Defendants lack knowledge or information sufficient to form a belief

about the truth of the remaining allegations by Plaintiff in Paragraph 107 of his Complaint. Pursuant to Fed.R.Civ.P. 8(b)(5), those allegations are denied.

108.    Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations by Plaintiff in Paragraph 108 of his Complaint. Pursuant to Fed.R.Civ.P. 8(b)(5), the allegations are denied.

109.    Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations by Plaintiff in Paragraph 109 of his Complaint. Pursuant to Fed.R.Civ.P. 8(b)(5), the allegations are denied.

110.    Denied.

111.     Admitted in part, denied in part. It is admitted that Davis is a resident of Texas and it is admitted that she performed the duties which Brown engaged Davis Consulting Group to perform at Brown's direction and using protocols established by Brown. The remaining allegations in this paragraph are denied.

112.    Admitted in part, denied in part. It is admitted that Davis Consulting Group was formed in September 2021.  It is denied that Donna Davis has limited experience investigating campus sexual misconduct cases.

113.    Admitted in part, denied in part. It is admitted that, for a period of time, Ms. Davis used her married name Davis-Reddix, but since her divorce, she has resumed using the name Davis. Ms. Davis denies the allegations in this paragraph concerning the Nimer case.[1]

---

[1] Ms. Davis is not named as a defendant in the Nimer case and the allegations were not brought to Ms. Davis's attention when they were made. They are unproven allegations and they are not facts known by Plaintiff to be true. They have no place in this Complaint.

114.     Admitted in part, denied in part. It is admitted that a disgruntled student, unhappy with the results of an investigation, wrote a blog post on Medium.com criticizing an investigation conducted by Ms. Davis. It is denied that the criticisms of the investigation were true.

115.     Admitted.

116.     Admitted in part, denied in part. It is admitted that the interview took place and that Plaintiff recorded it without Ms. Davis's knowledge or consent. The remaining allegations and characterizations are denied.

117.     Admitted.

118.     Admitted in part, denied in part.  It is admitted that the interview took place in the way described but Answering Defendants cannot affirm that the language in quotes were the precise words used by Ms. Davis because Plaintiff has not made his recording available to her.

119.     Admitted in part, denied in part. Answering Defendants admit that Plaintiff spoke and that he provided a summary but Answering Defendants can neither admit nor do they deny the precise times set forth in Paragraph 119 of Plaintiff's Complaint because she did not record the interview and Plaintiff has not made his recording available to her.

120.     Admitted in part, denied in part. Answering Defendants admit that Plaintiff spoke and that he provided a detailed description of his version of the events at issue but Answering Defendants can neither admit nor do they deny that Plaintiff used precise language set forth in Paragraph 120 of Plaintiff's Complaint because she did not record the interview and Plaintiff has not made his recording available to her.

121.     Admitted in part, denied in part. Answering Defendants admit that Plaintiff spoke and that he provided a detailed description of his version of the events at issue but Answering Defendants can neither admit nor do they deny that Plaintiff used precise language set forth in

Paragraph 121 of Plaintiff's Complaint because she did not record the interview and Plaintiff has not made his recording available to her.

122.    Admitted in part, denied in part. Answering Defendants admit that Plaintiff spoke and that he provided a detailed description of his version of the events at issue but Answering Defendants can neither admit nor do they deny that Plaintiff used the precise language set forth in Paragraph 122 of Plaintiff's Complaint because she did not record the interview and Plaintiff has not made his recording available to her.

123.    Admitted.

124.    Admitted in part, denied in part. Answering Defendants admit that Donna Davis reiterated that Plaintiff should not speak to witness and provided an explanation for why that is necessary, but Answering Defendants can neither admit nor do they deny that she used the precise language set forth in Paragraph 124 of Plaintiff's Complaint because she did not record the interview and Plaintiff has not made his recording available to her.

125.    Admitted in part, denied in part. It is admitted that the Ms. Davis approximated that the process should conclude earlier than it did. The remaining allegations and characterizations in this Paragraph are denied.

126.    Admitted in part, denied in part.  It is admitted that Plaintiff provided a supplemental statement and exhibits.  Answering Defendants can neither admit nor do they deny that the precise description of the statement and its exhibits were as alleged in Paragraph 126 of Plaintiff's Complaint.

127.    Admitted in part, denied in part. Answering Defendants admit that Plaintiff was invited to submit the names of witnesses to the events at issue.  Answering Defendants deny that

there was a necessity to speak to potential witnesses before submitting their names for the investigator to interview them.

128.     Admitted in part, denied in part.  It is admitted that Plaintiff submitted his legal team's criticisms of Jane's evidence. By way of further response, Plaintiff's observations were included in the information considered.

129.     Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations by Plaintiff in Paragraph 129 of his Complaint. Pursuant to Fed.R.Civ.P. 8(b)(5), the allegations are denied.

130.     Admitted in part, denied in part. It is admitted that Plaintiff submitted his legal team's criticisms of Jane's alleged inconsistencies. By way of further response, Plaintiff's legal team's observations were included in the information considered.

131.     Admitted in part, denied in part. It is admitted that, on February 18, Donna Davis submitted requests for further information and for clarification. The remaining allegations and characterizations are denied.

132.     Admitted in part, denied in part. It is admitted that, on February 25, Plaintiff responded to the request for more information with additional analysis from his legal team and exhibits.  The remaining allegations and characterizations are denied.

133.     Admitted in part, denied in part. It is admitted that, in his February 25, Plaintiff included an allegation that Jane was discussing the case in violation of the prohibition on doing so while the investigation was ongoing. The remaining allegations about Brown's Non-Title IX Policy are subjects over which Answering Defendants had no control and the decision about the process utilized was beyond the scope of Davis Consulting Group's engagement.

134.    Admitted in part, denied in part. It is admitted that Plaintiff submitted his legal team's voluminous comments. Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations by Plaintiff in Paragraph 134 of his Complaint. Pursuant to Fed.R.Civ.P. 8(b)(5), the remaining allegations are denied.

135.    Admitted in part, denied in part. The allegations about the time of the production of the draft report are admitted. The remaining characterizations are denied. By way of further response, Donna Davis's mother was critically ill and hospitalized unexpectedly during the period leading up to the issuance of the report and that was reported to Brown.

136.    Admitted.

137.    Admitted in part, denied in part. It is admitted that Plaintiff's legal team produced a 49 page response to the draft report. The characterizations of the Plaintiff's legal team's work are denied.

138.    Admitted in part, denied in part. It is admitted that Plaintiff's legal team produced a redlined version of the draft report and a request concerning how the materials should be organized. The remaining characterizations of Plaintiff's legal team's work are denied.

139.    Denied.

140.    Admitted in part, denied in part. The quotations from the report are admitted.  The characterizations of them are denied.

141.    Admitted in part, denied in part. The quotations from the report are admitted.  The characterizations of them are denied.

142.    Admitted in part, denied in part. The quotations from the report are admitted.  The characterizations of them are denied.

143.    Admitted in part, denied in part. The quotations from the report are admitted. The characterizations of them are denied.

144.    Denied.

145.    Denied.

146.    Denied.

147.    Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations by Plaintiff in Paragraph 147 of his Complaint. Pursuant to Fed.R.Civ.P. 8(b)(5), the allegations are denied.

148.    Denied.

149.    Denied.

150.    Denied.

151.    Denied.

152.    Admitted in part, denied in part. The quotations from the report are admitted.  The characterizations of them are denied.

153.    Admitted in part, denied in part. The quotations from the report are admitted.  The characterizations of them are denied.

154.    Denied.

155.    Denied.

156.    Denied.

157.    Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations by Plaintiff in Paragraph 157 of his Complaint. Pursuant to Fed.R.Civ.P. 8(b)(5), the allegations are denied.

158.    Denied.

159.    Denied.

160.    Admitted in part, denied in part. It is admitted that Plaintiff sought the full uninterrupted recording, and it is admitted that Answering Defendants obtained and provided it to him. The remaining allegations and characterizations in this paragraph are denied.

161.    Denied.

162.    Denied.

163.    Denied as characterized.  The full 6 minute tape and the parts of it highlighted by Plaintiff's legal team were submitted to the hearing panel.

164.    Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations by Plaintiff in Paragraph 164 of his Complaint. Pursuant to Fed.R.Civ.P. 8(b)(5), the allegations are denied.

165.    Admitted in part, denied in part. It is admitted that photographs provided by Jane accompanied the draft investigation report.  It is further admitted that Plaintiff submitted to medical reports from forensic pathologists his legal team engaged to solicit opinions. The remaining allegations in Paragraph 20 of Plaintiff's Complaint are denied as follows. Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation that the forensic pathologists engaged by Plaintiff's legal team reached their conclusions independently. Answering Defendants deny that they were responsible for the decision to exclude the medical reports from the record. Answering Defendants lack knowledge or information to form a belief about the truth of the allegations about the testimony at the hearing.

166.    Admitted in part, denied in part. It is admitted that photographs provided by Jane accompanied the draft investigation report.  It is further admitted that Plaintiff submitted to

medical reports from forensic pathologists his legal team engaged to solicit opinions. The remaining allegations in Paragraph 20 of Plaintiff's Complaint are denied as follows. Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation that the forensic pathologists engaged by Plaintiff's legal team reached their conclusions independently. Answering Defendants deny that they were responsible for the decision to exclude the medical reports from the record. Answering Defendants lack knowledge or information to form a belief about the truth of the allegations about the testimony at the hearing.

167.    Admitted in part, denied in part. It is admitted that photographs provided by Jane accompanied the draft investigation report.  It is further admitted that Plaintiff submitted to medical reports from forensic pathologists his legal team engaged to solicit opinions. The remaining allegations in Paragraph 20 of Plaintiff's Complaint are denied as follows. Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation that the forensic pathologists engaged by Plaintiff's legal team reached their conclusions independently. Answering Defendants deny that they were responsible for the decision to exclude the medical reports from the record. Answering Defendants lack knowledge or information to form a belief about the truth of the allegations about the testimony at the hearing.

168.    Admitted in part, denied in part. It is admitted that photographs provided by Jane accompanied the draft investigation report.  It is further admitted that Plaintiff submitted to medical reports from forensic pathologists his legal team engaged to solicit opinions. The remaining allegations in Paragraph 20 of Plaintiff's Complaint are denied as follows. Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the

allegation that the forensic pathologists engaged by Plaintiff's legal team reached their conclusions independently. Answering Defendants deny that they were responsible for the decision to exclude the medical reports from the record. Answering Defendants lack knowledge or information to form a belief about the truth of the allegations about the testimony at the hearing.

169.    Denied.

170.    Denied.

171.    Denied.

172.    Denied.[2]

173.    Denied.

174.    Denied.

175.    Denied.

176.    Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations by Plaintiff in Paragraph 176 of his Complaint. Pursuant to Fed.R.Civ.P. 8(b)(5), the allegations are denied.

177.    Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations by Plaintiff in Paragraph 177 of his Complaint. Pursuant to Fed.R.Civ.P. 8(b)(5), the allegations are denied.

178.    Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations by Plaintiff in Paragraph 178 of his Complaint. Pursuant to Fed.R.Civ.P. 8(b)(5), the allegations are denied.

---

[2] The allegations in this Paragraph appear to suggest the Jane was sexually promiscuous, wore provocative clothing and was therefore more likely to have consented to sex with Plaintiff. These allegations have no place in Plaintiff's Complaint. Indeed, evidence supporting these irrelevant allegations would be excluded if Plaintiff were to attempt to introduce it at trial pursuant to Fed. R. Evid. 412.

179.    It is denied that the investigator made relevance determinations. Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations by Plaintiff in Paragraph 179 of his Complaint. Pursuant to Fed.R.Civ.P. 8(b)(5), the remaining allegations are denied.

180.    Denied.

181.    Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations by Plaintiff in Paragraph 181 of his Complaint. Pursuant to Fed.R.Civ.P. 8(b)(5), the allegations are denied.

182.    Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations by Plaintiff in Paragraph 182 of his Complaint. Pursuant to Fed.R.Civ.P. 8(b)(5), the allegations are denied.

183.    Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations by Plaintiff in Paragraph 183 of his Complaint. Pursuant to Fed.R.Civ.P. 8(b)(5), the allegations are denied.

184.    Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations by Plaintiff in Paragraph 184 of his Complaint. Pursuant to Fed.R.Civ.P. 8(b)(5), the allegations are denied.

185.    Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations by Plaintiff in Paragraph 185 of his Complaint. Pursuant to Fed.R.Civ.P. 8(b)(5), the allegations are denied.

186.    Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations by Plaintiff in Paragraph 186 of his Complaint. Pursuant to Fed.R.Civ.P. 8(b)(5), the allegations are denied.

187.    Denied. The investigator did not, and was not asked to conduct a credibility analysis.

188.    Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations by Plaintiff in Paragraph 188 of his Complaint. Pursuant to Fed.R.Civ.P. 8(b)(5), the allegations are denied.

189.    Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations by Plaintiff in Paragraph 189 of his Complaint. Pursuant to Fed.R.Civ.P. 8(b)(5), the allegations are denied.

190.    Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations by Plaintiff in Paragraph 190 of his Complaint. Pursuant to Fed.R.Civ.P. 8(b)(5), the allegations are denied.

191.    Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations by Plaintiff in Paragraph 191 of his Complaint. Pursuant to Fed.R.Civ.P. 8(b)(5), the allegations are denied.

192.    Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations by Plaintiff in Paragraph 192 of his Complaint. Pursuant to Fed.R.Civ.P. 8(b)(5), the allegations are denied.

193.    Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations by Plaintiff in Paragraph 193 of his Complaint. Pursuant to Fed.R.Civ.P. 8(b)(5), the allegations are denied.

194.    Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations by Plaintiff in Paragraph 194 of his Complaint. Pursuant to Fed.R.Civ.P. 8(b)(5), the allegations are denied.

195.     Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations by Plaintiff in Paragraph 195 of his Complaint. Pursuant to Fed.R.Civ.P. 8(b)(5), the allegations are denied.

196.     Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations by Plaintiff in Paragraph 196 of his Complaint. Pursuant to Fed.R.Civ.P. 8(b)(5), the allegations are denied.

197.     Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations by Plaintiff in Paragraph 197 of his Complaint. Pursuant to Fed.R.Civ.P. 8(b)(5), the allegations are denied.

198.     Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations by Plaintiff in Paragraph 198 of his Complaint. Pursuant to Fed.R.Civ.P. 8(b)(5), the allegations are denied.

199.     Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations by Plaintiff in Paragraph 199 of his Complaint. Pursuant to Fed.R.Civ.P. 8(b)(5), the allegations are denied.

200.     Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations by Plaintiff in Paragraph 200 of his Complaint. Pursuant to Fed.R.Civ.P. 8(b)(5), the allegations are denied.

201.     Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations by Plaintiff in Paragraph 201 of his Complaint. Pursuant to Fed.R.Civ.P. 8(b)(5), the allegations are denied.

202.    Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations by Plaintiff in Paragraph 202 of his Complaint. Pursuant to Fed.R.Civ.P. 8(b)(5), the allegations are denied.

203.    Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations by Plaintiff in Paragraph 203 of his Complaint. Pursuant to Fed.R.Civ.P. 8(b)(5), the allegations are denied.

204.    Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations by Plaintiff in Paragraph 204 of his Complaint. Pursuant to Fed.R.Civ.P. 8(b)(5), the allegations are denied.

205.    Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations by Plaintiff in Paragraph 205 of his Complaint. Pursuant to Fed.R.Civ.P. 8(b)(5), the allegations are denied.

206.    Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations by Plaintiff in Paragraph 206 of his Complaint. Pursuant to Fed.R.Civ.P. 8(b)(5), the allegations are denied.

207.    Denied.

208.    Denied.

209.    Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations by Plaintiff in Paragraph 209 of his Complaint. Pursuant to Fed.R.Civ.P. 8(b)(5), the allegations are denied.

210.    Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations by Plaintiff in Paragraph 210 of his Complaint. Pursuant to Fed.R.Civ.P. 8(b)(5), the allegations are denied.

211.    Denied.

212.    Denied.

213.    Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations by Plaintiff in Paragraph 213 of his Complaint. Pursuant to Fed.R.Civ.P. 8(b)(5), the allegations are denied.

214.    Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations by Plaintiff in Paragraph 214 of his Complaint. Pursuant to Fed.R.Civ.P. 8(b)(5), the allegations are denied.

215.    Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations by Plaintiff in Paragraph 215 of his Complaint. Pursuant to Fed.R.Civ.P. 8(b)(5), the allegations are denied.

216.    Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations by Plaintiff in Paragraph 216 of his Complaint. Pursuant to Fed.R.Civ.P. 8(b)(5), the allegations are denied.

217.    Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations by Plaintiff in Paragraph 217 of his Complaint. Pursuant to Fed.R.Civ.P. 8(b)(5), the allegations are denied.

218.    Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations by Plaintiff in Paragraph 218 of his Complaint. Pursuant to Fed.R.Civ.P. 8(b)(5), the allegations are denied.

219.    Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations by Plaintiff in Paragraph 219 of his Complaint. Pursuant to Fed.R.Civ.P. 8(b)(5), the allegations are denied.

220.    Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations by Plaintiff in Paragraph 220 of his Complaint. Pursuant to Fed.R.Civ.P. 8(b)(5), the allegations are denied.

221.    Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations by Plaintiff in Paragraph 221 of his Complaint. Pursuant to Fed.R.Civ.P. 8(b)(5), the allegations are denied.

222.    Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations by Plaintiff in Paragraph 222 of his Complaint. Pursuant to Fed.R.Civ.P. 8(b)(5), the allegations are denied.

223.    Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations by Plaintiff in Paragraph 223 of his Complaint. Pursuant to Fed.R.Civ.P. 8(b)(5), the allegations are denied.

224.    Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations by Plaintiff in Paragraph 224 of his Complaint. Pursuant to Fed.R.Civ.P. 8(b)(5), the allegations are denied.

225.    Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations by Plaintiff in Paragraph 225 of his Complaint. Pursuant to Fed.R.Civ.P. 8(b)(5), the allegations are denied.

226.    Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations by Plaintiff in Paragraph 226 of his Complaint. Pursuant to Fed.R.Civ.P. 8(b)(5), the allegations are denied.

227.     Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations by Plaintiff in Paragraph 227 of his Complaint. Pursuant to Fed.R.Civ.P. 8(b)(5), the allegations are denied.

228.     Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations by Plaintiff in Paragraph 228 of his Complaint. Pursuant to Fed.R.Civ.P. 8(b)(5), the allegations are denied.

229.     Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations by Plaintiff in Paragraph 229 of his Complaint. Pursuant to Fed.R.Civ.P. 8(b)(5), the allegations are denied.

230.     Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations by Plaintiff in Paragraph 230 of his Complaint. Pursuant to Fed.R.Civ.P. 8(b)(5), the allegations are denied.

231.     Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations by Plaintiff in Paragraph 231 of his Complaint. Pursuant to Fed.R.Civ.P. 8(b)(5), the allegations are denied.

232.     Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations by Plaintiff in Paragraph 232 of his Complaint. Pursuant to Fed.R.Civ.P. 8(b)(5), the allegations are denied.

233.     Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations by Plaintiff in Paragraph 233 of his Complaint. Pursuant to Fed.R.Civ.P. 8(b)(5), the allegations are denied.

234.    Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations by Plaintiff in Paragraph 234 of his Complaint. Pursuant to Fed.R.Civ.P. 8(b)(5), the allegations are denied.

235.    Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations by Plaintiff in Paragraph 235 of his Complaint. Pursuant to Fed.R.Civ.P. 8(b)(5), the allegations are denied.

236.    Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations by Plaintiff in Paragraph 236 of his Complaint. Pursuant to Fed.R.Civ.P. 8(b)(5), the allegations are denied.

237.    Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations by Plaintiff in Paragraph 237 of his Complaint. Pursuant to Fed.R.Civ.P. 8(b)(5), the allegations are denied.

238.    Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations by Plaintiff in Paragraph 238 of his Complaint. Pursuant to Fed.R.Civ.P. 8(b)(5), the allegations are denied.

239.    Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations by Plaintiff in Paragraph 239 of his Complaint. Pursuant to Fed.R.Civ.P. 8(b)(5), the allegations are denied.

240.    Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations by Plaintiff in Paragraph 240 of his Complaint. Pursuant to Fed.R.Civ.P. 8(b)(5), the allegations are denied.

241.    Denied.

242.    Denied.

243.     Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations by Plaintiff in Paragraph 243 of his Complaint. Pursuant to Fed.R.Civ.P. 8(b)(5), the allegations are denied.

244.     Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations by Plaintiff in Paragraph 244 of his Complaint. Pursuant to Fed.R.Civ.P. 8(b)(5), the allegations are denied.

245.     Denied.

246.     Denied.

## COUNT I
## BREACH OF CONTRACT
### Against Brown University

247.     Answering Defendants repeat and re-aver the allegations in each and every paragraph above as if fully set forth herein.

248.     Denied. The allegations in Paragraph 248 state conclusions of law to which no responsive pleading is required. To the extent that a response is deemed to be required, the allegations in Paragraph 248 are denied.

249.     Denied. The allegations in Paragraph 249 state conclusions of law to which no responsive pleading is required. To the extent that a response is deemed to be required, the allegations in Paragraph 249 are denied.

250.     Denied. The allegations in Paragraph 250 state conclusions of law to which no responsive pleading is required. To the extent that a response is deemed to be required, the allegations in Paragraph 250 are denied.

251.     Denied. The allegations in Paragraph 251 state conclusions of law to which no responsive pleading is required. To the extent that a response is deemed to be required, the allegations in Paragraph 251 are denied.

252.     Denied. The allegations in Paragraph 252 state conclusions of law to which no responsive pleading is required. To the extent that a response is deemed to be required, the allegations in Paragraph 252 are denied.

253.     Denied. The allegations in Paragraph 253 state conclusions of law to which no responsive pleading is required. To the extent that a response is deemed to be required, the allegations in Paragraph 253 are denied.

254.     Denied. The allegations in Paragraph 254 state conclusions of law to which no responsive pleading is required. To the extent that a response is deemed to be required, the allegations in Paragraph 254 are denied.

255.     Denied. The allegations in Paragraph 255 state conclusions of law to which no responsive pleading is required. To the extent that a response is deemed to be required, the allegations in Paragraph 255 are denied.

256.     Denied. The allegations in Paragraph 256 state conclusions of law to which no responsive pleading is required. To the extent that a response is deemed to be required, the allegations in Paragraph 256 are denied.

257.     Denied. The allegations in Paragraph 257 state conclusions of law to which no responsive pleading is required. To the extent that a response is deemed to be required, the allegations in Paragraph 257 are denied.

258.     Denied. The allegations in Paragraph 258 state conclusions of law to which no responsive pleading is required. To the extent that a response is deemed to be required, the allegations in Paragraph 258 are denied.

259.     Denied. The allegations in Paragraph 259 state conclusions of law to which no responsive pleading is required. To the extent that a response is deemed to be required, the allegations in Paragraph 259 are denied.

260.     Denied. The allegations in Paragraph 260 state conclusions of law to which no responsive pleading is required. To the extent that a response is deemed to be required, the allegations in Paragraph 260 are denied.

**COUNT II**
**DISCRIMINATION IN VIOLATION OF TITLE IX OF THE EDUCATION**
**AMENDMENTS OF 1972, 20 U.S.C. § 1681 *et seq.***
**Against Brown University**

261.     Answering Defendants repeat and re-aver the allegations in each and every paragraph above as if fully set forth herein.

262.     Denied. The allegations in Paragraph 262 state conclusions of law to which no responsive pleading is required. To the extent that a response is deemed to be required, the allegations in Paragraph 262 are denied.

263.     Denied. The allegations in Paragraph 263 state conclusions of law to which no responsive pleading is required. To the extent that a response is deemed to be required, the allegations in Paragraph 263 are denied.

264.     Denied. The allegations in Paragraph 264 state conclusions of law to which no responsive pleading is required. To the extent that a response is deemed to be required, the allegations in Paragraph 264 are denied.

265.    Denied. The allegations in Paragraph 265 state conclusions of law to which no responsive pleading is required. To the extent that a response is deemed to be required, the allegations in Paragraph 265 are denied.

266.    Denied. The allegations in Paragraph 266 state conclusions of law to which no responsive pleading is required. To the extent that a response is deemed to be required, the allegations in Paragraph 266 are denied.

267.    Denied. The allegations in Paragraph 267 state conclusions of law to which no responsive pleading is required. To the extent that a response is deemed to be required, the allegations in Paragraph 267 are denied.

268.    Denied. The allegations in Paragraph 268 state conclusions of law to which no responsive pleading is required. To the extent that a response is deemed to be required, the allegations in Paragraph 268 are denied.

269.    Denied. The allegations in Paragraph 269 state conclusions of law to which no responsive pleading is required. To the extent that a response is deemed to be required, the allegations in Paragraph 269 are denied.

270.    Denied. The allegations in Paragraph 270 state conclusions of law to which no responsive pleading is required. To the extent that a response is deemed to be required, the allegations in Paragraph 270 are denied.

271.    Denied. The allegations in Paragraph 271 state conclusions of law to which no responsive pleading is required. To the extent that a response is deemed to be required, the allegations in Paragraph 271 are denied.

272.    Denied. The allegations in Paragraph 272 state conclusions of law to which no responsive pleading is required. To the extent that a response is deemed to be required, the allegations in Paragraph 272 are denied.

273.    Denied. The allegations in Paragraph 273 state conclusions of law to which no responsive pleading is required. To the extent that a response is deemed to be required, the allegations in Paragraph 273 are denied.

274.    Denied. The allegations in Paragraph 274 state conclusions of law to which no responsive pleading is required. To the extent that a response is deemed to be required, the allegations in Paragraph 274 are denied.

275.    Denied. The allegations in Paragraph 275 state conclusions of law to which no responsive pleading is required. To the extent that a response is deemed to be required, the allegations in Paragraph 275 are denied.

276.    Denied. The allegations in Paragraph 276 state conclusions of law to which no responsive pleading is required. To the extent that a response is deemed to be required, the allegations in Paragraph 276 are denied.

277.    Denied. The allegations in Paragraph 277 state conclusions of law to which no responsive pleading is required. To the extent that a response is deemed to be required, the allegations in Paragraph 277 are denied.

278.    Denied. The allegations in Paragraph 278 state conclusions of law to which no responsive pleading is required. To the extent that a response is deemed to be required, the allegations in Paragraph 278 are denied.

279.    Denied. The allegations in Paragraph 279 state conclusions of law to which no responsive pleading is required. To the extent that a response is deemed to be required, the allegations in Paragraph 279 are denied.

280.    Denied. The allegations in Paragraph 280 state conclusions of law to which no responsive pleading is required. To the extent that a response is deemed to be required, the allegations in Paragraph 280 are denied.

281.    Denied. The allegations in Paragraph 281 state conclusions of law to which no responsive pleading is required. To the extent that a response is deemed to be required, the allegations in Paragraph 281 are denied.

282.    Denied. The allegations in Paragraph 282 state conclusions of law to which no responsive pleading is required. To the extent that a response is deemed to be required, the allegations in Paragraph 282 are denied.

283.    Denied. The allegations in Paragraph 283 state conclusions of law to which no responsive pleading is required. To the extent that a response is deemed to be required, the allegations in Paragraph 283 are denied.

284.    Denied. The allegations in Paragraph 284 state conclusions of law to which no responsive pleading is required. To the extent that a response is deemed to be required, the allegations in Paragraph 284 are denied.

285.    Denied. The allegations in Paragraph 285 state conclusions of law to which no responsive pleading is required. To the extent that a response is deemed to be required, the allegations in Paragraph 285 are denied.

286.     Denied. The allegations in Paragraph 286 state conclusions of law to which no responsive pleading is required. To the extent that a response is deemed to be required, the allegations in Paragraph 286 are denied.

287.     Denied. The allegations in Paragraph 287 state conclusions of law to which no responsive pleading is required. To the extent that a response is deemed to be required, the allegations in Paragraph 287 are denied.

288.     Denied. The allegations in Paragraph 288 state conclusions of law to which no responsive pleading is required. To the extent that a response is deemed to be required, the allegations in Paragraph 288 are denied.

289.     Denied. The allegations in Paragraph 289 state conclusions of law to which no responsive pleading is required. To the extent that a response is deemed to be required, the allegations in Paragraph 289 are denied.

290.     Denied. The allegations in Paragraph 290 state conclusions of law to which no responsive pleading is required. To the extent that a response is deemed to be required, the allegations in Paragraph 290 are denied.

291.     Denied. The allegations in Paragraph 291 state conclusions of law to which no responsive pleading is required. To the extent that a response is deemed to be required, the allegations in Paragraph 291 are denied.

292.     Denied. The allegations in Paragraph 292 state conclusions of law to which no responsive pleading is required. To the extent that a response is deemed to be required, the allegations in Paragraph 292 are denied.

293.     Denied. The allegations in Paragraph 293 state conclusions of law to which no responsive pleading is required. To the extent that a response is deemed to be required, the allegations in Paragraph 293 are denied.

294.     Denied. The allegations in Paragraph 294 state conclusions of law to which no responsive pleading is required. To the extent that a response is deemed to be required, the allegations in Paragraph 294 are denied.

295.     Denied. The allegations in Paragraph 295 state conclusions of law to which no responsive pleading is required. To the extent that a response is deemed to be required, the allegations in Paragraph 295 are denied.

296.     Denied. The allegations in Paragraph 296 state conclusions of law to which no responsive pleading is required. To the extent that a response is deemed to be required, the allegations in Paragraph 296 are denied.

297.     Denied. The allegations in Paragraph 297 state conclusions of law to which no responsive pleading is required. To the extent that a response is deemed to be required, the allegations in Paragraph 297 are denied.

298.     Denied. The allegations in Paragraph 298 state conclusions of law to which no responsive pleading is required. To the extent that a response is deemed to be required, the allegations in Paragraph 298 are denied.

299.     Denied. The allegations in Paragraph 299 state conclusions of law to which no responsive pleading is required. To the extent that a response is deemed to be required, the allegations in Paragraph 299 are denied.

300.     Denied. The allegations in Paragraph 300 state conclusions of law to which no responsive pleading is required. To the extent that a response is deemed to be required, the allegations in Paragraph 300 are denied.

301.     Denied. The allegations in Paragraph 301 state conclusions of law to which no responsive pleading is required. To the extent that a response is deemed to be required, the allegations in Paragraph 301 are denied.

302.     Denied. The allegations in Paragraph 302 state conclusions of law to which no responsive pleading is required. To the extent that a response is deemed to be required, the allegations in Paragraph 302 are denied.

303.     Denied. The allegations in Paragraph 303 state conclusions of law to which no responsive pleading is required. To the extent that a response is deemed to be required, the allegations in Paragraph 303 are denied.

304.     Denied. The allegations in Paragraph 304 state conclusions of law to which no responsive pleading is required. To the extent that a response is deemed to be required, the allegations in Paragraph 304 are denied.

305.     Denied. The allegations in Paragraph 305 state conclusions of law to which no responsive pleading is required. To the extent that a response is deemed to be required, the allegations in Paragraph 305 are denied.

306.     Denied. The allegations in Paragraph 306 state conclusions of law to which no responsive pleading is required. To the extent that a response is deemed to be required, the allegations in Paragraph 306 are denied.

307.    Denied. The allegations in Paragraph 307 state conclusions of law to which no responsive pleading is required. To the extent that a response is deemed to be required, the allegations in Paragraph 307 are denied.

308.    Denied. The allegations in Paragraph 308 state conclusions of law to which no responsive pleading is required. To the extent that a response is deemed to be required, the allegations in Paragraph 308 are denied.

309.    Denied. The allegations in Paragraph 309 state conclusions of law to which no responsive pleading is required. To the extent that a response is deemed to be required, the allegations in Paragraph 309 are denied.

310.    Denied. The allegations in Paragraph 310 state conclusions of law to which no responsive pleading is required. To the extent that a response is deemed to be required, the allegations in Paragraph 310 are denied.

311.    Denied. The allegations in Paragraph 311 state conclusions of law to which no responsive pleading is required. To the extent that a response is deemed to be required, the allegations in Paragraph 311 are denied.

312.    Denied. The allegations in Paragraph 312 state conclusions of law to which no responsive pleading is required. To the extent that a response is deemed to be required, the allegations in Paragraph 312 are denied.

313.    Denied. The allegations in Paragraph 313 state conclusions of law to which no responsive pleading is required. To the extent that a response is deemed to be required, the allegations in Paragraph 313 are denied.

314.    Denied. The allegations in Paragraph 314 state conclusions of law to which no responsive pleading is required. To the extent that a response is deemed to be required, the allegations in Paragraph 314 are denied.

315.    Denied. The allegations in Paragraph 315 state conclusions of law to which no responsive pleading is required. To the extent that a response is deemed to be required, the allegations in Paragraph 315 are denied.

316.    Denied. The allegations in Paragraph 316 state conclusions of law to which no responsive pleading is required. To the extent that a response is deemed to be required, the allegations in Paragraph 316 are denied.

317.    Denied. The allegations in Paragraph 317 state conclusions of law to which no responsive pleading is required. To the extent that a response is deemed to be required, the allegations in Paragraph 317 are denied.

318.    Denied. The allegations in Paragraph 318 state conclusions of law to which no responsive pleading is required. To the extent that a response is deemed to be required, the allegations in Paragraph 318 are denied.

319.    Denied. The allegations in Paragraph 319 state conclusions of law to which no responsive pleading is required. To the extent that a response is deemed to be required, the allegations in Paragraph 319 are denied.

320.    Denied. The allegations in Paragraph 320 state conclusions of law to which no responsive pleading is required. To the extent that a response is deemed to be required, the allegations in Paragraph 320 are denied.

321.    Denied. The allegations in Paragraph 321 state conclusions of law to which no responsive pleading is required. To the extent that a response is deemed to be required, the allegations in Paragraph 321 are denied.

322.    Denied. The allegations in Paragraph 322 state conclusions of law to which no responsive pleading is required. To the extent that a response is deemed to be required, the allegations in Paragraph 322 are denied.

323.    Denied. The allegations in Paragraph 323 state conclusions of law to which no responsive pleading is required. To the extent that a response is deemed to be required, the allegations in Paragraph 323 are denied.

324.    Denied. The allegations in Paragraph 324 state conclusions of law to which no responsive pleading is required. To the extent that a response is deemed to be required, the allegations in Paragraph 324 are denied.

325.    Denied. The allegations in Paragraph 325 state conclusions of law to which no responsive pleading is required. To the extent that a response is deemed to be required, the allegations in Paragraph 325 are denied.

326.    Denied. The allegations in Paragraph 326 state conclusions of law to which no responsive pleading is required. To the extent that a response is deemed to be required, the allegations in Paragraph 326 are denied.

327.    Denied. The allegations in Paragraph 327 state conclusions of law to which no responsive pleading is required. To the extent that a response is deemed to be required, the allegations in Paragraph 327 are denied.

328.     Denied. The allegations in Paragraph 328 state conclusions of law to which no responsive pleading is required. To the extent that a response is deemed to be required, the allegations in Paragraph 328 are denied.

329.     Denied. The allegations in Paragraph 329 state conclusions of law to which no responsive pleading is required. To the extent that a response is deemed to be required, the allegations in Paragraph 329 are denied.

330.     Denied. The allegations in Paragraph 330 state conclusions of law to which no responsive pleading is required. To the extent that a response is deemed to be required, the allegations in Paragraph 330 are denied.

331.     Denied. The allegations in Paragraph 331 state conclusions of law to which no responsive pleading is required. To the extent that a response is deemed to be required, the allegations in Paragraph 331 are denied.

332.     Denied. The allegations in Paragraph 332 state conclusions of law to which no responsive pleading is required. To the extent that a response is deemed to be required, the allegations in Paragraph 332 are denied.

333.     Denied. The allegations in Paragraph 333 state conclusions of law to which no responsive pleading is required. To the extent that a response is deemed to be required, the allegations in Paragraph 333 are denied.

334.     Denied. The allegations in Paragraph 334 state conclusions of law to which no responsive pleading is required. To the extent that a response is deemed to be required, the allegations in Paragraph 334 are denied.

335.     Denied. The allegations in Paragraph 335 state conclusions of law to which no responsive pleading is required. To the extent that a response is deemed to be required, the allegations in Paragraph 335 are denied.

336.     Denied. The allegations in Paragraph 336 state conclusions of law to which no responsive pleading is required. To the extent that a response is deemed to be required, the allegations in Paragraph 336 are denied.

337.     Denied. The allegations in Paragraph 337 state conclusions of law to which no responsive pleading is required. To the extent that a response is deemed to be required, the allegations in Paragraph 337 are denied.

338.     Denied. The allegations in Paragraph 338 state conclusions of law to which no responsive pleading is required. To the extent that a response is deemed to be required, the allegations in Paragraph 338 are denied.

339.     Denied. The allegations in Paragraph 339 state conclusions of law to which no responsive pleading is required. To the extent that a response is deemed to be required, the allegations in Paragraph 339 are denied.

340.     Denied. The allegations in Paragraph 340 state conclusions of law to which no responsive pleading is required. To the extent that a response is deemed to be required, the allegations in Paragraph 340 are denied.

341.     Denied. The allegations in Paragraph 341 state conclusions of law to which no responsive pleading is required. To the extent that a response is deemed to be required, the allegations in Paragraph 341 are denied.

342.    Denied. The allegations in Paragraph 342 state conclusions of law to which no responsive pleading is required. To the extent that a response is deemed to be required, the allegations in Paragraph 322 are denied.

343.    Denied. The allegations in Paragraph 343 state conclusions of law to which no responsive pleading is required. To the extent that a response is deemed to be required, the allegations in Paragraph 343 are denied.

## COUNT III
## NEGLIGENT HIRING AND SUPERVISION
### Against Brown University

344.    Answering Defendants repeat and re-aver the allegations in each and every paragraph above as if fully set forth herein.

345.    Denied. The allegations in Paragraph 345 state conclusions of law to which no responsive pleading is required. To the extent that a response is deemed to be required, the allegations in Paragraph 345 are denied.

346.    Denied. The allegations in Paragraph 346 state conclusions of law to which no responsive pleading is required. To the extent that a response is deemed to be required, the allegations in Paragraph 346 are denied.

347.    Denied. The allegations in Paragraph 347 state conclusions of law to which no responsive pleading is required. To the extent that a response is deemed to be required, the allegations in Paragraph 347 are denied.

348.    Denied. The allegations in Paragraph 348 state conclusions of law to which no responsive pleading is required. To the extent that a response is deemed to be required, the allegations in Paragraph 348 are denied.

349.    Denied.

350.     Denied.

351.     Denied. The allegations in Paragraph 351 state conclusions of law to which no responsive pleading is required. To the extent that a response is deemed to be required, the allegations in Paragraph 351 are denied.

**COUNT IV**
**VIOLATIONS OF THE RHODE ISLAND UNFAIR TRADE PRACTICES**
**AND CONSUMER PROTECTION ACT**
**Against Brown University**

352.     Answering Defendants repeat and re-aver the allegations in each and every paragraph above as if fully set forth herein.

353.     Denied. The allegations in Paragraph 353 state conclusions of law to which no responsive pleading is required. To the extent that a response is deemed to be required, the allegations in Paragraph 353 are denied.

354.     Denied. The allegations in Paragraph 354 state conclusions of law to which no responsive pleading is required. To the extent that a response is deemed to be required, the allegations in Paragraph 354 are denied.

355.     Denied. The allegations in Paragraph 355 state conclusions of law to which no responsive pleading is required. To the extent that a response is deemed to be required, the allegations in Paragraph 355 are denied.

356.     Denied. The allegations in Paragraph 356 state conclusions of law to which no responsive pleading is required. To the extent that a response is deemed to be required, the allegations in Paragraph 356 are denied.

357.     Denied. The allegations in Paragraph 357 state conclusions of law to which no responsive pleading is required. To the extent that a response is deemed to be required, the allegations in Paragraph 357 are denied.

358.    Denied. The allegations in Paragraph 358 state conclusions of law to which no responsive pleading is required. To the extent that a response is deemed to be required, the allegations in Paragraph 358 are denied.

359.    Denied. The allegations in Paragraph 359 state conclusions of law to which no responsive pleading is required. To the extent that a response is deemed to be required, the allegations in Paragraph 359 are denied.

360.    Denied. The allegations in Paragraph 360 state conclusions of law to which no responsive pleading is required. To the extent that a response is deemed to be required, the allegations in Paragraph 360 are denied.

361.    Denied.

362.    Denied. The allegations in Paragraph 362 state conclusions of law to which no responsive pleading is required. To the extent that a response is deemed to be required, the allegations in Paragraph 362 are denied.

**COUNT V**
**NEGLIGENCE**
**Against Brown University, Donna Davis and Davis Consulting Group, LLC**

363.    Answering Defendants repeat and re-aver the allegations in each and every paragraph above as if fully set forth herein.

364.    Admitted in part, denied in part. It is admitted that Answering Defendants performed the duties which Brown engaged Davis Consulting Group to perform at Brown's direction and using protocols established by Brown. The remaining allegations and characterizations in this paragraph are denied.

365.     Denied. The allegations in Paragraph 365 state conclusions of law to which no responsive pleading is required. To the extent that a response is deemed to be required, the allegations in Paragraph 365 are denied.

366.     Denied. The allegations in Paragraph 366 state conclusions of law to which no responsive pleading is required. To the extent that a response is deemed to be required, the allegations in Paragraph 366 are denied.

367.     Denied. The allegations in Paragraph 367 state conclusions of law to which no responsive pleading is required. To the extent that a response is deemed to be required, the allegations in Paragraph 367 are denied.

368.     Denied. The allegations in Paragraph 368 state conclusions of law to which no responsive pleading is required. To the extent that a response is deemed to be required, the allegations in Paragraph 368 are denied.

369.     Denied. The allegations in Paragraph 369 state conclusions of law to which no responsive pleading is required. To the extent that a response is deemed to be required, the allegations in Paragraph 369 are denied.

## <u>COUNT VI</u>
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### Against Brown University, Donna Davis and Davis Consulting Group, LLC

370.     Answering Defendants repeat and re-aver the allegations in each and every paragraph above as if fully set forth herein.

371.     Denied. The allegations in Paragraph 371 state conclusions of law to which no responsive pleading is required. To the extent that a response is deemed to be required, the allegations in Paragraph 371 are denied.

372.     Denied. The allegations in Paragraph 372 state conclusions of law to which no responsive pleading is required. To the extent that a response is deemed to be required, the allegations in Paragraph 372 are denied.

373.     Denied. The allegations in Paragraph 373 state conclusions of law to which no responsive pleading is required. To the extent that a response is deemed to be required, the allegations in Paragraph 373 are denied.

374.     Denied. The allegations in Paragraph 374 state conclusions of law to which no responsive pleading is required. To the extent that a response is deemed to be required, the allegations in Paragraph 374 are denied.

375.     Denied. The allegations in Paragraph 375 state conclusions of law to which no responsive pleading is required. To the extent that a response is deemed to be required, the allegations in Paragraph 375 are denied.

376.     Denied. The allegations in Paragraph 376 state conclusions of law to which no responsive pleading is required. To the extent that a response is deemed to be required, the allegations in Paragraph 376 are denied.

## COUNT VII
### TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONS
### Against Donna Davis and Davis Consulting Group, LLC

377.     Answering Defendants repeat and re-aver the allegations in each and every paragraph above as if fully set forth herein.

378.     Denied. The allegations in Paragraph 378 state conclusions of law to which no responsive pleading is required. To the extent that a response is deemed to be required, the allegations in Paragraph 378 are denied.

379.    Denied. The allegations in Paragraph 379 state conclusions of law to which no responsive pleading is required. To the extent that a response is deemed to be required, the allegations in Paragraph 379 are denied.

380.    Denied. The allegations in Paragraph 380 state conclusions of law to which no responsive pleading is required. To the extent that a response is deemed to be required, the allegations in Paragraph 380 are denied.

381.    Denied. The allegations in Paragraph 381 state conclusions of law to which no responsive pleading is required. To the extent that a response is deemed to be required, the allegations in Paragraph 381 are denied.

382.    Denied. The allegations in Paragraph 382 state conclusions of law to which no responsive pleading is required. To the extent that a response is deemed to be required, the allegations in Paragraph 382 are denied.

383.    Denied. The allegations in Paragraph 383 state conclusions of law to which no responsive pleading is required. To the extent that a response is deemed to be required, the allegations in Paragraph 383 are denied.

384.    Denied. The allegations in Paragraph 384 state conclusions of law to which no responsive pleading is required. To the extent that a response is deemed to be required, the allegations in Paragraph 384 are denied.

385.    Denied. The allegations in Paragraph 385 state conclusions of law to which no responsive pleading is required. To the extent that a response is deemed to be required, the allegations in Paragraph 385 are denied.

386.    Denied. The allegations in Paragraph 386 state conclusions of law to which no responsive pleading is required. To the extent that a response is deemed to be required, the allegations in Paragraph 386 are denied.

387.    Denied. The allegations in Paragraph 387 state conclusions of law to which no responsive pleading is required. To the extent that a response is deemed to be required, the allegations in Paragraph 387 are denied.

WHEREFORE, for the foregoing reasons and as more fully set forth in Answering Defendants' Affirmative Defenses, Plaintiff is entitled to none of the relief he seeks, and judgment must be entered in favor of Answering Defendants and against Plaintiff.

## AFFIRMATIVE DEFENSES

1.    Donna Davis is not liable individually because she was an agent of a Davis Consulting Group, her disclosed principle, and she at all relevant times acted within the course and scope of her authority granted to her by Davis Consulting Group.

2.    Plaintiff's clams are barred by the doctrine of unclean hands.

3.    Plaintiff was found responsible because the hearing panel judged his testimony and presentation to lack fundamental credibility, and nothing found in Plaintiff's 113 page Complaint refutes that obvious conclusion.

4.    The prohibition on contacting witnesses communicated to Plaintiff by Brown and Davis Consulting did not prevent Plaintiff from identifying potential witnesses to be interviewed.

5.    Answering Defendants are not liable for the acts and omissions of individuals or entities over whom they exercised no control and the alleged acts and omissions attributed to Answering Defendants were the result of conduct by individuals or entities over whom Answering Defendants did not exercise control.

6.      Plaintiff suffered no damage resulting from the allegations against Answering Defendants because the Temporary Restraining Order issued before Answering Defendants were served with the Complaint reversed his suspension from his academic and extra-curricular pursuits.

7.      Answering Defendants are not liable for any of Plaintiff's claimed reputational damage because that reputational damage, if it occurred at all, happened before Answering Defendants' involvement and there are no allegations that Plaintiff's suspension in the Brown disciplinary proceeding caused Plaintiff reputational harm.

8.      Plaintiff's Complaint violates Fed.R.Civ.P. 8(a)(2) which requires "a short and plain statement of the claim showing that the pleader is entitled to relief."

9.      Plaintiff was disciplined because of his own acts, and not as a result of the alleged acts and omissions of Answering Defendants.

10.     Plaintiff's claims against Answering Defendants fail due to the absence of privity.

11.     Answering Defendants affirmatively plead the doctrine of comparative negligence.

12.     The negligence attributable Plaintiff contributed to cause, in whole or in part, the injuries and/or damages alleged, therefore, recovery is barred, in whole or in part, and/or subject to diminution.

13.     Answering Defendants state that the Plaintiff has failed to establish a prima facie case for active negligence, including, but not limited to causation; therefore, plaintiff's claims against the Answering Defendants should be dismissed.

14.     The conduct attributed to the Answering Defendants in Plaintiff's Complaint constituted a communication made in the course of a judicial or quasi-judicial proceeding.

15.     Plaintiff has failed to establish the necessary elements to sustain a claim for tortious interference with business relations under Rhode Island law, including, but not limited to wrongful and intentional disruption of a business relationship.

16.     Answering Defendants affirmatively plead the defense of justification against Plaintiff's claim for tortious interference with contractual relations.

17.     Answering Defendants deny that the plaintiff is entitled to recover any damages or other relief and, in the alternative, assert that plaintiff's claims for damages are barred in whole or in part by reasons of his failure to mitigate the claimed damages.

18.     Plaintiff assumed the risk of injuries and/or damages.

19.     Plaintiff has failed to state a claim and/or cause of action in the Complaint against the Answering Defendants.

20.     Plaintiff, by his conduct and actions and/or the conduct and actions of his agents and servants, is estopped to recover any judgment against the Answering Defendants.

21.     Plaintiff's claims of punitive damages are barred, as a matter of law, because there is no showing of any conduct requiring deterrence or punishment and/or any statutory right to such recovery or sanction.

22.     Answering Defendants neither authorized, ratified nor condoned any tortious and/or unlawful act by any person, including any representative, officer, employee and/or agent.

23.     No act, breach and/or omission attributable to the Answering Defendants either proximately caused and/or contributed to the damages, if any, plaintiff may have sustained and, on account thereof, Plaintiff is not entitled to any recovery from the Answering Defendants.

24.     Answering Defendants reserve the right to supplement its Answer and affirmative defenses, should additional defenses become known through the course of discovery.

**ANSWERING DEFENDANTS DEMAND A TRIAL BY JURY AS TO ALL ISSUES**

Respectfully submitted,

The Defendants,
The Davis Consulting Group, LLC
and Donna Davis,
By Their Attorney,

*/s/ Luana DiSarra Scavone*
Luana DiSarra Scavone (RI Bar #8224)
Litchfield Cavo, LLP
6 Kimball Lane, Suite 200
Lynnfield, MA  01940
P: (781) 309-1509
F: (781) 246-0167
disarra@litchfieldcavo.com

/s/ *Joel I. Fishbein*
Joel I. Fishbein
Litchfield Cavo, LLP
1515 Market Street, Suite 1220
Philadelphia, PA 19102
P: (267) 679-2462
F: (215) 557-3771
fishbein@litchfieldcavo.com

Date:  October 13, 2022

<u>**CERTIFICATE OF SERVICE**</u>

     I, Luana DiSarra Scavone, hereby certify that on the 13rd day of October, 2022, the foregoing document, filed through the CM/ECF System, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants

                                            */s/ Luana DiSarra Scavone*
                                            Luana DiSarra Scavone