## UNITED STATES DISTRICT COURT
## DISTRICT OF RHODE ISLAND

| | |
|---|---|
| DAVID SMITH, a pseudonym, | |
| *Plaintiff*, | |
| v. | C.A. No. 1:22-cv-00329-JJM-PAS |
| BROWN UNIVERSITY, et al. | |
| *Defendants*. | |

### DEFENDANT BROWN UNIVERSITY'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant Brown University ("Brown" or "University") responds Plaintiff David Smith's Verified Complaint as follows:

## I.   NATURE OF THE ACTION[1]

1.   Brown strongly denies and disputes the many mischaracterizations and misrepresentations permeating Plaintiff's Verified Complaint.  In accordance with its policies and procedures, Brown conducted a fair and equitable investigation and resolution of Jane Roe's formal complaint accusing Plaintiff of sexually assaulting her through three instances of forceful and non-consensual sexual intercourse during the early morning hours of October 30, 2021.

Throughout his voluminous pleading containing over 36,500 words, Plaintiff has attacked Defendants and Jane Roe in virtually every paragraph, but his missing words are telling.  Jane Roe reported during the investigation and testified at the hearing that she demanded that Plaintiff stop and tried to push him off of her, and Plaintiff responded by seeking her confirmation that he was

---

[1]   The Verified Complaint utilizes headings, subheadings, and footnotes, to which no response is required.  To the extent that any of the headings, subheadings, or footnotes present factual allegations, Brown denies those allegations.

not raping her.  Plaintiff has not pled what he said to Jane Roe.  Instead, he just passingly buries a generic reference in paragraph 61, alleging that he uttered "a poor choice of words."  The investigative record and hearing testimony showed far more than Plaintiff's "poor choice of words" and amply supported Brown's finding of his responsibility for sexually assaulting Jane Roe.[2]

Brown stands before the Court to defend itself and its process, and the University will show that it has no liability to Plaintiff.  The Court should not condone nor permit Plaintiff's

---

[2]     Plaintiff's Verified Complaint, spanning 103 pages and 387 paragraphs, contravenes Federal Rule of Civil Procedure 8(a)(1)'s requirement of a short and plain statement of the claims. Plaintiff's pleading also contravenes Rule 10(b)'s requirement that each numbered paragraph must be limited as far as practicable to a single set of circumstances.  Most of Plaintiff's paragraphs stretch across many argumentative sentences, and in some instances several pages, combining multiple sets of strongly disputed allegations.  Brown has ample grounds to move to dismiss this improper pleading for failing to comply with Rules 8(a) and 10(b), or alternatively move for a more concise and definite statement under Rule 12(e), but the University will not do so in order to keep this litigation moving forward expeditiously and ensure the prompt scheduling of a Rule 16 conference.  While electing to answer the improperly pled Verified Complaint, it is virtually impossible and incredibly burdensome for Brown to respond individually (by the October 13, 2021 filing deadline) to the many erroneous and strongly disputed factual assertions, as well as intertwined legal arguments, permeating the voluminous Verified Complaint.  Accordingly, Brown has justifiably and in good faith stated general denials to many paragraphs in their entirety. "[U]nnecessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage." 5 C. Wright & Miller, Federal Practice and Procedure § 1281.  *See also Peabody v. Griggs*, C.A. No. 08-243-ML, 2009 WL 3200686, at * 32 (D.R.I. Oct. 6, 2009) ("The mash of allegations in this complaint read more like a novel than a legal pleading and *frequently* digress into improper argumentative detail.  The overdose of fact-laden surplusage in the [pleading] places an unjustified and unduly prejudicial burden on Defendants because, in order for them to respond, they would be forced to select relevant material from a mass of verbiage.  As a result, Defendants are left to tilt at windmills in order to comply with Rule 8's requirements that Defendants state their defenses in short and plain terms and admit or deny the allegations asserted against them by Plaintiff[].  Additionally troubling for the Court is that in light of Fed. R. Civ. P. 8(b)(6)'s maxim that an allegation that is not denied is admitted, responding to this complaint is akin to crossing a mine field with a faded [] map as a guide.  The time and expense involved for Defendants and this Court to decipher and parse this overly detailed and unduly cumbersome complaint is wholly unjustified.") (italics in original, internal citations and quotation marks omitted).

transparently improper agenda to use this litigation as his public platform to disparage Jane Roe, a non-party to this litigation who remains an undergraduate at Brown and is not before the Court to defend herself.   The Court should put a clear and prompt stop to Plaintiff's tactics for the following reason:  "It is not the Court's role to determine the facts of what happened between [David Smith and Jane Roe]; to decide whether the Court would have, in the panel's position found [David Smith] responsible for sexual misconduct; to evaluate whether the Court would have made the same judgment calls on evidence and other issues as Brown did; or to determine whether the procedure that [David Smith] received was optimal.  This Court is not a super-appeals court for sexual misconduct cases, nor is it an advisor to Brown on how it should handle these messy and unfortunate situations."  *Doe v. Brown Univ.*, 210 F. Supp.3d 310, 313 (D.R.I. 2016).   Yet, as it evident across Plaintiff's pleading, he wants the Court to do precisely what it must not do – decide what happened between him and Jane Roe in his off-campus bedroom on October 29-30, 2021 (without Jane Roe participating in this litigation) and rehear his sexual misconduct disciplinary case based upon only his version of the events.

2.      Brown lacks knowledge or information sufficient to form a belief about the truth of Plaintiff's allegation that he has "never been accused of wrongdoing in his life."  Brown admits only that Plaintiff enrolled at the University in the Fall 2019 semester and has participated in athletics and student organizations during each of his academic years and denies the remaining allegations as pled in paragraph 2.

3.      Brown denies Plaintiff's mischaracterization of the University's threat assessment process and its implementation to ensure the safety and protection of its campus community. Regarding Plaintiff's prior lawsuit against the University, C.A. No. 20-cv-24-JJM-PAS, Brown admits only that the parties engaged in a settlement conference with Magistrate Judge Sullivan that

resulted in the stipulated dismissal of the litigation.

4.      Brown denies the allegations in paragraph 4.  Particularly, Brown strongly denies that the third-party owned and controlled off-campus residence, which Plaintiff and other students lease by their own choice from a private landlord, constitutes a building within Brown's "education program or activity" as defined under Title IX.  The University further denies that the privately-scheduled and held social function at that off-campus residence on October 29-30, 2021 was in any way sanctioned or approved by the University, such that it would fall within its "education program or activity."

Particularly, Brown denies that it has implemented policies and procedures that are in any way inconsistent with the Department of Education's amendments to its Title IX regulations addressing sexual harassment (effective August 14, 2020).  Specifically, under the Title IX regulations, § 106.44(a) defines a Title IX "education program or activity" to include "locations, events, or circumstances over which the recipient exercised substantial control over both the respondent and the context in which the sexual harassment occurs, and also includes any building owned or controlled by a student organization that is officially recognized by a postsecondary institution."  Under the clear language of this definition, the off-campus building where Plaintiff and his housemates reside and privately host social functions is not within Brown's "education program or activity."

The Department's Title IX regulations require a federal funding recipient to respond to alleged Title IX "sexual harassment" (as such harassment is defined by 34 CFR § 106.30) that occurred in the funding recipient's "education program or activity" (as defined by 34 CFR § 106.44(a)), applying the responsive measures and grievance process stated in 34 CFR §§ 106.44 and 106.45.  The Department's lengthy preamble to its 2020 regulatory amendments makes clear

that, in instances of alleged sexual misconduct occurring <u>outside of a funding recipient's</u> <u>"education program or activity" (such as at private social functions held in Plaintiff's off-campus</u> <u>residence owned and controlled by a third-party)</u>, Brown may address such alleged sexual harassment outside of a Title IX grievance process and under another its other applicable student conduct codes.  Therefore, contrary to what Plaintiff wrongly pleads, Brown is entitled to and correctly applied its Sexual and Gender-Based Misconduct Policy and the related Sexual and Gender-Based Misconduct Complaint Procedure (which Plaintiff calls the "Non-Title IX Policies") to address alleged student-on-student sexual misconduct that occurred within Plaintiff's off-campus bedroom outside of Brown's "education program or activity."

5.      Brown restates its response to paragraph 4 above.  Further, Brown denies the allegations in paragraph 5, which misstate the authority under which Brown maintains its right to discipline its students for off-campus behaviors inconsistent with its community standards and expectations of Brown students, such as noise disturbances and trash build-ups displaying disrespect for neighboring residents in communities surrounding Brown's campus.  Brown's Code of Student Conduct, which is separate and distinct from its Title IX policies and procedures, "covers behaviors by all Brown University students or student organizations, no matter where the behavior occurs.  This includes, but is not limited to, behaviors that occur off campus but cause potential or actual harm to individuals (whether or not those individuals are affiliated with the University), the University community, or to institutional reputation, or that suggest a student's presence on campus may pose a safety risk."   Under the Code, Brown maintains the right to address and sanction the behavior of Plaintiff and his housemates for their noise and trash violations at their off-campus residence interfering with the peaceful enjoyment of the residents in their neighborhood.  Specifically, among the "prohibited conduct" proscribed by the Code, Section

D.4 (Disruption of Community) states:

> Actions that are unreasonably disruptive to the University community and/or its neighborhoods. "Unreasonably disruptive" will be determined by a number of factors including those that inform local noise ordinances (time of day, decibels, duration) and established quiet hours and the magnitude of response necessary to address the disruption. Examples of this conduct include, but are not limited to, off-campus disturbances in residential and commercial areas surrounding campus and off-campus programs.

6.      Brown admits only that it executed a Professional Services Agreement with Donna Davis on November 24, 2021 to conduct investigational services of formal complaints of harassment and discrimination. Brown denies the remaining allegations in paragraph 6.

7.      Brown denies the allegations in paragraph 7, particularly any allegations that Brown gave any instructions to Plaintiff that were inconsistent with its policies and procedures.

8.      Brown denies the allegation in paragraph 8. Plaintiff was afforded multiple times with the right to identify witnesses in accordance with the Sexual and Gender-Based Misconduct Complaint Procedure.

9.      Brown lacks knowledge or information sufficient to from a belief about the truth of Plaintiff's allegations purporting to describe privileged communications that the identified witness may have had with his legal counsel. Brown denies the remaining allegations in paragraph 9.

10.     Brown denies Plaintiff's allegations asserting his purely subjective viewpoints on the witness statements, which speak for themselves.

11.     Brown denies Plaintiff's allegation that he was prohibited or impaired from identifying witnesses. Jane Roe's actions after leaving Plaintiff's bedroom are documented in her statements, which speak for themselves.

12.     Brown denies the allegations in paragraph 12.

13.     Brown denies the allegations in paragraph 13.

14.    Brown denies the allegations in paragraph 14.

15.    Brown admits that its Sexual and Gender Based Misconduct Complaint Procedure requires the investigator to prepare an initial draft investigation report that is shared with the parties accompanied with the obtained and submitted physical evidence.  Brown admits that Plaintiff submitted a response totaling 49-pages, which speaks for itself.  Brown denies the remaining allegations in paragraph 15.

16.    Brown denies the allegations in paragraph 16.

17.    Brown denies Plaintiff's allegations in paragraph 17 because his contentions were heard and considered in accordance with Brown's procedures.  Regarding Plaintiff's secret recording of his interview with the investigator, Brown lacks knowledge or information sufficient to form a belief about the contents of Plaintiff's recording because he has refused to share a copy with the University.  Brown requested that Plaintiff provide a copy of the recording for purposes of the University's review of his allegations, including the drafting of this responsive pleading, but Plaintiff refused to do so.  Plaintiff never submitted the tape recording to Brown, while having the right and every opportunity to do so throughout the investigative, hearing, and appeal phases of Brown's procedures.

18.    Brown repeats its response to paragraph 17 to deny Plaintiff's mischaracterizations of the investigation in paragraph 18.

19.    Brown denies the allegations in paragraph 19, which misstate and mischaracterize the hearing process under Brown's Sexual and Gender-Based Misconduct Complaint Procedure.

20.    Brown admits that, consistent with its Sexual and Gender-Based Misconduct Complaint Procedure, Plaintiff was provided a copy of physical evidence submitted by Jane Roe when he received the investigator's draft investigation report.  Brown admits that Plaintiff

submitted two reports from forensic pathologists.  Brown denies the remaining allegations as pled in paragraph 20.

21.     Brown denies the allegations in paragraph 21

22.     Brown denies the allegations in paragraph 22.

23.     Brown denies the allegations in paragraph 23.

24.     Brown denies the allegations in paragraph 24.

25.     Brown denies Plaintiff's mischaracterization of Jane Roe's statement to the hearing panel.  Contrary to what Plaintiff has pled, Jane Roe recounted that Plaintiff penetrated her three times through his aggressive and forceful actions, and she explained her fright during and after each act of penetration.  Jane Roe denied Plaintiff's assertions that she physically or verbally encouraged any act of penetration.  She reiterated that she did not consent in any way to any of the three instances of sexual intercourse.

26.     Brown admits that the hearing panel issued its Statement of Finding, Final Determination and Rationale on August 4, 2022, which speaks for itself.  Brown denies Plaintiff's allegations stating his characterizations of the decision.

27.     Brown denies the allegations in paragraph 27.

28.     Brown denies the allegations in paragraph 28.   The hearing panel considered Plaintiff's contentions concerning the incident and post-incident events and determined that the preponderance of the evidence justified the finding of Plaintiff's responsibility for sexually assaulting Jane Roe.

29.     Brown denies the allegations in paragraph 29.

30.     Brown denies the allegations in paragraph 30.

31.     Brown admits only that Plaintiff submitted his appeal document to Brown on

August 11, 2022 and that the appeal panel's decision was issued on September 7, 2022.  Brown

denies Plaintiff's mischaracterization of the appellate process, which was conducted in accordance

with Brown's procedures, and the University lacks knowledge or information to confirm Plaintiff's

location on campus when he received the appeal panel's decision electronically.

32.     Brown denies the allegations in paragraph 32.

33.     Brown denies the allegations in paragraph 33.

## II.     PARTIES AND PERSONS

34.     Brown admits the allegations in paragraph 34, with the clarification that Plaintiff

has been held responsible for sexual misconduct charges determined in accordance with Brown's

policies and procedures.

35.     Admitted.

36.     Brown lacks knowledge or information to form a belief about the truth of

allegations relating to the formation of Davis Consulting Group, L.L.C.  Regarding the remaining

allegations, Brown executed a Professional Services Agreement with Donna Davis on November

24, 2021.

37.     Upon information and belief, Brown understands that Donna Davis is an individual

residing in Texas at this time.  Ms. Davis served as the investigator in the underlying disciplinary

proceeding.

38.     Admitted.

## III.     JURISDICTION AND VENUE

39.     Brown admits that the Court has federal question subject matter jurisdiction

because Plaintiff has pled claims under Title IX of the Education Amendments of 1972, 20 U.S.C.

§ 1681 *et. seq.* ("Title IX").

40.     Upon information and belief, Brown admits that there is diversity of citizenship between the parties, but leaves Plaintiff to his proof to demonstrate a sufficient amount in controversy to invoke the Court's diversity jurisdiction.

41.     Admitted.

42.     Paragraph 42 pertains to Defendants' Davis Consulting Group, LLC and Donna Davis only, and Brown leaves Plaintiff to his proof as to these Defendants.

43.     Admitted.

## IV.     FACTUAL BACKGROUND

44.     Brown admits that Plaintiff enrolled at the University in the Fall 2019 semester and has paid tuition to the University for each semester of his enrollment.  Brown lacks knowledge or information to form a belief about Plaintiff's personal reasons for enrolling at Brown.

45.     Brown admits that Plaintiff completed his first two academic years at the University and played on a varsity athletics team.

46.     Brown admits that Plaintiff and his housemates held a social function on October 29, 2021 at their off-campus residence that they lease from a third-party which is unaffiliated with the University.   Regardless of whether the third-party owned property is "very close to the perimeter of Brown's campus," it is an off-campus, non-University owned or controlled location that is not part of Brown's "education program or activity," as that term is defined by Title IX and the Department of Education's Title IX regulations.

47.     Brown admits that Jane Roe reported that she attended the off-campus party with at least two of her friends.

48.     Brown lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 48 (particularly as to how Plaintiff defines that he and Jane Roe had

never previously "met" before October 29-30, 2021).

49.     Brown admits that Plaintiff and Jane Roe acknowledged during the investigation and the hearing that each had consumed alcohol before the off-campus party began.

50.     Brown admits only that, as Plaintiff and his housemates were hosting their party, two Brown security officers were dispatched to the area of Plaintiff's off-campus residence in response to a neighborhood complaint of the loud music and noise emanating from the property. The officers spoke with Plaintiff and recommended to Plaintiff that he shut down the party.  Brown denies the remaining allegations as pled in paragraph 50.

51.     Regarding paragraphs 51-62, Brown denies that Plaintiff has fully and correctly summarized the investigative evidence pertaining to the events during the October 29-30, 2021 party at his off-campus residence and the incident underlying Jane Roe's sexual misconduct complaint against Plaintiff.

52.     Brown lacks knowledge or information sufficient to form a belief about the truth of Plaintiff's allegation that he and Jane Roe met for the "first time."

53.     Brown denies that Plaintiff has fully and correctly summarized the investigative evidence pertaining to the events during the October 29-30, 2021 party at his off-campus residence and the incident underlying Jane Roe's sexual misconduct complaint against Plaintiff.

54.     Brown lacks knowledge or information sufficient to form a belief about what was "unbeknownst" to Plaintiff.

55.     Brown denies that Plaintiff has fully and correctly summarized the investigative evidence pertaining to the events during the October 29-30, 2021 party at his off-campus residence and the incident underlying Jane Roe's sexual misconduct complaint against Plaintiff.

56.     Brown denies that Plaintiff has fully and correctly summarized the investigative

evidence pertaining to the events during the October 29-30, 2021 party at his off-campus residence and the incident underlying Jane Roe's sexual misconduct complaint against Plaintiff.

57.     Brown denies that Plaintiff has fully and correctly summarized the investigative evidence pertaining to the events during the October 29-30, 2021 party at his off-campus residence and the incident underlying Jane Roe's sexual misconduct complaint against Plaintiff.

58.     Brown denies that Plaintiff has fully and correctly summarized the investigative evidence pertaining to the events during the October 29-30, 2021 party at his off-campus residence and the incident underlying Jane Roe's sexual misconduct complaint against Plaintiff.

59.     Brown denies that Plaintiff has fully and correctly summarized the investigative evidence pertaining to the events during the October 29-30, 2021 party at his off-campus residence and the incident underlying Jane Roe's sexual misconduct complaint against Plaintiff.

60.     Brown denies that Plaintiff has fully and correctly summarized the investigative evidence pertaining to the events during the October 29-30, 2021 party at his off-campus residence and the incident underlying Jane Roe's sexual misconduct complaint against Plaintiff.

61.     Brown denies the allegations in paragraph 61.  Particularly, as Brown details in its response to paragraph 1, Plaintiff has purposefully omitted his "poor choice of words," and the record evidence supported that his words were not stated nor intended as portrayed in this paragraph.

62.     Brown lacks knowledge or information sufficient to form a belief about the truth of Plaintiff's allegations purporting to describe his "intentions" for wanting to contact Jane Roe and his communications with his friend, James Doe.

63.     Brown lacks knowledge or information sufficient form a belief about the truth of Plaintiff's allegations regarding James Doe's reactions during their conversation.

64.     Brown admits that the text messages between James Doe and Jane Roe, which speak for themselves, were submitted during the investigation.

65.     Brown admits that Jane Roe submitted her formal complaint to Brown's Title IX Office accusing Plaintiff of forcefully sexually assaulting her at his off-campus residence on October 29-30, 2021.  Jane Roe's formal complaint speaks for itself.

66.     Brown lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 66, which are purely Plaintiff's subjective assumptions.

67.     Brown lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 67, which are purely Plaintiff's subjective assumptions.

68.     Brown denies the allegations in paragraph 68.

69.     Brown admits only that Plaintiff submitted social media postings by Jane Roe as part of his written response to the formal complaint.

70.     Brown denies Plaintiff's subjective characterizations pled in paragraph 70.

71.     Brown denies Plaintiff's subjective characterizations pled in paragraph 71.

72.     Brown admits that, on November 9, 2021, Jane Roe reported allegations to the Providence Police Department that she was sexually assaulted by Plaintiff at his off-campus residence on October 29-30, 2021.  The Providence Police Case Report dated November 9, 2021 speaks for itself.

73.     Brown admits that, November 12, 2021, Jane Roe interacted further with the Providence Police Department regarding her allegations that Plaintiff sexually assaulted her in his off-campus residence on October 29-30, 2021.  The Providence Police Report dated November 12, 2021 speaks for itself.

74.     Brown admits only that Plaintiff filed her formal complaint with Brown, but denies

Plaintiff's characterizations of the formal complaint which speaks for itself.

75.     Paragraph 75 purports to offer Plaintiff's purported subjective and speculative assumptions about why he believes that Jane Roe attended the November 12, 2021 social function, so Brown accordingly denies the allegations in this paragraph.

76.     Brown denies that Plaintiff has fully and correctly summarized the investigative evidence pertaining to November 13, 2021 party at his off-campus residence.

77.     Brown denies that Plaintiff has fully and correctly summarized the investigative evidence pertaining to the events during the October 29-30, 2021 party at his off-campus residence and the incident underlying Jane Roe's sexual misconduct complaint against Plaintiff.

78.     Brown denies that Plaintiff has fully and correctly summarized the investigative evidence pertaining to the November 13, 2021 interaction between him and Jane Roe.

79.     Brown denies that Plaintiff has fully and correctly summarized the recording and its submission during the investigation.

80.     Brown lacks knowledge or information sufficient to form a belief about the truth of the allegations pled in paragraph 80.

81.     Brown admits that, on November 16, 2021, it provided Plaintiff with written notice of Jane Roe's formal complaint, in accordance with its policies and procedures.

82.     Brown admits the allegations in paragraph 82.

83.     Brown denies the allegations in paragraph 83 and further denies any suggestion that Brown advised Plaintiff in any manner inconsistent with the provisions of its Sexual and Gender-Based Misconduct Complaint Procedure.

84.     Brown admits that Plaintiff submitted his written response to Jane Roe's formal complaint on November 23, 2021.

85.     Plaintiff's written response to Jane Roe's formal complaint speaks for itself.

86.     Brown admits that Plaintiff attached photos of Jane Roe to his written response.

87.     Brown admits only that its Threat Assessment Team, which is comprised of a cross-section of experienced Brown administrators and deans, recommended to the Dean of Students that an interim suspension was appropriate to protect the University's campus community, and the Dean of Students reviewed and adopted the Threat Assessment Team's recommendation.  Brown denies the remaining allegations in paragraph 87.

88.     Brown admits that the University allowed Plaintiff to complete the Fall 2021 semester remotely and take a final examination on campus, and it denies the remaining allegations in paragraph 88.

89.     Brown admits that Plaintiff filed his written response to Jane Roe's allegations on November 23, 2021.  This response was the one of several opportunities to be heard that Plaintiff was afforded under Brown's procedures, including his right to provide names of potential witnesses.  Brown denies the remaining allegations in paragraph 89 as misstating the process to review his appeal of the interim suspension.

90.     Brown admits only that Plaintiff's interim suspension remained in effect as of January 7, 2022, and it denies the remaining allegations in paragraph 90.

91.     Brown admits that Plaintiff commenced litigation in this Court on January 14, 2022, which was dismissed by a stipulation.  Brown admits that Plaintiff completed the Spring 2022 semester at Brown.

92.     Brown repeats and incorporates its response to paragraph 91 pertaining to the prior litigation.

93.     Brown admits that it commenced its formal investigation of Jane Roe's formal

complaint against Plaintiff, but denies the remaining allegations in paragraph 93.

94.     Brown denies the allegations as pled in paragraph 94 because the University properly applied its Sexual and Gender-Based Sexual Misconduct Complaint Procedure to address the formal complaint alleging sexual misconduct at Plaintiff's off-campus residence and outside of Brown's Title IX "education program or activity."

95.     Brown admits that it maintains a Title IX Grievance Procedure and a Sexual and Gender-Based Misconduct Complaint Procedure, which Brown determines to apply based upon the specific locations, events, and circumstances posed by the formal complaint alleging sexual misconduct.

96.     Brown denies the allegation in paragraph 96 because its Title IX Grievance Procedure did not apply to the formal complaint filed by Jane Roe against Plaintiff.

97.     Plaintiff has quoted a portion of § 2.0 of Brown's Title IX Grievance Procedure, which speaks for itself when completely read.

98.     Brown denies that Plaintiff's residence at a third-party owned and controlled off-campus property is a location within Brown's Title IX "education program or activity" or within the jurisdictional scope of the University's Title IX Grievance Procedure.

99.     Brown restates its responses and incorporates its responses to paragraph 5 and 50, explaining (a) its authority to address under its Code of Student Conduct a student's off-campus "Disruption of Community" and (b) the dispatch of campus security officers to address the neighborhood noise complaints about the party that Plaintiff and his housemates were hosting in their off-campus residence on October 29-30, 2021.

100.     Brown admits that, on December 1, 2021, its Office of Student Conduct & Community Standards, issued a decision letter to Plaintiff following Plaintiff's administrative

review meeting with a dean on November 24, 2021.   Based upon the dean's review of the information related to the circumstances of Plaintiff's behavior, including his own statement, he was found responsible for prohibited conduct (Student Conduct Code Section D.4 – Disruption of Community), and he was placed on probation through February 15, 2022 with other stated conditions.

101.    Brown restates and incorporates its responses to paragraphs 5, 50, 99-100.

102.    Brown restates and incorporates its response to paragraph 100 regarding the findings of the administrative review process and Plaintiff's placement on probation.  Additionally, Brown admits that the Office of Student Conduct & Community Standards also addressed other prohibited conduct of Plaintiff and his housemates for excessive trash buildups and noise violations during Brown's Parents weekend.

103.    Brown denies the allegations in paragraph 103.

104.    Brown admits that Plaintiff stated his request and position that Brown apply its Title IX Grievance Procedure, which was not the proper and controlling procedure to investigate and determine Jane Roe's formal complaint against Plaintiff.

105.    Brown admits that the Interim Title IX Program Officer correctly responded to Plaintiff and reiterated to him that Brown would apply its Sexual and Gender-Based Sexual Misconduct Complaint Procedure, the applicable procedure to investigate and determine Jane Roe's formal complaint against Plaintiff.

106.    Brown denies the allegations in paragraph 106.

107.    Brown denies the allegations in paragraph 107.

108.    Brown denies the allegations in paragraph 108.

109.    Brown denies the allegations in paragraph 109.

110.   Brown denies the allegations in paragraph 110.

111.   Brown admits that, according to its Professional Services Agreement, with Donna Davis, Ms. Davis listed her address as located in Missouri City, Texas.

112.   Brown lacks knowledge or information sufficient to form a belief about the truth of the allegations pled in paragraph 112.

113.   Brown lacks knowledge or information sufficient to form a belief about the truth of the allegations pled in paragraph 113.  Brown states only that, for purposes of drafting this answer, Brown's counsel reviewed the CM/ECF docket in the case cited in the paragraph, and Plaintiff alludes only to the plaintiff's pleading in that litigation (not to the defendant university's response or any judicial determination).  Ms. Davis was not a party to the litigation.  According to the docket, the plaintiff voluntarily dismissed his complaint to end that litigation without any findings or adjudication.

114.   Brown lacks knowledge or information sufficient to form a belief about the truth of the allegations pled in paragraph 114.

115.   Brown lacks knowledge or information sufficient to form a belief about the truth of the allegations pled in paragraph 115.

116.   Brown admits that Ms. Davis conducted an initial virtual interview of Plaintiff on December 23, 2021 with his advisor present.  Brown lacks knowledge or information regarding the reasons why Plaintiff chose to secretly record the interview, and Brown has requested a copy of the recording, which Plaintiff has refused to produce.  Plaintiff never provided the recording to Brown at any time during the investigation, hearing, or appeals process, although he had every right and opportunity to do so.  Plaintiff did not inform Brown of its existence until the filing of this lawsuit on September 9, 2022 (nine months after he made his secret recording).

117.     Brown lacks knowledge or information sufficient to form a belief about the truth of the allegations pled in paragraph 117.  To the extent that a response is required regarding Plaintiff's depiction of the interview, the allegations are denied.

118.     Brown lacks knowledge or information sufficient to form a belief about the truth of the allegations pled in paragraph 118.  To the extent that a response is required regarding Plaintiff's depiction of the interview, the allegations are denied.

119.     Brown lacks knowledge or information sufficient to form a belief about the truth of the allegations pled in paragraph 119.  To the extent that a response is required regarding Plaintiff's depiction of the interview, the allegations are denied.

120.     Brown lacks knowledge or information sufficient to form a belief about the truth of the allegations pled in paragraph 120.  To the extent that a response is required regarding Plaintiff's depiction of the interview, the allegations are denied.

121.     Brown lacks knowledge or information sufficient to form a belief about the truth of the allegations pled in paragraph 121.  To the extent that a response is required regarding Plaintiff's depiction of the interview, the allegations are denied.

122.     Brown lacks knowledge or information sufficient to form a belief about the truth of the allegations pled in paragraph 122.  To the extent that a response is required regarding Plaintiff's depiction of the interview, the allegations are denied.

123.     Brown lacks knowledge or information sufficient to form a belief about the truth of the allegations pled in paragraph 123.  To the extent that a response is required regarding Plaintiff's depiction of the interview, the allegations are denied.

124.     Brown lacks knowledge or information sufficient to form a belief about the truth of the allegations pled in paragraph 124.  To the extent that a response is required regarding Plaintiff's

depiction of the interview, the allegations are denied.

125.    Brown denies the allegations in paragraph 125.

126.    Brown admits that Plaintiff submitted a supplemental statement to Ms. Davis on December 31, 2021, which speaks for itself.

127.    Plaintiff's submission to Ms. Davis on December 31, 2021 speaks for itself, and Brown denies that allegation to the extent that it suggests that the University did not conduct the investigation in accordance with the provisions of the Sexual and Gender-Based Sexual Misconduct Complaint Procedure.

128.    Plaintiff's submission to Ms. Davis on December 31, 2021 speaks for itself.

129.    Brown lacks knowledge or information sufficient to form a belief about the dates on which Plaintiff acquired his copies of the third-party records referenced in paragraph 129.

130.    Brown admits that Plaintiff submitted a supplemental statement to Ms. Davis on January 25, 2022, which speaks for itself.

131.    Brown lacks knowledge or information sufficient to form a belief about the truth of the allegations pled in paragraph 131.  To the extent that a response is required regarding Plaintiff's description of Ms. Davis's communication, the allegations are denied.

132.    Brown admits that Plaintiff submitted a supplemental statement to Ms. Davis on February 25, 2022, which speaks for itself.

133.    For reasons stated throughout this responsive pleading, Brown reiterates and incorporates its responses to Plaintiff's erroneous contention that the Title IX Grievance Procedure should have applied to the investigation and determination of Jane Roe's formal complaint against Plaintiff.  Brown properly applied its Sexual and Gender-Based Sexual Misconduct Complaint Procedure.

134.    As pled in paragraph 134, Plaintiff was afforded several opportunities to be heard, provide relevant evidence and identify potential witnesses, starting with his response to the notice of allegations, throughout the investigation, and during his review of the initial draft report, entirely consistent with Brown's Sexual and Gender-Based Complaint Procedure.  Brown strongly denies any incorrect suggestion or inference by Plaintiff in paragraph 134 or anywhere else in the Verified Complaint that he was ever denied any opportunity to submit to the investigator the names of potential witnesses or relevant evidence.

135.    Brown admits that, on March 29, 2022, Brown provided Plaintiff and Jane Roe with the draft of the investigative report.  Brown denies the remaining allegations in paragraph 135.

136.    Brown admits that its Sexual and Gender-Based Complaint Procedure provides the parties with the right to review the draft report, offer additional comments, clarify information previously shared, suggest additional witnesses, question relevance determinations, and/or identify any other relevant information or evidence.  Brown admits that the response period was extended for the parties.

137.    Brown admits that Plaintiff submitted a response totaling 49-pages, which speaks for itself.

138.    Brown admits that Plaintiff submitted a document that red-lined the draft report, which speaks for itself.

139.    Brown denies the allegations in paragraph 139.

140.    Brown denies the allegations in paragraph 140.

141.    Plaintiff's response to the investigative report speaks for itself.

142.    Plaintiff's response to the investigative report speaks for itself.

143.    Brown denies the allegations in paragraph 143.

144.    Brown denies the allegations in paragraph 144.

145.    Brown denies the allegations in paragraph 145.

146.    Brown denies the allegations in paragraph 146.

147.    Brown denies the allegations in paragraph 147.

148.    Brown denies the allegations in paragraph 148.

149.    Brown denies the allegations in paragraph 149.

150.    Brown denies the allegations in paragraph 150.

151.    Brown denies the allegations in paragraph 151.

152.    Brown denies the allegations in paragraph 152, and refers the Court to the report itself for a complete and accurate review of its contents.

153.    Brown denies the allegations in paragraph 153.

154.    The report speaks for itself, and Brown lacks knowledge or information sufficient to form a belief about the truth of Plaintiff's allegations regarding what he purportedly heard from a teammate.

155.    Brown denies the allegations in paragraph 155.

156.    Brown denies the allegations in paragraph 156.

157.    Brown denies the allegations in paragraph 157.

158.    Brown denies the allegations in paragraph 158.

159.    Brown admits that he was provided with the recordings as part of the sharing of evidence under Brown's procedures, but denies the remaining allegations in paragraph 159.

160.    Brown admits that its Title IX Coordinator interacted with Plaintiff, but denies the remaining allegations in paragraph 160 particularly those purporting to describe his interaction with the Title IX Coordinator.

161.    Brown admits only that the investigator received a complete copy of the recording and denies the remaining allegations in paragraph 161.

162.    Brown denies the allegations in paragraph 162.

163.    The recording speaks for itself, and Brown refers the Court to the recording for a complete review of its contents.

164.    Brown admits that it provided Plaintiff with the photographs submitted by Jane Roe, consistent with its process under the Sexual and Gender-Based Misconduct Complaint Procedure.

165.    Brown admits only that Plaintiff provided two letters by proffered experts, which speak for themselves.

166.    The referenced letter speaks for itself.

167.    The referenced letter speaks for itself.

168.    Brown admits that Plaintiff submitted resumes with his submission, but denies the remaining allegations in paragraph 168.

169.    Brown denies the allegations in paragraph 169.

170.    Brown denies the allegations in paragraph 170.

171.    Brown denies the allegations in paragraph 171.

172.    Brown denies the allegations in paragraph 172

173.    Brown denies the allegations in paragraph 173.

174.    Brown denies the allegations in paragraph 174.

175.    Brown denies the allegations in paragraph 175.

176.    Brown admits that it held the hearing via zoom conferencing on July 21, 2022, which was conducted in accordance with § 2.9.4 of the Sexual and Gender-Based Misconduct

Complaint Procedure.  Brown denies Plaintiff's mischaracterizations of the hearing as pled in paragraph 176.

177.    Brown again denies Plaintiff's repeated and incorrect allegations that the hearing should have been conducted under Brown's Title IX Grievance Procedure.  For reasons stated throughout his answer and reiterated here, Brown properly applied its Sexual and Gender-Based Misconduct Complaint Procedure.

178.    Paragraph 178 paraphrases and selectively quotes from § 2.9.4 of the Sexual and Gender-Based Misconduct Complaint Procedure.  For a complete and accurate review, Brown directs the Court to § 2.9.4, which speaks for itself.

179.    Brown denies the allegations in paragraph 179 to the extent that they wrongfully suggest that Brown did not conduct the hearing consistent with § 2.9.4.  The hearing was recorded via zoom conferencing and speaks for itself.

180.    Brown admits that Ms. Davis was called as the first witness at the hearing and denies Plaintiff's description of her testimony.

181.    Plaintiff omits any reference to Jane Roe's statement in his pleading and refers only to his statement.  Brown denies Plaintiff's allegations in paragraph 181.

182.    Brown denies the allegations in paragraph 182.  On July 28, 2022, Brown's Title IX Coordinator informed both Plaintiff and Jane Roe that the hearing panel would issue its decision by August 4, 2022, which it did.

183.    Brown denies the allegations in paragraph 183.

184.    Brown denies the allegations in paragraph 184.

185.    Brown admits that the hearing panel issued its decision on August 4, 2022, but denies Plaintiff's mischaracterization of the decision in paragraph 185.

186.    Brown denies Plaintiff's mischaracterization of the decision in paragraph 186.

187.    Brown denies Plaintiff's mischaracterization of the decision in paragraph 187.

188.    Brown denies Plaintiff's mischaracterization of the decision in paragraph 188.

189.    Brown denies Plaintiff's mischaracterization of the decision in paragraph 189.

190.    Brown denies Plaintiff's mischaracterization of the decision in paragraph 190.

191.    Brown denies Plaintiff's mischaracterization of the decision in paragraph 191.

192.    Brown denies Plaintiff's mischaracterization of the decision in paragraph 192.

193.    Brown admits only that Plaintiff submitted his appeal pursuant to Brown's Sexual and Gender-Based Misconduct Procedure on August 11, 2022, and his appeal document speaks for itself.

194.    Brown admits only that § 2.9.5 of its Sexual and Gender-Based Misconduct Complaint Procedure states approximate time frames in the formal resolution process, which may vary by each case and may be adjusted by the discretion of the Title IX Coordinator.

195.    Brown denies the allegations in paragraph 195.

196.    Brown denies the allegations in paragraph 196.

197.    Brown denies the allegations in paragraph 197.

198.    Brown admits only that Plaintiff paid tuition for the Fall 2022 semester and denies the remaining allegations pled in paragraph 198.

199.    Brown lacks knowledge or information to respond to the alleged date on which Plaintiff returned to Providence and denies the remaining allegations in paragraph 199.

200.    Brown admits only that it issued the appeal panel's decision on September 7, 2022, but lacks knowledge or information to know Plaintiff's location at the time he received and/or reviewed the decision transmitted to him electronically.

201.    Brown admits that the appeal decision modified the imposed discipline addressing Plaintiff's responsibility for sexual misconduct to a suspension for the Fall 2022 semester, with other stated conditions which speak for themselves in the decision.

202.    Brown denies the allegations in paragraph 202.

203.    Brown denies the allegations in paragraph 203.

204.    Brown denies the allegations in paragraph 204.

205.    Brown denies the allegations in paragraph 205.

206.    Brown denies Plaintiff's mischaracterization of the appeal panel's decision in paragraph 206.

207.    Brown denies Plaintiff's mischaracterization of the appeal panel's decision in paragraph 207.

208.    Brown denies Plaintiff's mischaracterization of the appeal panel's decision in paragraph 208.

209.    Brown denies Plaintiff's mischaracterization of the appeal panel's decision in paragraph 209.

210.    Brown denies Plaintiff's mischaracterization of the appeal panel's decision in paragraph 210.

211.    Brown denies Plaintiff's mischaracterization of the appeal panel's decision in paragraph 211.

212.    Brown denies Plaintiff's mischaracterization of the appeal panel's decision in paragraph 212.

213,    Brown denies Plaintiff's mischaracterization of the appeal panel's decision in paragraph 206.

214.    Brown admits that, in November 2021, it imposed mutual no-contact orders on Plaintiff and Jane Roe.

215.    Brown denies Plaintiff's allegations regarding the mutual no contact orders in paragraph 215.

216.    Brown admits only that Plaintiff communicated with Brown's Title IX Coordinator on May 2 and 3, 2022, but denies the remaining allegations in paragraph 216.

217.    Brown denies the allegations in paragraph 217.

218.    Brown admits the allegations in paragraph 218.

219.    Brown admits that it dismissed Plaintiff's Complaint in accordance with its policies because there was no evidence supporting that Jane Roe directly or indirectly violated or attempted to violate the no-contact order.  Brown denies the remaining allegations in paragraph 219.

220.    Brown denies the allegations in paragraph 220.

221.    Brown admits that Plaintiff submitted an appeal on July 25, 2022, which speaks for itself.  Brown admits that it issued a letter to Plaintiff dated September 2, 2022 informing Plaintiff of the reasons for the denial of his appeal.  Brown denies Plaintiff's mischaracterization of the September 2, 2022 letter pled in paragraph 221.

222.    Brown admits that Plaintiff submitted several requests accusing Jane Roe of violations of Brown's Code of Student Conduct, which were properly reviewed by the University and found to entail no Code violations.

223.    Brown admits that it reviewed Plaintiff's allegations against Jane Roe and found that they did not support any Code of Student Conduct violation.

224.    Brown denies the allegations in paragraph 224.

225.    Brown denies the allegations in paragraph 225.

226.    Brown denies the allegations in paragraph 226.

227.    Brown denies the allegations in paragraph 227.

228.    Brown denies the allegations in paragraph 228.

229.    Brown denies the allegations in paragraph 229.

230.    Brown admits only that, during the week of April 3, 2021, a student coalition group engaged in activities on and around its campus expressing support for survivors of sexual assault. Brown denies that Plaintiff has properly described the coalition's activities.  Further, the students' expression of their concerns and opinions did not relate to nor impact Brown's fair and equitable process in Plaintiff's case.

231.    Based upon his footnote citation in this paragraph, Plaintiff may be referring to Brown's Task Force on Sexual Assault, which the University formed eight years ago during the fall of 2014, which included members of Brown's administration, faculty, and student body, to review Brown's practices, policies, and proceedings in existence at that time addressing sexual assault and sexual misconduct.  Based upon the Task Force's year-long study hearing from many constituencies, it presented recommendations to the University in the fall of 2015.  The University adopted a new Title IX policy for the 2015-16 academic year.  Brown denies that the 2014-15 task force, or any other unidentified task force to which Plaintiff may be referring, placed any "pressure" on Brown that impaired any rights of students under its policies and procedures.

232.    Brown denies that it has "a history of protests and litigation when male students are found not responsible for sexual misconduct."  Plaintiff's footnote references only a single case, which was captioned before this Court as *Jane Doe v. Brown University, et al.*, C.A. No. 16-562-WES.  To correct Plaintiff's generalized assumptions about that litigation, the plaintiff voluntarily dismissed her Complaint with prejudice "on her own accord without any payment from, or on

behalf of, any party."  ECF. Doc. 101.

233.    Brown denies Plaintiff's characterization of the proceedings in *John Doe v. Brown University*, C.A. No. 16-17-WES.  As noted in the Court's Findings of Fact and Conclusions of Law entered on September 16, 2016, while the case was under advisement after a July 2016 bench trial, the Court received emails from the public expressing viewpoints about the litigation.  210 F. Supp. 3d at 313.  The Court shared with Brown and its counsel only a small sample of the submitted emails, so Brown lacks knowledge or information regarding their contents of the entirety of the emails referenced in the Court's decision.

234.    Brown admits only that social media groups, with no affiliation to the University, have posted viewpoints regarding the issues of sexual assault, but deny that such groups have "place[d] constant and continuous pressure on Brown."  Brown addresses all allegations of sexual misconduct a gender-neutral manner in accordance with its policies and procedures respecting the rights of both complainants and respondents.

235.    Brown denies Plaintiff's mischaracterization of Brown's search process during the fall of 2021 to hire a new Title IX Coordinator.  In fact, as stated in the Brown Daily Herald article cited by Plaintiff, Brown engaged in a national search process and a search committee "composed of key stakeholders from our Brown community" conducted interviews of qualified candidates.  Plaintiff's selective description of this article is consistent with his purported descriptions of cited sources throughout his pleading.

236.    Brown again denies Plaintiff's selective description of a cited news article, which allegations mischaracterize Brown's Title IX Coordinator's commitment to the principles of prompt and equitable process.

237.    Brown denies Plaintiff's mischaracterization of Brown's response to the litigation

pending captioned *Katiana Soenen et. al. v. Brown University*, C.A. No. 21-cv-325-JJM-PAS.  As the Court knows, Brown has moved to dismiss Plaintiffs' complaint in that litigation, as well as strike their class action allegations and sever each individual plaintiff's claims to the extent that any may survive dismissal.  The motion was heard by the Court on October 12, 2021, and Brown's motion seeking the dismissal of that litigation is under advisement.

238.    Brown denies the allegations in paragraph 238.

239.    Brown denies that it has implemented policies and procedures that are in any way inconsistent with the Department of Education's amendments to its Title IX regulations addressing sexual harassment that took effect on August 14, 2020.  The Department's regulations require a federal funding recipient to respond alleged Title IX "sexual harassment" (as defined under 34 CFR § 106.30) that occurred in the funding recipient's "education program or activity" (as defined under 34 CFR § 106.44) in accordance with the response requirements and grievance process stated in 34 CFR §§ 106.44 and 106.45.  The Department's lengthy regulatory preamble makes clear that, in instances of alleged sexual misconduct occurring outside of a funding recipient's "education program or activity" (such as occurred here at Plaintiff's off-campus residence owned and controlled by a third-party), a funding recipient may address such alleged sexual harassment outside of its Title IX policy and under another student conduct code.  Therefore, contrary to what Plaintiff wrongly pleads, Brown is entitled to enact and enforce a "Non-Title IX Policy" to address alleged student-on-student sexual misconduct that occurred outside of its "education program or activity."

240.    Brown denies the allegations in paragraph 240.

241.    Brown denies the allegations in paragraph 241.

242.    Brown denies the allegations in paragraph 242.

243.    Brown lacks knowledge or information sufficient to form a belief about the truth of allegation about an offer of employment and denies the remaining allegations in paragraph 243.

244.    Brown denies the allegations in paragraph 244.

245.    Brown denies the allegations in paragraph 245.

246.    Brown denies the allegations in paragraph 246.

## V.    CAUSES OF ACTION

**COUNT I**
**BREACH OF CONTRACT**
**Against Brown University**

247.    Brown repeats and incorporates each of its responses to paragraphs 1-246.

248.    Brown admits that Plaintiff enrolled at the University at the start of the 2019-20 academic year.  Brown further admits that terms of its contractual relationship with its students are stated in the University's policies.  Brown denies that it breached any policy provision applicable to its contractual relationship with Plaintiff.

249.    Brown admits that it publishes and implements policies governing student conduct, including prohibited sexual misconduct, and implementing conduct procedures to investigate and determine whether prohibited conduct occurred.   Brown denies that it breached any policy provision applicable to its contractual relationship with Plaintiff.

250.    Brown admits that, under Rhode Island law, the university-student relationship is contractual.  Brown denies that it breached any policy provision applicable to its contractual relationship with Plaintiff.

251.    Brown admits only that Plaintiff has correctly quoted a portion of § 2.0 of Brown's Title IX policy, but denies that Brown's Title IX Grievance Procedure applied to Plaintiff's case. Brown's policies are consistent with the Department of Education's Title IX regulations, which

prescribe that the Title IX grievance process requirements under 34 CFR §106.45 are applicable to alleged Title IX sexual harassment that occurred within Brown's "education program or activity." Section 106.44 defines an "education program or activity" to include "locations, events or circumstances over which the recipient exercised substantial control over both the respondent and the context in which the sexual harassment occurs, and also includes any building owned or controlled by a student organization that is officially recognized by a postsecondary institution." Plaintiff's off-campus residence - which is a property owned, managed, and controlled by a private third-party unaffiliated with Brown - is not such a location within Brown's "education program or activity." The "events or circumstances" surrounding the October 29-30, 2021 off-campus party that Plaintiff and his fellow housemates privately organized and hosted, which was not a University-sanctioned event, were not part of nor within Brown's "education program or activity." By clear application of the Title IX regulations and under Brown's policies consistent with the regulations, Brown's Title IX Grievance Procedure did not apply to Plaintiff's case.

252.    Brown denies the allegations in paragraph 252 for the stated in its response to paragraph 251.

253.    Brown denies the allegations in paragraph 253 because Plaintiff was provided with a prompt, impartial and unbiased response to Jane Roe's complaint and Brown's procedures were conducted in accordance with their terms.

254.    Brown denies the allegations in paragraph 254.

255.    Brown denies the allegations in paragraph 255.

256.    Brown denies the allegations in paragraph 256.

257.    Brown denies the allegations in paragraph 257.

258.    Brown denies the allegations in paragraph 258.

259.    Brown denies the allegations in paragraph 259.

260.    Brown denies the allegations in paragraph 260.

**COUNT II**
**TITLE IX OF THE EDUCATION AMENDMENTS OF 1972, 20 U.S.C. § 1681 ET. SEQ.**
**Against Brown University**

261.    Brown repeats and incorporates each of its responses to paragraphs 1-260.

262.    Brown admits that Plaintiff has correctly quoted 20 U.S.C. § 1681(a) and that the University is subject to Title IX.

263.    Admitted.

264.    Brown admits that Title IX protects students from discrimination on the basis of sex, but lacks knowledge or information to respond specifically to Plaintiff's purported generalized interpretations of uncited federal court rulings.

265.    Brown admits only that, as stated in 20 U.S.C. § 1681(a), a federal funding recipient is subject to liability under Title IX if, on the basis of sex, it excludes a person from participation in its education program or activity, denies a person the benefits of its education program or activity, or subjects a person to discrimination under its education program or activity.  Brown did not violate Title IX, so it has no liability to Plaintiff under the implied cause of action that may be brought under the federal statute.

266.    Brown admits that the United States Supreme Court has recognized that a retaliation claim may be brought under an implied Title IX cause of action, but denies that it engaged in any retaliation against Plaintiff.

267.    Brown admits that Plaintiff has correctly described the Jeanne Clery Disclosure of Campus Security Policy and Campus Crime Statistics ("Clery Act"), but denies that it acted in any way inconsistently with the requirements of the Clery Act and its implementing regulations.

268.    Brown admits that Plaintiff has correctly quoted from 20 U.S.C. § 1092(f)(8)(B)(iv)(I)(aa) of the Clery Act.  Brown adhered to the Clery Act's requirements.

269.    Brown admits that Plaintiff has correctly quoted from 34 CFR § 106.8(b) of the Department of Education's Title IX regulations as issued in 1975.  Brown adhered to the Title IX regulations.

270.    Brown admits that Plaintiff has correctly quoted portions the Clery Act's regulations as stated in 34 C.F.R. § 668.46(k).  Brown adhered to the Clery Act's regulatory requirements.

271.    Brown admits that Plaintiff has correctly quoted 34 C.F.R. § 668.46(m) of the Clery Act's regulations.  Brown adhered to the Clery Act's regulatory requirements.

272.    Brown admits, that twenty-one years ago in 2001, the Department of Education's Office for Civil Rights ("OCR") issued its "Revised Sexual Harassment Guidance: Harassment of Students by Student Employees, Other Students, or Third Parties" ("2001 Guidance").  Brown adhered to the principles of prompt and equitable grievance procedures stated in the 2001 Guidance.

273.    Brown admits that Plaintiff has correctly quoted from a portion of the 2001 Guidance.  Brown adhered to the quoted principles.

274.    Brown admits that Plaintiff further correctly quotes from another portion of the 2001 Guidance.  Brown adhered to the quoted principles.

275.    Brown lacks knowledge or information sufficient to respond to Plaintiff's generalized one-sentence allegation purporting to describe events on college and university campuses nationally over the past two decades.  To the extent the allegations are directed at Brown, the University denies that it acted in any way inconsistently with Title IX's requirements.

276.     Brown admits that, on April 4, 2011, OCR issued a "Dear Colleague Letter" ("2011 Dear Colleague Letter"), which OCR subsequently rescinded on September 22, 2017.

277.     Brown admits that OCR elected to issue the 2011 Dear Colleague Letter on student-on-student sexual harassment and sexual violence, which was signed by Russlyn Ali, Assistant Secretary for Civil Rights, as a "significant guidance document" and did not engage in a public notice and comment period under the Administrative Procedure Act, 5 U.S.C. § 553 prior to its issuance.

278.     OCR's press release accompanying the 2011 Dear Colleague Letter speaks for itself.

279-84.  Brown denies the allegations in paragraphs 279-84 as selective quotations from and Plaintiff's subjective characterizations of the 2011 Dear Colleague Letter.  Brown refers the Court to the 2011 Dear Colleague Letter (spanning nineteen single-spaced pages) for a full and accurate representation of its contents.

285.     Brown denies the allegation as pled and refers the Court to the cited decision issued by the Massachusetts Federal District Court, which was issued at the Rule 12(b)(6) stage of that litigation and was specific to the allegations pled in that litigation.

286.     Paragraph 286 merely refers to comments made in a single article about the 2011 Dear Colleague Letter.  To the extent that Plaintiff tries to portray the allegations as anything more, Brown denies that they had any such scope or effect.

287.     Brown lacks knowledge or information sufficient to form a belief to respond to Plaintiff's one-sentence generalized allegation about actions by the federal government.  To the extent that the allegations are directed at Brown specifically, they are denied.

288.     Brown admits that, in April 2014, OCR issued its "Questions and Answers on Title

IX and Sexual Violence" ("2014 Q&A"), which span forty-six pages.  Brown denies that Plaintiff

has fully described the 2014 Q&A, and Brown refers the Court to the document itself for a full and

accurate representation of its contents.

289-94.  Brown admits that, in April 2014, the Obama Administration's White House Task

Force, co-chaired by then-Vice President Joseph R. Biden, issued "The First Report of the White

House Task Force to Protect Students from Sexual Assault," which spans twenty single-spaced

pages.  Brown denies Plaintiff's selective quotations from and descriptions of the Task Force's

Report, and refers the Court to the Report for a full and accurate representation of its contents.

295-96.  Brown denies that Plaintiff has fully described the work of "Start by Believing"

and refers the Court to www.startbybelieving.org for a full and accurate description of the

campaign's resources.

297.     Brown lacks knowledge or information sufficient to form a belief as to Plaintiff's

purported one-sentence generalized description of policies at "virtually all colleges and

universities."  To the extent the allegations are directed at Brown, the University denies that it

acted in any way inconsistently with Title IX's requirements.

298.     Brown lacks knowledge or information sufficient to form a belief as to Plaintiff's

purported two-sentence description of "special policies" at "schools across the nation."  To the

extent the allegations are directed at Brown, the University denies that it acted in any way

inconsistently with Title IX's requirements.

299.     Brown lacks knowledge or information sufficient to form a belief as to Plaintiff's

purported one-sentence description of policies at "many" unspecified schools.  To the extent the

allegations are directed at Brown, the University denies that it acted in any way inconsistently with

Title IX's requirements.

300.   Again, to the extent that Plaintiff's allegations purport to describe activities and events on unspecified campuses elsewhere on unspecified dates and circumstances, Brown lacks knowledge or information to respond to such a boilerplate allegation.  To the extent that the allegations are directed at Brown, the University denies that it acted in any way inconsistently with Title IX's requirements.

301-02.   The Massachusetts Federal District Court's decision interpreting Massachusetts law, also cited above in paragraph 285, speaks for itself and addressed the allegations pled in that litigation, which subsequently was dismissed pursuant to the parties' settlement.  It is not a precedential decision binding this Court.

303-06.   Brown admits that, on September 7, 2017, Department of Education Secretary Betsy DeVos gave a speech at George Mason University offering her prepared remarks on campus sexual assault.  Brown refers the Court to the text of Secretary DeVos' prepared remarks for a full and accurate description of their contents.

307-11.   Brown admits that, on November 29, 2018, OCR issued its notice of proposed rulemaking to amend the Department of Education's Title IX regulations.  Brown refers the Court to the full text of the notice of proposed rulemaking for a complete and accurate description of its contents, as published at 83 FR 61462.

312.   Brown admits that, on May 7, 2020, the Department of Education announced its finalized amendments to its Title IX regulations (effective August 14, 2020).  The finalized regulations were accompanied by an over 2000-page preamble describing OCR's review of public comments and reasoning for adopting the amendments.  Brown refers the Court to the preamble for a full and accurate description of the intention and effect of the regulatory amendments.

313.   Brown admits that Plaintiff has correctly quoted from a portion of 34 C.F.R. §

106.44(a).  But, Plaintiff omits the section's definition of an "education program or activity" and fails to mention that the grievance procedures required under § 106.45 apply only in response to Title IX sexual harassment that occurred within Brown's "education program or activity."   The incident between Plaintiff and Jane Roe occurred in the bedroom of his off-campus residence, which is a property outside of Brown's education program or activity and is owned and controlled by a third-party who has no relationship to the University.

314.    Brown admits that § 106.45 prescribes the required grievance procedures to address and resolve formal complaints alleging Title IX sexual harassment within Brown's education program or activity.  Brown denies that § 106.45 applied to Plaintiff's disciplinary case because the incident at issue occurred outside of Brown's education program or activity (as defined under § 106.44(a)).

315.    Brown respectfully cannot interpret what Plaintiff is attempting to state in this ambiguously worded and conclusory allegation.  To the extent that the conclusory allegation implies that Brown has not adhered to Title IX's requirements, it is denied.

316.    Brown denies Plaintiff's single-sentence allegation purporting to summarize the 2000-page preamble to the May 2020 finalized Title IX regulations.  Brown refers the Court to the preamble for a full and accurate description of its contents.

317.    Brown admits that Plaintiff has correctly quoted § 106.45(a), but denies that it has acted in any way inconsistently with this regulatory provision.

318.    Brown denies that Plaintiff's selective quotations in a single sentence allegation fully and properly summarize the 2000-page preamble to the May 2020 finalized Title IX regulations.  Brown refers the Court to the preamble for a full and accurate description of its contents.

319.     Brown denies the allegations as pled in paragraph 319 and instead refers the Court to 34 CFR § 106.44(a) for the Title IX regulation's definition of an "education program or activity" for purposes of §§ 106.30 and 106.45.

320.     Brown denies the allegations in paragraph 320.  Particularly, Brown denies that it has in any way acted inconsistently with the requirements of 34 CFR §§ 106.44 and 106.45, particularly in its interpretation of its "education program or activity" as defined by § 106.44(a).

321.     Brown denies the allegations in paragraph 321.

322.     Brown denies the allegations in paragraph 322 because its policies adhere to the scope and requirements of Title IX, as defined under the Title IX regulations.

323.     Brown denies Plaintiff's mischaracterization in paragraph 323 of the University's hearing process under its Sexual and Gender-Based Misconduct Complaint Procedure.

324.     Brown denies the allegations in paragraph 324.

325.     Brown denies the allegations in paragraph 325.

326.     Brown denies the allegations in paragraph 326.

327.     Brown lacks knowledge or information sufficient to form a belief to respond to Plaintiff's one-sentence purported description of "cases" on college campuses nationally.  Brown responds that it has no control over the gender of a complainant who elects to report allegations of sexual misconduct and that it addresses all such reports, regardless of the reporting party's gender, in accordance with its policies and procedures.

328.     Brown lacks knowledge or information sufficient to form a belief to respond to Plaintiff's one-sentence purported description of responses to sexual misconduct allegations on college and university campuses nationally.  Brown responds that it provides appropriate supportive measures to both the complainant and respondent in accordance with its policies and

procedures.

329.    Brown denies Plaintiff's conclusory allegation to the extent that he wrongly contending that Brown has failed to adhere to the requirements of Title IX, the Clery Act, and their implementing regulations as amended.  Brown adhered to all of its legal obligations.

330.    Brown admits that, in February 2018, Justice Ruth Bader Ginsberg participated in an interview at the National Constitution Center, where she addressed her thoughts on the #Me Too movement, aspects of anti-discrimination laws, and responses to accusations of sexual harassment.  Brown refers the Court to the full text of the interview for a complete and accurate description of Justice Ginsberg's comments.

331.    Brown denies Plaintiff's conclusory allegation.  To the extent that the allegations are directed at Brown, the University denies that it acted in any way inconsistently with Title IX's requirements.  Brown adhered to all of its Title IX obligations.

332.    Brown denies that Plaintiff's one-sentence allegation can possibly summarize the over 100,000 comments that the Department of Education received following its November 2017 notice of proposed rulemaking and the Department's review of those comments before publishing its finalized regulations in May 2020.  Brown refers the Court to the over 2000-page preamble accompanying the finalized regulations for a full and accurate summary of the submitted comments and the reasoning behind the Department's amendments to its Title IX regulations.

333.    Denied for the above-stated reasons in Brown's responses to paragraphs 209-220.

334.    Brown denies the allegations in paragraph 334, particularly because Brown conducted a threat assessment under its procedures to ensure its campus community's safety and protection.  Brown further denies Plaintiff's description of the resolution reached in C.A. No. 20-cv-24-JJM-PAS through a settlement conference with Magistrate Judge Patricia A. Sullivan.

335.     Brown denies the allegations in paragraph 335 because Brown investigated and determined the charges in a prompt and equitable manner.

336.     Brown denies the allegations in paragraph 336.

337.     Brown denies the allegations in paragraph 337 because Plaintiff's "information and belief" is incorrect.

338.     Brown denies the allegations in paragraph 338.

339.     Brown denies the allegations in paragraph 339.

340.     Brown denies the allegations in paragraph 340.

341.     Brown denies the allegations in paragraph 341.

342.     Brown denies the allegations in paragraph 342.

343.     Brown denies the allegations in paragraph 343.

**COUNT III**
**NEGLIGENT HIRING & SUPERVISION**
**Against Brown University**

344.     Brown repeats and incorporates each of its responses to paragraphs 1-343.

345.     Paragraph 345 states a conclusion of law, and Brown leaves Plaintiff to his proof. To the extent that a response is required, Brown denies that Plaintiff has any negligence cause of action against the University and that Brown ever breached any duty owed to Plaintiff.

346.     Paragraph 346 states a conclusion of law, and Brown leaves Plaintiff to his proof. To the extent that a response is required, Brown denies that Plaintiff has any negligence cause of action against the University and that Brown ever breached any duty owed to Plaintiff.

347.     Paragraph 347 states a conclusion of law, and Brown leaves Plaintiff to his proof. To the extent that a response is required, Brown denies that Plaintiff has any negligence cause of action against the University and that Brown ever breached any duty owed to Plaintiff.

348.     Paragraph 348 states a conclusion of law, and Brown leaves Plaintiff to his proof. To the extent that a response is required, Brown denies that Plaintiff has any negligence cause of action against the University and that Brown ever breached any duty owed to Plaintiff.

349.     Brown denies the allegations in paragraph 349.

350.     Brown denies the allegations in paragraph 350.

351.     Brown denies the allegations in paragraph 351.

**COUNT IV**
**RHODE ISLAND UNFAIR TRADE PRACTICES ACT**
**Against Brown University**

352.     Brown repeats and incorporates each of its responses to paragraphs 1-351.  Brown denies that Rhode Island Unfair Trade Practice and Consumer Protection Act ("UTPCPA") applies to the alleged facts stated in Plaintiff's Verified Complaint.  Even assuming that UTPCPA applies to the university-student relationship, Brown denies that Plaintiff has pled any plausible basis to show that that he is entitled to any recovery from the University under UTPCPA.

353.     Paragraph 353 merely quotes R.I.G.L § 6-13.1-1.2 of the UTPCPA.  Brown denies that it has any liability to Plaintiff under the UTPCPA.

354.     Paragraph 354 merely quotes R.I.G.L § 6-13.1-1 of the UTPCPA.  Brown denies that it has any liability to Plaintiff under the UTPCPA.

355.     Paragraph 355 merely quotes the UTPCPA's allowable remedies under R.I.G.L § 6-13.1-5.2 of the UTPCPA.  Brown denies that it has any liability to Plaintiff under the UTPCPA and that Plaintiff is entitled to any recovery under the statute.

356.     Paragraph 356 merely quotes the UTPCPA's allowable remedies under R.I.G.L § 6-13.1-5.2 of the UTPCPA.  Brown denies that it has any liability to Plaintiff under the UTPCPA and that Plaintiff is entitled to any recovery under the statute.

357.     Paragraph 356 merely quotes the UTPCPA's allowable remedies under R.I.G.L § 6-13.1-5.2 of the UTPCPA.  Brown denies that it has any liability to Plaintiff under the UTPCPA and that Plaintiff is entitled to any recovery under the statute.

358.     Because Brown has no liability to Plaintiff under the UTPCPA, Brown denies that he has any claim to attorneys' fees and costs under the statute.

359.     Brown admits that Plaintiff has paid tuition to the University during his enrollment.

360.     Brown denies the allegations in paragraph 360.

361.     To the extent that this paragraph is directed at Defendants Donna Davis and Davis Consulting Group, LLC (collectively "Davis"), Brown defers to her to respond on her own behalf. To the extent that it is also directed at Brown, the allegation is denied.

362.     Brown denies the allegations in paragraph 362.

**COUNT V**
**NEGLIGENCE**
**Against Brown University, Donna Davis, and Davis Consulting Group, LLC**

363.     Brown repeats and incorporates each of its responses to paragraphs 1-362.

364.     Brown admits only that it entered into a Professional Services Agreement with Donna Davis dated November 24, 2021 stating the scope of the investigative services.  Brown denies the allegations in paragraph 364 as pled.

365.     Paragraph 365 is directed to Davis, not Brown.  To the extent that a response is required, Brown denies that it has any liability to Plaintiff under a negligence claim.

366.     Brown denies the allegations in paragraph 366 which misstate Rhode Island law. Plaintiff's citations to cases from other jurisdictions are inapposite and inapplicable.  As the Court held in granting a Rule 12(b)(6) dismissal of a negligence claim in *Doe v. Brown University*, "[i]f a contract claim and a tort claim 'are based upon the same duty, the plaintiff cannot maintain the

tort claim."  166 F. Supp. 3d 177, 196 (D.R.I. 2016) (quoting *Ciccone v. Pitassi*, C.A. No. PB 97-4180, 2004 R.I. Super. LEXIS 150, at *23, 2004 WL 2075120, at *7 (R.I. Super. Aug. 13, 2004)) (Silverstein, J.  In fact, in *Doe*, the Court declined to adopt the reasoning of *Doe v. Univ. of South*, No. 4:09-cv-62, 2011 WL 1258104, at *21 (E.D. Tenn. Mar. 31, 2011), which Plaintiff relies upon this paragraph.  *Id.* ("However, that case was not decided under Rhode Island law, which does not allow a tort claim to stand based upon the same duty underlying a contract claim.").

367.    Paragraph 367 is directed to Davis, not Brown.  To the extent that a response is required, Brown denies that it has any liability to Plaintiff under a negligence claim.

368.    Brown denies the allegations in paragraph 368.

369.    Brown denies the allegations in paragraph 369.

**COUNT VI**<br>**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**<br>**Against Brown University, Donna Davis, and Davis Consulting Group, LLC**

370.    Brown repeats and incorporates its responses to paragraphs 1-369.

371.    Brown denies the allegations in paragraph 371 to the extent that they are directed to the University.

372.    Brown denies the allegations in paragraph 372.

373.    Brown denies the allegations in paragraph 373.

374.    Brown denies that Plaintiff has alleged and can show the high level of proof required to support a claim for intentional infliction of emotional distress.  The University has no liability to Plaintiff under Count VI.

375.    Brown denies that Plaintiff has alleged and can show the high level of proof required to support a claim for intentional infliction of emotional distress.  The University has no liability to Plaintiff under Count VI.

376.    Brown denies the allegations in paragraph 376.

## COUNT VII
### TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONS
### Against Donna Davis, and Davis Consulting Group, LLC

377.    Brown repeats and incorporates its responses to paragraphs 1-376.

378.    As stated above in its responses to Count I, Brown admits that its university-student relationship with Plaintiff is contractual, but denies any allegations of a breach of that contractual relationship.

379.    As stated above in its responses to Count I, Brown admits that its policy documents form the basis of a contractual relationship with its students, including Plaintiff, but denies any allegation of any breach of any policy provision.

380.    Brown admits that Plaintiff has correctly quoted from the cited policy provisions, but denies any allegation that Brown breach any of the provisions' requirements.

381.    Brown admits that Plaintiff has correctly quoted from the cited policy provisions, but denies any allegation that Brown breach any of the provisions' requirements.

382.    Brown admits only that it trained Davis as to the University's applicable policy and procedure.  The remainder of the allegations are specific to Davis, and Brown leaves Davis to her response.  Brown denies any liability for any alleged acts or omissions by Davis.

383.    Brown lacks knowledge or information sufficient to form a belief regarding about the truth of the allegations in paragraph 383.

384.    Brown denies the allegations in paragraph 384.

385.    Brown denies the allegations in paragraph 385.

386.    Brown denies the allegations in paragraph 386.

387.    Brown denies the allegations in paragraph 387.

## BROWN'S AFFIRMATIVE DEFENSES

Brown raises the following affirmative and additional defenses, without assuming the burden of proof of any issues to which applicable law places the burden on Plaintiff.  Nothing stated herein is intended to be construed as an acknowledgement that any particular issues or subject matter is relevant to Plaintiff's allegations.  All defenses are pled in the alternative, and none constitutes an admission of liability or that Plaintiff is entitled to any relief on his claims.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Verified Complaint fails to state any claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Brown's actions were justified by legitimate, non-discriminatory reasons and Plaintiff cannot establish a causal connection between his gender and any alleged adverse actions.

### THIRD AFFIRMATIVE DEFENSE

Brown adhered to all of its contractual promises and obligations in the university-student relationship.

### FOURTH AFFIRMATIVE DEFENSE

Brown fulfilled all of its legal duties of care owed to Plaintiff.  No breach of any duty occurred.

### FIFTH AFFIRMATIVE DEFENSE

Brown had appropriate, gender-neutral, and Title IX-compliant policies and procedures in place at all relevant times for the prevention, reporting, determination, and remedying of claims of discrimination and acted in accordance with and enforced such policies and procedures in a gender-neutral manner.

### SIXTH AFFIRMATIVE DEFENSE

Brown is not subject to liability under Title IX because its policies and procedures in place for reporting and responding to sexual misconduct, at all relevant times, have been gender neutral, prompt and equitable, and fully compliant with Title IX.

### SEVENTH AFFIRMATIVE DEFENSE

Brown had reasonable grounds to believe that its actions with respect to Plaintiff were not in a violation of any law, rule, regulation, or guidelines as they existed at all times relevant to the allegations in Plaintiff's Verified Complaint.

### EIGHTH AFFIRMATIVE DEFENSE

The sole and proximate cause of any injury Plaintiff may have experienced is due to his own actions or inactions.  Accordingly, all damages purportedly incurred by Plaintiff were the result of his own conduct.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's alleged damages, if any, were the result of causes other than the acts or omissions of Brown, including the intervening or superseding acts of third parties beyond the University's control.

### TENTH AFFIRMATIVE DEFENSE

If Plaintiff suffered damages from Brown's alleged conduct, then said damages were caused by Plaintiff's failure to take reasonable efforts to mitigate or avoid his damages and, therefore, Plaintiff is not entitled to recover from Brown.  At a minimum, any recovery must be reduced proportionately.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's negligence claims are barred or diminished under the principles of comparative or contributory negligence.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by his own unclean hands.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to recover attorneys' fees or other costs or disbursements.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to comply with the terms, conditions, policies, and procedures established by Brown.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's assumed the risk of any alleged injuries or damages.

## SIXTEENTH AFFIRMATIVE DEFENSE

Brown acted in good faith, at all times, in its dealings with Plaintiff and did not engage in willful, wanton, malicious, or reckless conduct so as to justify an award of punitive damages.

## RESERVATION OF RIGHTS

Brown expressly reserves the right to amend and/or supplement this Answer and Affirmative and Other Defenses.  Brown asserts all defenses (affirmative or otherwise) that may be revealed during the course of discovery or other investigation.

**WHEREFORE**, Brown respectfully requests that the Court:

1.      Dismiss Plaintiff's action in its entirety;

2.      Award Brown its costs of suit; and

3.      Award Brown such other and further relief as the Court deems just and proper.

4884-7969-2562.1

**<u>JURY TRIAL DEMANDED</u>**

Brown demands a trial by jury on all issues so triable.


Dated: October 13, 2022                          BROWN UNIVERSITY

                                                 By Its Attorney,

                                                 */s/ Steven M. Richard*
                                                 Steven M. Richard (4403)
                                                 Nixon Peabody LLP
                                                 One Citizens Plaza, Suite 500
                                                 Providence, RI  02903
                                                 srichard@nixonpeabody.com
                                                 Telephone: (401) 454-1020
                                                 Facsimile:  (866) 947-1332



**<u>CERTIFICATION</u>**

I certify that, on October 13, 2022, this Answer was filed and served electronically via the

Court's CM/ECF system.


                                                 */s/ Steven M. Richard*