UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

**DAVID SMITH, a pseudonym,**
*Plaintiff*,
v.
**BROWN UNIVERSITY,**
**DAVIS CONSULTING GROUP, LLC,**
**and DONNA DAVIS, individually**
*Defendants*.

C.A. No. 1:22-cv-00329-JJM-PAS

### DEFENDANT BROWN UNIVERSITY'S MOTION FOR JUDGMENT ON THE PLEADINGS AS TO COUNTS III, IV AND V OF PLAINTIFF'S VERIFIED COMPLAINT

Under Federal Court Rule of Civil Procedure 12(c), Defendant Brown University moves for a judgment on the pleadings as to Counts III, IV, and V of Plaintiff's Verified Complaint. Plaintiff has pled claims against Brown alleging negligence, negligent hiring and supervision, and violation of the Rhode Island Deceptive Trade Practices Act ("RIDTPA"). All three counts fail to plead plausible claims in the university-student relationship upon which relief can be granted under Rhode Island law.

**I.      Standard of Review**

A motion for judgment on the pleadings under Rule 12(c) requires the Court to view the facts alleged in the pleadings in a light most favorable to Plaintiff and draw all reasonable inferences therefrom. *Aponte-Torres v. Univ. of P.R.*, 445 F.3d 50, 54-55 (1st Cir. 2006). The Court may enter a judgment on the pleadings "if the uncontested and properly considered facts conclusively establish the movant's entitlement to a favorable judgment." *Id*. at 54.

In this motion, Brown does not have to summarize the allegations pled in Plaintiff's Verified Complaint. Even accepting the truth of what Plaintiff has alleged in the pleading's 387

paragraphs, his counts against Brown asserting negligence, negligent hiring and supervision, and a RIDTPA violation fail as a matter of Rhode Island law.

II.     **Argument**

    A.    **Because the university-student relationship is contractual, Plaintiff cannot maintain contract and negligence claims based upon the same duty.**

Under Rhode Island law, "[a] student's relationship to his university is based in contract." *Havlik v. Johnson & Wales Univ.*, 509 F.3d 25, 34 (1st Cir. 2007) (citing *Mangla v. Brown Univ.*, 135 F.3d 80, 83 (1st Cir. 1998)).  "The relevant terms of the contractual relationship between a student and a university typically include language found in the university's student handbook." *Id*.

Plaintiff has pled a breach of contract claim against Brown, and the University will show that no breach occurred.  Plaintiff was found to be responsible for sexually assaulting another student through a properly conducted process under Brown's policies and procedures, which provided notice and an opportunity to be heard during the investigation, hearing, and appellate review.

Plaintiff cannot backdoor negligence claims into this litigation.  In *Doe v. Brown University*, Judge Smith held that "[i]f a contract claim and tort claim 'are based upon the same duty, the plaintiff cannot maintain the tort claim.'"  166 F. Supp. 3d 177, 196 (D.R.I. 2016) (quoting *Ciccone v. Pitassi*, C.A. No. 97-4180, 2004 R.I. Super. LEXIS 150, at * 23, 2004 WL 2075120, at *7 (R.I. Super. Aug. 13, 2004) (Silverstein, J.)).  In his negligence claim (Count V), Plaintiff alleges that "Brown owed David Smith the same duty of reasonable care to be thorough, objective, accurate, and diligent in gathering all relevant evidence, including any and all exculpatory evidence for the accused, and to accurately and objectively report the results of this investigation to the University's hearing panel."  Ver. Comp. at ¶ 366.  Plaintiff pleads an alleged

2

duty based entirely upon his contractual relationship with Brown  Under Rhode Island law, he cannot pursue a negligence claim duplicating his contract claim.[1]

Similarly, there is no distinct duty to support his separately pled claim against Brown alleging negligent hiring and supervision (Count III).  Plaintiff's claim is premised entirely upon allegations about the manner in which Brown conducted its investigation of the sexual misconduct complaint against him, which again is the subject matter of his breach of contract claim.

Recently, the Court dismissed negligence and negligent supervision claims pled by a group of plaintiffs against Brown.  *Soenen et. al. v. Brown Univ.*, C.A. No. 21-325-JJM-PAS (ECF Doc. No. 34 at 3) ("[T]he student-university relationship is contractual, and Plaintiffs cannot maintain a tort claim and a contract claim based on the same duty . . . .").  The same result should occur here, and Plaintiff's negligence and negligent hiring and supervision claims should not survive past the pleadings.

A judgment should enter in Brown's favor as to Counts III and V of Plaintiff's Verified Complaint.

### B. The Rhode Island Supreme Court has never applied the RIDTPA to the university-student relationship, and the Court should not do so as a matter of first impression under Rhode Island law.

In his Verified Complaint, Plaintiff requests that the Court recognize, as a matter of first impression under Rhode Island law, a cause of action by a student against a university under the RIDTPA (Count IV).  The RIDTPA prohibits "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." R.I. Gen. Laws § 6-13.1-2. "'Trade' and 'commerce' mean the advertising, offering for sale, or distribution of any services

---

[1] Ignoring applicable Rhode Island law, Plaintiff cites to decisions from other jurisdictions to support his negligence claims.  Ver. Compl. ¶ 366.

and any property, tangible or intangible, real, personal, or mixed, or any other article, commodity, or thing of value wherever situate, and include any trade or commerce directly or indirectly affecting the people of this state." § 6-13.1-1(5).  Brown submits that the university-student relationship in educational disciplinary processes is not "trade" or "commerce" within the ambit of the RIDTPA.

The Rhode Island Supreme Court has never applied the RIDTPA to the university-student relationship.  If this Court does so as a matter of first impression, its application in a student disciplinary case would have significant public policy implications beyond this litigation.  Respectfully, this federal court should not create a new RIDTPA claim impacting academic and non-academic disciplinary processes at our state's colleges and universities.  *See Doe v. Trs. of Bos. Coll.*, 942 F.3d 527, 535 (1st Cir. 2019) ("A litigant who chooses federal court over state court cannot expect this court to . . . blaze new and unprecedented jurisprudential trails as to state law.") (internal quotation marks and citation omitted); *see also Sterman v. Brown Univ.*, 513 F. Supp.3d 243, 255-56 (D.R.I. 2021) (declining to recognize a breach of fiduciary duty claim in the university-student relationship as a matter of first impression under Rhode Island law); *Doe v. Brown Univ.*, 304 F. Supp. 3d 252, 261 (D.R.I. 2018) (declining to recognize a special relationship under Rhode Island negligence law because of the "serious implications" impacting colleges and universities that should be addressed before the Rhode Island General Assembly).

By analogy, at the Rule 12(b)(6) stage, the Connecticut Federal District Court dismissed a claim under Connecticut's Unfair Trade Practices Act ("CUTPA") by a student who was expelled from her college for allegedly cheating on examinations.  *Doe v. Wesleyan Coll.*, Civ. No. 3:19-cv-01519 JBA), 2021 WL 664010, at *14 (D. Conn. Feb. 19, 2021).  While acknowledging that Connecticut courts have permitted CUTPA claims to proceed to a limited extent only "where the

challenged conduct implicated the financial aspects of the academic institution, such as false promises of licensures, or eviction from student housing without summary process," the Connecticut Federal District Court held that the plaintiff's claim that the college "mishandled its academic misconduct investigation does not implicate conduct analogous to a deprivation of a non-academic service, a false promise of professional licensure, or otherwise a non-academic 'trade or commerce' engaged in by an academic institution." *Id*. (internal citations omitted). The same conclusion should be reached here in dismissing Plaintiff's RIDTPA claim and entering a judgment in Brown's favor as to Count IV of the Verified Complaint.

### III.   Conclusion

For the above-stated reasons, the Court should grant Brown's Rule 12(c) motion as to Counts III, IV, and V of Plaintiff's Verified Complaint.

### REQUEST FOR HEARING

Brown requests a hearing on this motion. If the Court schedules a hearing, Brown anticipates that it should require approximately thirty (30) minutes on the Court's calendar.

DEFENDANT

BROWN UNIVERSITY

By Its Attorneys,

/s/ Steven M. Richard
Steven M. Richard (#4403)
Nixon Peabody LLP
One Citizens Plaza, Suite 500
Providence, RI 02903
Tel: 401-454-1020
Fax: 401-454-1030
srichard@nixonpeabody.com

Dated: February 13, 2023

## CERTIFICATE OF SERVICE

I certify that, on February 13, 2023, Brown University's Rule 12(c) motion was filed and served via the Court's CM/ECF system.

/s/ Steven M. Richard

4877-2633-4027.1