**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

DAVID SMITH,
Plaintiff,
vs.
BROWN UNIVERSITY,
DAVIS CONSULTING GROUP, LLC, and
DONNA DAVIS, Individually
Defendants.

Case No.: 1:22-cv-00329

**STIPULATED PROTECTIVE ORDER**

The parties to this Stipulated Protective Order ("Order") have agreed to the terms of this Order to govern the production and use of confidential material in this case; accordingly, it is ORDERED:

**1. Scope.** All documents produced or made available for inspection in the course of discovery, all responses to discovery requests, all responses to subpoenas issued to non-parties, all deposition testimony and exhibits, other materials which may be subject to restrictions on disclosure for good cause, and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Order concerning confidential information as set forth below. The Order is subject to the Local Rules of the District of Rhode Island and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

**2. Purpose.** The purpose of this Order is to protect against the unnecessary disclosure of Confidential Information.

**3. Disclosure Defined.** As used herein, "disclosure" or "to disclose" means to divulge, reveal, describe, summarize, paraphrase, quote, transmit, or otherwise communicate Confidential Information, and the restrictions contained herein regarding disclosure of Confidential Information also apply with equal force to any copies, excerpts, analyses, or summaries of such materials or the information contained therein, as well as to any pleadings, briefs, exhibits, transcripts or other documents which may be prepared in connection with this litigation which contain or refer to the Confidential Information or information contained therein.

**4. Designating Material**

**a. Use of pseudonyms and handling of personally identifiable information of current or former students of Defendant Brown University in public court filings and statements.** Consistent with the Court's Order dated September 12, 2022, and unless otherwise ordered by the Court, the parties will employ pseudonyms for Plaintiff "David Smith," Plaintiff's accuser "Jane Doe," and use pseudonyms for all referenced current and former students of

Defendant Brown University in any documents filed publicly with the Court or stated in public oral argument, hearing, trial, or otherwise stated before the Court. Regarding only documents sought to be filed with the Court, where the identities and personally identifiable information of current and former students cannot be protected using pseudonyms, the parties will seek permission from the Court to file the documents under seal as outlined below.

b. **Documents Which May be Designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER.** Any party may designate and label documents as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER upon making a good faith determination that the documents contain information protected from disclosure by statute or that should be protected from disclosure as confidential student records, confidential personal information, medical or psychiatric information, personnel and employment records, or such other sensitive commercial information that is not publicly available. Public records and other information or documents that are publicly available may not be designated as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER.

**5. Form and Timing of Designation.**

**a**. **Documents and Written Materials.** The Producing Entity shall designate documents as confidential and restricted in disclosure under this Order by placing or affixing the words "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" on the document in a manner that will not interfere with the legibility of the document and that will permit complete removal of the label of "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" at a later time after production or disclosure of the documents, if necessary. The designation "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Materials shall be so-designated prior to, or at the time of, their production or disclosure.

**b. Electronically Stored Information ("ESI"):** If a production response includes ESI, the Producing Entity shall make an effort to include within the electronic files themselves the designation "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" to the extent practicable. If that is not practicable, then the Producing Entity shall designate in a transmittal letter or email to the party to whom the materials are produced (the "Receiving Party") using a reasonable identifier (e.g., the Bates range) any portions of the ESI that should be treated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER."

**c.** Any- **Party May Designate**. Any Party may designate a Producing Entity's produced document(s) or ESI as "CONFIDENTIAL -SUBJECT TO PROTECTIVE ORDER" within 14 days following a production that does not reflect this designation.

**6. Challenges by a Party to Designation as Confidential.** Any CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER designation is subject to challenge by any party or non-party with standing to object (hereafter "party"). If a party believes that any documents or materials have been inappropriately designated by another party or non-party, that party shall provide written notice of its objection to the designation to counsel for the person or entity that designated the documents or materials. Within 5 business days of the written notice, the parties must confer regarding the objection. As part of that conferral, the designating person or entity must assess whether redaction is a viable alternative to complete non-disclosure. If any party challenges the "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" designation of any document or information, the burden to properly maintain the designation shall, at all times, remain with the person or entity that made the designation to show that said document or information should remain protected pursuant to Federal Rule of Civil Rule 26(c). In the event of disagreement, the designating person or entity shall file a motion pursuant to Federal Rule of Civil Procedure 26(c) within 5 business days of the parties' conferral. A party who disagrees with the designation must nevertheless abide by that designation until the matter is resolved by agreement of the parties or by order of the Court. If no motion is filed, the designating party will be deemed to have waived its designation.

**7. Depositions.** Deposition testimony shall be deemed CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER only if designated as such. Such designation shall be specific as to the portions of the transcript or any exhibit to be designated as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER. Thereafter, the deposition transcripts and any of those portions so designated shall be protected as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER, pending objection, under the terms of this Order.

**8. Protection of Confidential Material.**

**(a) General Protections.** Documents designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER under this Order shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in ¶ 8(b) for any purpose whatsoever

other than to prepare for and to conduct discovery, motions, hearings, and trial in this action, including any appeal thereof.

**(b) Limited Third-Party Disclosures.** The parties and counsel for the parties shall not disclose or permit the disclosure of any CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER documents to any third person or entity except as set forth in subparagraphs (1)-(9). Subject to these requirements, the following categories of persons may be allowed to review documents that have been designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER:

**(1) Counsel.** Counsel for the parties, including attorneys in Brown's Office of General Counsel, and employees and agents of counsel who have responsibility for the preparation and/or trial of the action;

**(2) Parties.** Parties and those employees or parents of a party to this Order who are assisting in the litigation, but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to be Bound;

**(3) The Court and its personnel;**

**(4) Court Reporters and Recorders.** Court reporters and recorders engaged for depositions;

**(5) Consultants, Investigators and Experts.** Consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and/or trial of this action or proceeding, but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

**(6) Contractors.** Those persons specifically engaged by a party's counsel for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired by a party's counsel to process electronically stored documents;

**(7) Deposition Witnesses.** Witnesses and their respective counsel may be shown documents designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER for purposes of preparation for and during their

depositions taken in this action and such documents may be marked as exhibits to such depositions;

**(8) Author or Named Recipient.** The author or named recipient of the document (not including a person who received the document in the course of litigation); and

**(9) Others by Consent.** Other persons only by written consent of the Producing Entity or upon order of the Court and on such conditions as may be agreed or ordered. All such persons shall execute the certification contained in Attachment A, Acknowledgement of Understanding and Agreement to Be Bound.

**(c) Control of Documents.** Counsel for the parties shall take reasonable and appropriate measures to prevent unauthorized disclosure of documents designated as CONFIDENTIAL –SUBJECT TO PROTECTIVE ORDER pursuant to the terms of this Order. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of 1 year after dismissal of the action, the entry of final judgment and/or the conclusion of any appeals arising therefrom.

**(d) Copies.** Prior to production to another party, all copies, electronic images, duplicates, extracts, summaries or descriptions (hereinafter referred to collectively as "copies") of documents designated as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER under this Order, or any individual portion of such a document, shall be affixed with the designation "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" if the words do not already appear on the copy. All such copies shall thereafter be entitled to the protection of this Order. The term "copies" shall not include indices, electronic databases or lists of documents provided these indices, electronic databases or lists do not contain substantial portions or images of the text of confidential documents or otherwise disclose the substance of the confidential information contained in those documents.

**9. Inadvertent Production.** Inadvertent production of any document or information with the designation of "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" shall be governed by Fed. R. Evid. 502. "Inadvertent" shall be defined as the production of ESI or documents that could have been withheld or redacted under a good faith basis to assert a claim of privilege or other protection. Pursuant to subsections (d) and (e) of that Rule, the parties agree to, and the Court orders, protection of Protected Information (defined below) against claims of waiver

(including as against third parties and in other Federal and State proceedings) in the event such information is produced during the course of this Litigation, whether pursuant to a Court order, a parties' discovery request, or informal production, as follows:

a. the production of documents or ESI (including, without limitation, metadata) subject to a legally recognized claim of privilege or other protection from production or other disclosure (collectively, "Protected Information"), including without limitation the attorney-client privilege and work-product doctrine, shall in no way constitute the voluntary disclosure of such Protected Information;

b. the production of Protected Information shall not result in the waiver of any privilege or protection associated with such Protected Information as to the receiving party, or any third parties, and shall not result in any waiver of protection, including subject matter waiver, of any kind;

c. if any document or ESI (including, without limitation, metadata) received by a party is on its face clearly subject to a legally recognizable privilege, immunity, or other right not to produce such information, the Receiving Party will promptly notify the Producing Entity in writing within fifteen (15) business days of the discovery that it has discovered Protected Information, identify the Protected Information by Bates Number range, and return or sequester such Protected Information until the Producing Entity confirms whether it does indeed assert any privilege protecting this information. Once the Producing Entity asserts privilege over such Protected Information (as described in Subparagraph (e) below), the Receiving Party will return, sequester, or destroy all copies of such Protected Information, along with any notes, abstracts or compilations of the content thereof, within fifteen (15) business days of notice from the Producing Entity;

d. upon the request of the Producing Entity, the Receiving Party will promptly disclose the names of any individuals who have read or have had access to the Protected Information;

e. if the Producing Entity intends to assert a claim of privilege or other protection over Protected Information identified by the Receiving Party, the Producing Entity will, within fifteen (15) business days of receiving the Receiving Party's written notification, inform the Receiving Party of such intention in writing and shall provide the Receiving Party with a log for such Protected Information that is consistent with the requirements of the Federal Rules of Civil Procedure, setting forth the basis for the claim of privilege, immunity or basis for non-disclosure, and in the event, if any portion of the Protected Information does not contain privileged or protected information, the Producing Entity shall also provide to the Receiving Party a redacted copy of the Protected Information that omits the information that the Producing Entity believes is subject to a claim of privilege, immunity or other protection;

f. if, during the course of this litigation, a party determines it has produced Protected Information, the Producing Entity may notify the Receiving Party of such production in writing. The Producing Entity's written notice must identify the Protected Information by Bates Number range, the privilege or protection claimed, and the basis for the assertion of the privilege and shall provide the Receiving Party with a log for such Protected Information that is consistent with the requirements of the Federal Rules of Civil Procedure, setting forth the basis for the claim of privilege, immunity or basis for non-disclosure, and in the event any portion of the Protected Information does not contain privileged or protected information, the Producing Entity shall also provide to the Receiving Party a redacted copy of the Protected Information that omits the information that the Producing Entity believes is subject to a claim of privilege, immunity or other protection. The Producing Entity must also demand the return of the Protected Information. After receiving such written notification, the Receiving Party must, within fifteen (15) business days of receiving the written notification, return, sequester, or destroy the specified

Protected Information and any copies, along with any notes, abstracts or compilations of the content thereof;

g. a Receiving Party's return, sequestration, or destruction of such Protected Information as provided in the Subparagraphs above will not act as a waiver of the Receiving Party's right to move for the production of the returned, sequestered, or destroyed Protected Information on grounds that the Protected Information is not in fact subject to a viable claim of privilege or other protection. However, the Receiving Party is prohibited and estopped from arguing that the Producing Entity's production of the Protected Information in this matter acts as a waiver of applicable privileges or protections, that the disclosure of the Protected Information by the Producing Entity was not inadvertent, that the Producing Entity did not take reasonable steps to prevent the disclosure of the Protected Information, or that the Producing Entity did not take reasonable steps to rectify such disclosure; and

h. nothing contained herein is intended to or shall limit a Producing Entity's right to conduct a review of documents or ESI (including, without limitation, metadata), for relevance, responsiveness, and/or the segregation of privileged and/or protected information before such information is produced to the Receiving Party;

i. prior to production to another party, all copies, electronic images, duplicates, extracts, summaries, or descriptions (collectively "copies") of documents marked "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" under this Order, or in any individual portion of such a document, shall be affixed with the designation "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" if it does not already appear on the copy. All such copies shall thereafter be entitled to the protection of this Order. The term "copies" shall not include indices, electronic databases, or lists of documents provided these indices, electronic databases, or lists do not contain substantial portions or images of the text of confidential documents or otherwise disclose the substance of the confidential information contained in those documents.

**10. Filing of CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER Documents Under Seal.** In the event a party seeks to file with the Court any confidential information subject to protection under this Order, that party must take appropriate action to ensure that the document receives proper protection from public disclosure, including: (a) filing a redacted document with the consent of the party who designated the document as confidential; (b) where appropriate (e.g., in relation to discovery and evidentiary motions), submitting the document solely for in camera review; or (c) when the preceding measures are inadequate, seeking permission to file the document under seal by filing a motion for leave to file under seal.

Any motion to file a document subject to this Order under seal must meet the applicable First Circuit standard and this Court's Local Rule General 102. The burden of demonstrating the need for and appropriateness of a sealing order is borne by the moving party.

**11. FERPA Records.** The parties agree that personally identifiable information (PII) protected by FERPA, particularly PII of nonparty current and former students of Defendant Brown University should be protected from public disclosure. If a document is marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" because the document contains

personally identifiable information with respect to students, education records, and other information that may be covered by FERPA, a party shall redact any personally identifiable information or otherwise sufficiently de-identify the document prior to filing if the document is not permitted to be filed under seal. As stated in paragraph 19 below, nothing in this paragraph limits Brown University's obligation under 34 C.F.R. § 99.31(a)(9) of the FERPA Regulations.

**12. Action by the Court.** Applications to the Court for an order relating to any documents designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER shall be by motion. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make any orders that may be appropriate with respect to the use and disclosure of any documents produced or used in discovery or at trial.

**13. Use of Confidential Documents or Information at Public Hearing.** All trials, and certain pretrial proceedings and hearings, are open to the public (collectively a "Public Hearing" or "Public Hearings"). Absent order of the Court, there will be no restrictions on the use of any document that may be introduced by any party during a Public Hearing. However, if a party intends to present at a Public Hearing any document or information that has been so designated, the party intending to present such document or information shall provide advance notice to the person or entity that designated the material as Confidential at least **five (5) business** days before the Public Hearing by identifying the documents or information at issue as specifically as possible (i.e., by Bates Number, page range, deposition transcript line, etc.) without divulging the actual documents or information. Any person may then seek appropriate relief from the Court regarding restrictions on the use of such documents or information at trial, or sealing of the courtroom, if appropriate. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

**14. Obligations on Conclusion of Litigation.**

**(a) Order Remains in Effect.** Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

**(b) Return of Documents Filed Under Seal.** After dismissal or entry of final judgment not subject to further appeal, the Clerk may elect to return to counsel for the parties or, after notice, destroy documents filed or offered at trial under seal or otherwise restricted by the Court as to disclosure. To the extent the Clerk returns to counsel any documents treated as CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER under this Order and/or containing

confidential health information protected by HIPAA and/or any applicable state confidentiality statute, such documents are subject to ¶ 10(a).

**15. Order Subject to Modification.** This Order shall be subject to modification by stipulation of the parties and approved by Order of the Court, the Court on its own motion, or on motion of a party or any other person with standing concerning the subject matter.

**16. No Prior Judicial Determination.** This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any documents or information designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER by counsel or the parties is subject to protection under the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

**17. Persons Bound.** This Order shall take effect when entered and shall be binding upon all counsel and their law firms, the parties, and persons made subject to this Order by its terms.

**18. No Waiver.** Neither the taking of any action in accordance with the provisions of this Order nor the failure to object to such action shall be construed as a waiver of any claim or defense in this action.

**19. Privacy Rights.** Noting in this Order shall prevent non-parties from asserting their own privacy rights in documents held by the parties, including but not limited to those rights provided by FERPA. Nor shall this Order prevent Defendant Brown University from fulfilling the obligations and responsibilities regarding student privacy placed on it by FERPA, or other applicable laws or regulations.

**20. No Restriction.** Nothing contained in this Order shall be construed to limit, restrict or otherwise affect the ability of any party to seek the production of documents, testimony or information from any source.

**IT IS SO ORDERED.**

Dated: March 29, 2023

McConnell, C.J.

**AGREED TO:**

By: /s/ Maria F. Deaton
Patrick C. Lynch, Esq. (#4867)
Maria F. Deaton, Esq. (#7286)
Lynch & Pine, Attorneys at Law
One Park Row, Fifth Floor
Providence, RI 02903
(401) 274-3306
plynch@lynchpine.com
mdeaton@lynchpine.com

By: /s/ Douglas F. Gansler
Douglas F. Gansler, Esq. (*pro hac vice*)
Cadwalader, Wickersham & Taft LLP
700 Sixth Street, N.W.
Washington, DC 20001
(202) 862-2300
douglas.gansler@cwt.com

*Attorneys for David Smith*

By: /s/ Patricia M. Hamill
Patricia M. Hamill, Esq. (*pro hac vice*)
Andrew S. Gallinaro, Esq. (*pro hac vice*)
Clark Hill PLC
Two Commerce Square
2001 Market Street, Suite 2620
Philadelphia, PA 19103
(215) 640-8500
phamill@clarkhill.com
agallinaro@clarkhill.com

By: /s/ Joel I. Fishbein
Joel I. Fishbein
Litchfield Cavo, LLP
1515 Market Street, Suite 1220
Philadelphia, PA 19102

Luana DiSarra Scavone
Litchfield Cavo, LLP
6 Kimball Lane, Suite 200
Lynnfield, MA 01940

*Attorneys for Donna Davis and Davis Consulting Group, LLC*

By: /s/ Steven M. Richard
Steven M. Richard
Nixon Peabody LLP
One Citizens Plaza, Suite 500
Providence, RI 02903
(401) 454-1020
srichard@nixonpeabody.com

*Attorney for Defendant Brown University*