# UNITED STATES DISTRICT COURT
# DISTRICT OF RHODE ISLAND

| | |
|---|---|
| DAVID SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| BROWN UNIVERSITY, | ) Case No.: 1:22-cv-00329 |
| DAVIS CONSULTING GROUP, LLC, and | ) |
| DONNA DAVIS, Individually, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## PLAINTIFF'S MOTION TO COMPEL RESPONSE TO PLAINTIFF'S THIRD REQUEST FOR PRODUCTION OF DOCUMENTS

Plaintiff David Smith, by and through undersigned counsel, and pursuant to Federal Rule of Civil Procedure 37, moves to compel Defendant Brown University ("Brown") to respond in full to Plaintiff's Third Request for Production of Documents seeking comparator discovery related to Brown's adjudication of similar allegations of non-consensual sexual activity involving other students. This motion in supported by the Verified Amended Complaint and Exhibits and the accompanying memorandum. Plaintiff respectfully requests that the Court grant this motion and enter the attached Proposed Order.

Dated: August 8, 2023               Respectfully submitted,

By: */s/ Maria F. Deaton*                By: */s/ Patricia M. Hamill*
   Patrick C. Lynch, Esq. (#4867)          Patricia M. Hamill, Esq. (*pro hac vice*)
   Maria F. Deaton, Esq. (#7286)           Andrew S. Gallinaro, Esq. (*pro hac vice*)
   Lynch & Pine, Attorneys at Law          Clark Hill PLC
   One Park Row, Fifth Floor               Two Commerce Square
   Providence, RI 02903                    2001 Market Street, Suite 2620
   (401) 274-3306                          Philadelphia, PA 19103
   plynch@lynchpine.com                    (215) 640-8500
   mdeaton@lynchpine.com                   phamill@clarkhill.com
                                           agallinaro@clarkhill.com

By: */s/ Douglas F. Gansler*

Douglas F. Gansler, Esq. (*pro hac vice*)
Cadwalader, Wickersham & Taft LLP
700 Sixth Street, N.W.
Washington, DC 20001
(202) 862-2300
douglas.gansler@cwt.com

*Attorneys for Plaintiff David Smith*

2

## MEET AND CONFER CERTIFICATE

Pursuant to Local Rule 7.1(c), undersigned counsel certifies that a good faith attempt has been made to obtain concurrence in the relief sought in this motion. Specifically, prior to filing this motion, on July 24, 2023, counsel for Plaintiff and Defendant met and conferred to discuss this discovery dispute and were unable resolve the issue without the Court's intervention.

Dated: August 8, 2023

/s/ Maria F. Deaton
Maria F. Deaton, Esq. (#7286)
Lynch & Pine, Attorneys at Law
One Park Row, Fifth Floor
Providence, RI 02903
(401) 274-3306
mdeaton@lynchpine.com

## CERTIFICATE OF SERVICE

I, Maria F. Deaton, certify that on the date set forth below, this document was electronically filed through the Court's CM/ECF system and is available for viewing and downloading to all registered counsel of record.

Dated: August 8, 2023                    /s/ Maria F. Deaton
                                                                  Maria F. Deaton, Esq. (#7286)
                                                                  Lynch & Pine, Attorneys at Law
                                                                  One Park Row, Fifth Floor
                                                                  Providence, RI 02903
                                                                  (401) 274-3306
                                                                  mdeaton@lynchpine.com

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| DAVID SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| BROWN UNIVERSITY, ) | Case No.: 1:22-cv-00329 |
| DAVIS CONSULTING GROUP, LLC, and ) | |
| DONNA DAVIS, Individually, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO COMPEL RESPONSE TO PLAINTIFF'S
THIRD REQUEST FOR PRODUCTION OF DOCUMENTS**

Plaintiff David Smith, by and through undersigned counsel, and pursuant to Federal Rule of Civil Procedure 37, moves to compel Defendant Brown University ("Brown") to respond in full to Plaintiff's Third Request for Production of Documents seeking discovery on investigations and disciplinary decisions involving certain students other than Plaintiff.

Plaintiff seeks discovery related to six cases that Brown adjudicated involving similar allegations of non-consensual sexual activity ("comparator discovery").[1] Brown objects to producing this comparator discovery based on its unilateral determination that these six cases are not relevant to Plaintiff's case and by claiming the materials are confidential and subject to the requirements of the Family Educational Rights and Privacy Act ("FERPA"). Brown's objections are unfounded.

**First**, comparator discovery is uniformly recognized by Courts across the country as

---

[1] As outlined below, Plaintiff requested limited documents associated with four matters. Two of the four matters involved counterclaims brought by the responding student, which Brown treated as a separate case. Accordingly, while there are six "cases," the discovery only actually relates to four matters.

relevant to Plaintiff's Title IX claim which requires proof that Plaintiff was treated differently based on his gender. **Second**, any concerns regarding FERPA can be resolved with the entry of an appropriate order, in the form enclosed with this motion, that provides the comparator students with adequate notice and an opportunity to object to Brown's production of the relevant materials. Accordingly, and as explained further below, Plaintiff's Motion to Compel should be granted and Brown should be compelled to produce the comparator discovery.

I.     **RELEVANT BACKGROUND**[2]

This action stems from a grievously mishandled and biased student disciplinary proceeding at Brown in which Plaintiff was falsely accused of sexual assault by a female Brown student (referred to as Jane Roe), found responsible, and suspended by Brown. (Verified Am. Compl., ECF No. 36, at ¶ 1.) At every turn, from the inception of the disciplinary process, through the investigation and hearing, Brown and its privately retained investigator did everything in their power to strip the process of any semblance of fairness, including by withholding exonerating medical evidence from the investigative record and by fabricating alleged "admissions" by Plaintiff that were relied on by a hearing panel to hold him responsible. (*Id.*)

   A.     **Plaintiff's Title IX Claim**

Plaintiff's Verified Amended Complaint pleads several claims against Brown including discrimination in violation of Title IX. (*Id.* at Count II, ¶¶ 271-353.) Plaintiff's Title IX case is based on the "erroneous outcome" and "selective enforcement" theories of liability. *See Yusuf v. Vassar College,* 35 F.3d 709, 715 (2d Cir. 1994).

---

[2]     This Court is familiar with the basic facts at issue in this case, having previously granted an injunction in favor of Plaintiff finding that Plaintiff had demonstrated a "high likelihood of success on the merits." (ECF No. 16.) Accordingly, for purposes of this motion, Plaintiff recites only the background facts that are relevant to this discovery dispute.

2

**First**, under the "erroneous outcome" theory of liability, Plaintiff must establish procedural irregularities that "cast some articulable doubt on the accuracy of the outcome of the disciplinary proceeding" and "particular circumstances suggesting that gender bias was a motivating factor behind the erroneous finding." *Yusuf,* 35 F.3d at 715. Plaintiff's Verified Amended Complaint alleges a litany of procedural irregularities that will be sufficient to cast meaningful doubt on the accuracy of the outcome. *See Doe v. Brown Univ.*, 166 F. Supp. 3d 177, 189 (D.R.I. 2016) (holding numerous and significant procedural flaws in the plaintiff's disciplinary proceeding coupled with a pattern of Brown applying a presumption of guilt against male students was sufficient to state a Title IX claim). From its inception, Brown has discarded any form of rational or gender-neutral analysis of this case. The irrational and implausible nature of the initial claim through to the responsibility finding and sanction decision rendered by Brown can only be explained by gender bias.

**Second**, under a selective enforcement theory of liability, Plaintiff must establish that "regardless of the student's guilt or innocence, the severity of the penalty and/or the decision to initiate the proceeding was affected by the student's gender." *Doe v. Brown Univ.*, 327 F. Supp. 3d 397, 412 (D.R.I. 2018). Plaintiff will demonstrate that both the decision to immediately suspend him based on its receipt of a facially implausible and irrational allegation of sexual misconduct, and the decision to hold him responsible after a flawed investigation and hearing were motivated by gender including by reviewing what interim measures Brown has utilized in other cases where female students are accused of sexual misconduct, as well as by examining the findings and significantly less severe sanctions imposed on females accused of similar offenses.

**B.   Comparator Discovery**

In connection with pursuing discovery on the Title IX claim, Plaintiff served Brown with

an interrogatory requesting that Brown identify certain information for disciplinary proceedings involving sexual misconduct (including sexual assault), dating violence, domestic violence, and stalking. In response, Brown produced a chart providing details concerning sexual misconduct cases between student parties that proceeded to a hearing under Brown's policies since the 2017-18 academic year (the "Comparator Chart"). (*See* Brown's Response to Interrogatory No. 10 (excluding the Comparator Chart), attached as **Exhibit A**.) To protect the privacy interests of the students in the listed cases, Brown produced the Comparator Chart to Plaintiff as a "Confidential" document subject to the parties' Stipulated Protective Order (ECF No. 40).[3]

After receiving the Comparator Chart, Plaintiff served his Third Request for Production of Documents that contained a single request for production directed at further information related to four matters in the Comparator Chart that involved female respondents:

1. The investigation report, adjudication decision, and appeal decision (if applicable), with student names redacted, but genders indicated, for the following four sexual misconduct matters adjudicated by Brown and identified in Brown's supplemental response to Plaintiff's Interrogatory No. 10. The matters requested are highlighted in the attached chart produced by Brown on June 20, 2023. If any highlighted matter is related to another matter on the attached chart (for example, a counterclaim adjudicated via the same investigation and adjudication) please consider this a request for the related matter as well.

(Plaintiff's Third Request for Production of Documents (excluding the highlighted Comparator Chart), attached as **Exhibit B**.)[4] In response to this document request, Brown served the following objection:

> **OBJECTION**: Among the thirty student cases identified in the chart produced by Brown in response to Plaintiff's interrogatories, Plaintiff's document request pertains to four of those cases. Brown notes that there are two related cases that

---

[3] Plaintiff can supply the chart to the Court upon request should the Court wish to review it in connection with this motion.
[4] The four highlighted misconduct matters involved female respondents with a male complainant.

4

would also be responsive to Plaintiff's request. Accordingly, the scope of Plaintiff's request covers six cases in the chart.

Brown objects to the request because documents pertaining to any or all of non-party students' cases are not relevant to any of Plaintiff's claims or Defendants' defenses in this litigation and are not proportionate to its needs. Particularly, Brown must maintain and preserve the confidentiality of all such documents pertaining to non-parties to this litigation, which constitute "education records" subject to the requirements of the Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. § 1232g, and the United States Department of Education's regulations implementing FERPA, 34 CFR Part 99. Even if the names of student parties and witnesses are redacted from the requested investigative reports and decisions, there still remains a significant risk that their identities could be discernable or known, which would violate their privacy interests and rights under FERPA if their education records were disclosed to Plaintiff without their consent.

In addition, the investigation reports and decisions requested by Plaintiff contain details of private, sexual encounters between non-parties to this litigation that were not intended for disclosure outside of the processes conducted by Brown's Title IX Office. If the Court were to order Brown to produce the investigation reports and decisions to Plaintiff, Brown would first have to comply with its mandatory obligation under FERPA to make a reasonable effort to notify the student parties and possibly numerous student witnesses to these cases that Plaintiff is seeking their records so that the students may seek protective action. *See* 34 CFR §§ 99.31(a)(9)(i) and (ii) (requiring reasonable notice to students upon the issuance of a judicial order and before the institution may disclose any responsive educational records).

Brown's objection here is consistent with the position that it would assert if a similar document request were served upon the University in another lawsuit, seeking the production of the investigative report, hearing panel decision, and appellate decision in Plaintiff's case at Brown.

(Brown's Response and Objections to Plaintiff's Third Request for Production of Documents, attached as **Exhibit C**.) In sum, Brown objects to producing the comparator discovery on the six cases on the basis that this information is: (1) not relevant and proportionate to Plaintiff's needs; and (2) the discovery is confidential under FERPA.

### C. Meet and Confer

On July 24, 2023, prior to filing this motion, counsel for Plaintiff and Defendant met and conferred to discuss Brown's objection. Brown confirmed that they would not produce the

5

discovery without an order from the Court.

## II. LEGAL STANDARD

The Federal Rules of Civil Procedure permit discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Discovery is designed "to further the interests of justice by minimizing surprise at trial and ensuring wide-ranging discovery of information." *Bingham v. Supervalu Inc.*, No. 13-cv-11690, 2014 WL 12792917, at *2 (D. Mass. May 28, 2014) (citations and quotation marks omitted). While the material sought must be relevant, it "need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1); *see also Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 98 (1978) (explaining relevance in the context of discovery "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case").

"Rule 37 sets forth a clear path to be followed if a party believes that another litigant is not cooperating in the discovery process." *R.W. Int'l Corp. v. Welch Foods, Inc.*, 937 F.2d 11, 18 (1st Cir. 1991). If a party fails to produce documents requested, the aggrieved party may seek a court order compelling production of the materials sought. Fed. R. Civ. P. 37(a). "On a motion to compel, the party seeking information in discovery over an adversary's objection has the burden of showing its relevance." *Controlled Kinematics, Inc. v. Novanta Corp.*, Civil Action No. 17-cv-11029-ADB, 2019 WL 3082354, at *2 (D. Mass. July 15, 2019) (cleaned up). Then, "[o]nce a showing of relevance is made, the party opposing disclosure bears the burden of showing that the requested discovery is improper." *Controlled Kinematics*, 2019 WL 3082354, at *2.

6

### III. ARGUMENT

#### A. The Comparator Discovery is Relevant

Plaintiff limited his request for production to only those matters where a female student was a respondent to a complaint alleging sexual misconduct. Plaintiff is entitled to the investigation report, adjudication decision, and appeal decision (if applicable), with student names redacted, but genders indicated, for the six sexual misconduct matters adjudicated by Brown and identified in Brown's response to Plaintiff's Third Request for Production of Documents because evidence of how Brown has treated similarly situated students of a different gender is uniformly recognized by Courts across the country as relevant to determining whether the proceeding was affected by Plaintiff's gender – an element of Plaintiff's Title IX claim under both an erroneous outcome or selective enforcement liability theory.

When assessing gender bias under an erroneous outcome theory, courts look for evidence of "patterns of decision-making that [ ] tend to show the influence of gender." *Doe v. Marymount Univ.*, 297 F. Supp. 3d 573, 585 (E.D. Va. 2018) (internal citation omitted). And "[t]o support a claim of selective enforcement, a male plaintiff must demonstrate that a female was in circumstances sufficiently similar to his own and was treated more favorably by the [school]." *Doe 2 by & through Doe 1 v. Fairfax Cty. Sch. Bd.*, 384 F. Supp. 3d 598, 608-09 (E.D. Va. 2019) (internal citation omitted).

Brown's summary chart setting forth limited information concerning other student cases is insufficient to explore whether Brown has engaged in patterns of decision making that tend to show the influence of gender and whether similarly situated female students were treated more favorably by Brown. Indeed, the chart contains only basic categories of information, including the charges at issue, whether the respondent was found responsible, and the genders of the parties

7

involved. These disclosures are insufficient because Plaintiff is unable to determine any information about the underlying facts in the identified cases to determine whether the cases involve similar conduct.

For example, the summary of alleged misconduct and charge is limited to the specific policy alleged to have been violated, *i.e.* "Sexual and Gender-Based Harassment, Sexual Violence, Relationship and Interpersonal Violence and Stalking Policy." Nothing about those descriptions provides Plaintiff the ability to determine whether the conduct at issue was similar to the allegations in Plaintiff's case. Plaintiff also has no ability to review the extensive information supplied to the hearing panels that decided each of those cases in the form of the investigation reports. Those reports summarize all the evidence collected by Plaintiff's investigators, including witness testimony, which the hearing panels may rely on in rendering their decisions. Those reports contain not only a summary of the information collected by investigators, but a procedural history describing the conduct of the investigation. Without access to those reports Plaintiff has no ability to compare how Brown investigated past cases involving similar conduct to determine if investigators treat male and female respondents consistently.

Moreover, based on the Comparator Chart provided by Brown, it appears that the female respondents in the comparator cases Plaintiff has requested were either found not responsible or received very lenient sanctions. For example, two of the four were found not responsible. Of the two that were found responsible for violating Brown's "Sexual and Gender-Based Harassment, Sexual Violence, Relationship and Interpersonal Violence and Stalking Policy," one received a written reprimand, and the other received probation. Plaintiff is unable to discern whether these sanctions were issued in connection with findings that the responsible female students had non-consensual sexual intercourse with male students, which may indicate that Brown holds archaic

8

and stereotypical views of sex and gender, *i.e.*, that it is less serious for a female to sexually assault a male than vice versa. Without more information as to these comparator cases, Plaintiff cannot obtain evidence that may be highly relevant to an essential element of his claim.

Similarly, without access to the adjudication decision and appeal decision (if applicable), Plaintiff has no ability to review Brown's rationale for the decisions it made finding two of the comparator female respondents not responsible to determine if, for example, Brown has engaged in a pattern of deciding credibility contests in favor of women. Plaintiff has the right to explore whether in other "he said – she said" cases, like Plaintiff's, Brown has engaged in a pattern of crediting females over males.

There are myriad other ways information in the investigation report and adjudication decisions might be relevant to demonstrating a pattern of behavior motivated by gender, but Plaintiff has no ability to determine this since he has no access to the information maintained in Brown's exclusive possession. And it would be inappropriate to require Plaintiff to predict all the ways bias might manifest itself in Brown's conduct given the disparity in access to information between the parties. In short, the chart produced by Brown does not provide any of the detail necessary to sufficiently address the question of whether Brown has engaged in a pattern of gendered decision making and Plaintiff is entitled to probe this theory in discovery.

Plaintiff must be able to discover whether female students have been accused of similar misconduct at Brown, examine the manner in which their cases were handled, assess whether they were found responsible or not based on similar evidence and if found responsible whether they were punished as harshly as Plaintiff, and determine whether Brown subjected female respondents' credibility to the same level of scrutiny as Plaintiff. Without reviewing the reports that describe the conduct of Brown's investigations as well as the written decisions of the panels in any such

9

cases, Plaintiff has no way to determine if females at Brown were even similarly situated to him, let alone whether the treatment they received differed in any material respect. Thus, the records Plaintiff has requested are directly relevant and narrowly tailored to explore the evidence of an issue that is directly relevant to the elements of Plaintiff's Title IX claim.

### B. FERPA Does Not Preclude Disclosure of the Comparator Discovery

FERPA "protects educational records or personally identifiable information from improper disclosure." *Richardson v. Bd. of Educ. of Huber Heights City Sch.*, No. 12-342, 2014 WL 8619228, at *1 (S.D. Ohio Mar. 11, 2014) (quoting *Doe v. Woodford Cty. Bd. of Educ.*, 213 F.3d 921, 926 (6th Cir. 2000)). Although student disciplinary records fall within the meaning of "education records" under FERPA, *see United States v. Miami Univ.*, 294 F.3d 797, 812 (6th Cir. 2002), they "are not necessarily privileged for discovery purposes, and FERPA does not provide such a privilege," *Jackson v. Willoughby Eastlake Sch. Dist.*, No. 16-3100, 2018 WL 1468666, at *2 (N.D. Ohio Mar. 23, 2018) (citing *Edmonds v. Detroit Pub. Sch. Sys.*, No. 12-10023, 2012 WL 5844655, at *3 (E.D. Mich. Nov. 19, 2012)); *Metcalf v. Yale Univ.*, No. 15-CV-1696 (VAB), 2017 WL 627423, at *4 (D. Conn. Feb. 15, 2017) (citation omitted) ("[C]ourts have found that FERPA does not prevent the disclosure of students' educational records in connection with discovery in a case."); *see also Jones v. Espanola Mun. Sch. Dist.*, No. 13-741, 2016 WL 10257481, at *2 (D.N.M. May 13, 2016) (stating that FERPA does not create an evidentiary privilege) (citing cases); *Cherry v. Clark Cty. Sch. Dist.*, No. 11-1783, 2012 WL 4361101, at *5 (D. Nev. Sept. 21, 2012) (same).

The regulations promulgated under FERPA provide a simple mechanism for personally identifiable information to be produced during discovery in litigation. Under 34 C.F.R. § 99.31(a)(9)(i), an educational institution may disclose personally identifiable information from a

10

student's educational record without the consent of the student if "[t]he disclosure is to comply with a judicial order or lawfully issued subpoena." Once an order is issued, the information may be produced "only if the agency or institution makes a reasonable effort to notify the parent or eligible student of the order or subpoena in advance of compliance, so that the parent or eligible student may seek protective action." *Id.* § 99.31(a)(9)(ii).

*Doe v. Ohio State Univ.*, No. 16-171, 2018 WL 4958958 (S.D. Ohio Oct. 15, 2018), illustrates how discovery of material containing personally identifiable information can be produced in compliance with FERPA. In *Ohio State*, the plaintiff requested the full case files for thirty-five prior disciplinary cases to support his allegation that the university treated similarly-situated students differently due to their gender. *Id.* at *4. Although the university did not raise a relevancy objection to the requests, it did raise a concern regarding the burden of complying with FERPA. *Id.* The court stated that the university "is correct that the case files are protected by FERPA and cannot be produced without either the written consent of the students in question (or, depending on the age of the student, their parents) or a court order." *Id.* (citing *Miami Univ.*, 294 F.3d at 813; 20 U.S.C. § 1232g(b)(2)(B)). And "[e]ven though [OSU] is required to make a reasonable effort to provide notice, with the opportunity to object, consent of the affected persons is not required where disclosure is court-ordered and subject to a protective order." *Id.* (quoting *Jackson*, 2018 WL 1468666, at *4) (alterations in original). Therefore, the court ordered the university to produce, after providing the required notice under FERPA, the full thirty-five cases, which were to be designated "confidential—subject to protective order" pursuant to the parties stipulated protective order. *Id.*

Many other cases have followed a similar framework as *Ohio State*. *See, e.g.*, *Doe v. Shenandoah Univ.*, No. 5:21CV00073, 2023 WL 4186017, at *11 (W.D. Va. June 26, 2023); *Doe

11

*v. Yale Univ.*, 564 F. Supp. 3d 11, 22 (D. Conn. 2021). And Plaintiff respectfully requests that the Court resolve Brown's FERPA objection in the same manner by entering the enclosed Proposed Order.

## IV.     CONCLUSION

For the reasons stated above, Plaintiff requests that the Court grant this motion to compel and order Brown to produce the comparator discovery related to Brown's adjudication of similar allegations of non-consensual sexual activity involving other students.

Dated: August 8, 2023                                                         Respectfully submitted,

By: */s/ Maria F. Deaton*  
    Patrick C. Lynch, Esq. (#4867)  
    Maria F. Deaton, Esq. (#7286)  
    Lynch & Pine, Attorneys at Law  
    One Park Row, Fifth Floor  
    Providence, RI 02903  
    (401) 274-3306  
    plynch@lynchpine.com  
    mdeaton@lynchpine.com

By: */s/ Douglas F. Gansler*  
    Douglas F. Gansler, Esq. (*pro hac vice*)  
    Cadwalader, Wickersham & Taft LLP  
    700 Sixth Street, N.W.  
    Washington, DC 20001  
    (202) 862-2300  
    douglas.gansler@cwt.com

*Attorneys for Plaintiff David Smith*

By: */s/ Patricia M. Hamill*  
    Patricia M. Hamill, Esq. (*pro hac vice*)  
    Andrew S. Gallinaro, Esq. (*pro hac vice*)  
    Clark Hill PLC  
    Two Commerce Square  
    2001 Market Street, Suite 2620  
    Philadelphia, PA 19103  
    (215) 640-8500  
    phamill@clarkhill.com  
    agallinaro@clarkhill.com

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| DAVID SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| BROWN UNIVERSITY, | ) Case No.: 1:22-cv-00329 |
| DAVIS CONSULTING GROUP, LLC, and | ) |
| DONNA DAVIS, Individually, | ) |
| | ) |
| Defendants. | ) |
| | ) |

### ORDER ON PLAINTIFF'S MOTION TO COMPEL

Plaintiff David Smith served a Third Request for Production of Documents on Defendant Brown University ("Brown") which seeks documents that constitute the "education records," as defined by the Family Educational Rights and Privacy Act, 20 U.S.C. § 1232g ("FERPA") and 34 C.F.R. § 99.3, of non-party current and former Brown students.

The Court finds the records Plaintiff moves to compel are relevant and discoverable and therefore, **IT IS HEREBY ORDERED**, that Plaintiff's Motion to Compel is **GRANTED**.

According to 34 C.F.R. § 99.31(a)(9)(i), Brown may only produce these non-party education records after providing each student whose education records are at issue with an opportunity to seek protective action from this Court. Brown has requested the Court's assistance in implementing the notification of students whose education records are at issue and the production of these materials.

Based upon the foregoing, **IT IS HEREBY ORDERED** as follows:

1.  To the extent that any of the document requests made by Plaintiff to Brown seek documents that constitute the "education records" of non-party current or former Brown students, Brown is hereby ordered to produce such documents in accordance with 20 U.S.C. §1232g(b) and

34 C.F.R. § 99.31(a)(9)(i), provided that the notice protocol set forth below is followed.

2. Before producing any non-party education records, Brown shall make a reasonable effort in accordance with 34 C.F.R. § 99.31(a)(9)(ii) to notify the non-party students whose records have been requested. Students whose education records have been requested shall be given 14 days to object to the production of documents that include their education records. These students shall receive a letter providing this notice:

> The Plaintiff in the lawsuit entitled *David Smith v. Brown University, et al.*, Case No. 1:22-cv-329, now pending before the United States District Court for the District of Rhode Island, has requested documents maintained by Brown University ("Brown") relating to Plaintiff's claims against Brown. These documents include information provided by you or about you, and therefore may constitute your "education records," as that term is defined by the Family Educational Rights and Privacy Act, 20 U.S.C. § 1232g ("FERPA").
>
> The Court has ordered that Brown produce these records to Plaintiff and Brown intends to produce these records in compliance with this order. Before doing so, Brown must notify affected students of their right to object to this production. This letter is intended to provide you with this notice. The Court's Order allows you 14 days from the date Brown provides you with this notice to seek protective action in accordance with 34 C.F.R. § 99.31(a)(9)(ii). You may do so by submitting a letter to the Court at the mailing address below:
>
> Clerk's Office
> U.S. District Court District of Rhode Island,
> One Exchange Terrace
> Federal Building and Courthouse
> Providence, RI 02903
>
> If you do not object to this production, Brown will produce the documents requested by Plaintiff to comply with the Court's Order. Brown will make this production subject to a Protective Order issued by the court for this case. This Protective Order prohibits the Plaintiff from disclosing these documents to anyone other than the Plaintiff's attorneys and other agents, and prohibits the Plaintiff from using these documents for any purpose other than the prosecution of this case.
>
> Brown cannot provide you with legal advice regarding this notice; however, you have a right to seek independent counsel if you wish. Additionally, if you have any general questions about this notice or what records may be produced, current students may contact their respective Class Deans. Former students with similar inquiries should contact Brown Office of General Counsel.
>
> Copies of the pertinent court orders are enclosed.

2

3. The notice shall not include any other instructions from Brown aside from the text in Paragraph 2 above.

4. Brown officials may not provide legal advice to any non-party student with respect to the notice. However, Brown officials may discuss the notice with students and former students, may answer general questions about the notice, may state that the notice recipient may advise the Court directly of any concerns the recipient has, may describe the nature of the recipient's records in question, and may offer appropriate support resources to the recipient, including but not limited to counseling services.

5. After the 14 day notice period expires, and after allowing sufficient time for the Court to advise Brown of any requests for protective action, Brown shall promptly produce the documents about which no request for protective action was made by a non-party student. Brown will produce these documents with redaction stamps that include student-specific pseudonyms for each student whose education records are included in the documents (i.e., Student 1, Student 2, etc.). Brown will also provide Plaintiff with a legend so that he can determine the identities of the students that correspond with each pseudonym.

6. Any education records produced by Brown pursuant to this order, and the legend described above, will be subject to the Protective Order issued in this case.

**IT IS SO ORDERED.**

_____
**J.**