UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |
|---|---|
| DAVID SMITH,<br>    Plaintiff,<br><br>v.<br><br>BROWN UNIVERSITY, DAVIS CONSULTING GROUP, LLC, and DONNA DAVIS, Individually,<br>    Defendants. | Case No.: 1:22-cv-329-JJM-PAS |

## ORDER

Plaintiff David Smith has moved to compel discovery from Defendant Brown University ("Brown") related to six prior cases in which Brown adjudicated allegations of nonconsensual sexual activity involving other students. He is seeking third-party "education records" as defined by the Family Educational Rights and Privacy Act, 20 U.S.C. § 1232g ("FERPA") and 34 C.F.R. § 99.3. Because the Court finds that the request is relevant and proportional and can be disclosed in compliance with FERPA pursuant to 34 C.F.R. § 99.31(a)(9)(i) and (ii), the Court GRANTS the motion subject to a stipulated agreement as to third-party notice.

### I.   BACKGROUND

Mr. Smith alleges that he was wrongly accused of sexual assault and improperly disciplined based on gender. ECF No. 36 at 1, 102-104. He has filed a Title IX claim challenging numerous aspects of Brown's internal investigation process. *Id.* at 85-104. Mr. Smith served an interrogatory request seeking "comparator discovery" regarding other sexual misconduct cases to which Brown

objected, stating that disclosure would violate the privacy of third parties under FERPA. ECF No. 44-1 at 2-3. Instead, Brown referred him to a public report and provided a chart outlining key comparators, including the gender of the parties involved, charges, sanctions, and outcomes of appeals for the 2017-18 academic year. *Id.* at 3-4. This chart was provided as a confidential document subject to the parties' Stipulated Protective Order. *Id.* at 4. Mr. Smith reviewed the chart and served a follow-up request seeking "[t]he investigation report, adjudication decision, and appeal decision . . . with student names redacted, but genders indicated," for four misconduct matters identified in the chart, as well as any "related" matters. ECF No. 44-2 at 4.

Of thirty total cases, six were deemed by Brown to be responsive to his request. ECF No. 44-3 at 2. Brown objected to disclosing this information, citing relevance, proportionality, and privacy obligations under FERPA. *Id.* at 3. Brown stressed that even with redaction, there remains "a significant risk that [the identities of third parties] could be discernable or known," noting that investigation reports and decisions would likely reveal "details of private, sexual encounters between non-parties to this litigation." *Id.* Brown indicated that under FERPA, it was required to make a reasonable effort to notify student parties "and possibly numerous student witnesses" before disclosing this material. *Id.*

## II. DISCUSSION

As Brown notes, district courts have "broad discretion to manage discovery matters." *Heidelberg Ams., Inc. v. Tokyo Kikai Seisakusho, Ltd.*, 333 F.3d 38, 41 (1st

2

Cir. 2003). Parties may request discovery regarding "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). In determining whether this standard is met, courts may consider "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.* If a party resists, the opponent may seek an order to compel discovery if they certify that the parties have conferred in good faith and failed to come to a resolution. Fed. R. Civ. P. 37(a). Conversely, the court may issue a protective order on motion and for good cause "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c).

Privilege is not at issue in this case. *See Edmonds v. Detroit Pub. Sch. Sys.*, No. 12-CV-10023, 2012 WL 5844655, at *3 (E.D. Mich. Nov. 19, 2012) (FERPA does not provide an evidentiary privilege for discovery purposes but places a "higher burden on a party seeking access to student records to justify disclosure"") (citation omitted). As such, the Court will evaluate relevance, proportionality, and the statutory requirements of disclosure under FERPA's "litigation exception." *See* Fed. R. Civ. P. 26(b)(1); 34 C.F.R. § 99.31(a)(9)(i)-(ii).

### A. Relevance

The requested discovery is broadly relevant to Mr. Smith's Title IX claim, which proceeds under twin theories of "erroneous outcome" and "selective

3

enforcement." ECF No. 44 at 7. Under an erroneous outcome theory, a plaintiff must cast doubt on the accuracy of the disciplinary proceeding and then "allege particular circumstances" showing gender bias, including, inter alia, "patterns of decision-making." *Doe v. Brown Univ.*, 166 F. Supp. 3d 177, 185 (D.R.I. 2016) (citing *Yusuf v. Vassar College*, 35 F.3d 709, 715 (2d Cir. 1994)). Under a selective enforcement theory, a plaintiff must show that "regardless of the student's guilt or innocence, the severity of the penalty and/or the decision to initiate the proceeding was affected by the student's gender." *Doe v. Brown Univ.*, 327 F. Supp. 3d 397, 412 (D.R.I. 2018) (citing *Yusuf*, 35 F.3d at 715). As this Court has previously held, proving selective enforcement requires a comparator who is "similarly situated in material respects." *Id.* (citing Perkins v. Brigham & Women's Hosp., 78 F.3d 747, 751 (1st Cir. 1996)). Mr. Smith argues, persuasively, that Brown's summary chart is insufficient to investigate whether a pattern of bias exists or whether any females at Brown are similarly situated for the purposes of establishing appropriate comparators. ECF No. 44 at 11-14. He further argues that Brown's refusal to disclose prior case information precludes him from evaluating Brown's internal decision-making, its rationale for findings of fact, its process for evaluating credibility contests, the procedural history of these claims, and its treatment of evidence generally—all areas of inquiry that go to the heart of his Title IX claim. *Id.*

Brown argues that every student-on-student misconduct claim involves "unique events and circumstances" and that these records are not relevant because they involved different decision-makers under Title IX policies that were no longer in

effect at the time of Mr. Smith's disciplinary proceeding. ECF No. 46-1 at 4-8. These arguments espouse an overly personalized view of bias, ignoring the nuanced ways in which systemic discrimination might manifest across a lengthy investigation, adjudication, and appeal process. They also gloss over the substantial imbalance in access to information. As Mr. Smith notes, these files remain in Brown's exclusive possession, and "it would be inappropriate to require [him] to predict all the ways bias might manifest itself in Brown's conduct given the disparity of access to information between the parties." ECF No. 44 at 13. The Court finds this reasoning to be persuasive. Mr. Smith is entitled to explore Brown's decision-making process without having to guess at what is behind the curtain.

### B. Proportionality

Mr. Smith's request is proportional, as he has requested six records of a total of thirty. While the volume of information to be produced in these records is likely voluminous, it is hardly an "unnecessary and time-consuming detour[]." EFC No. 46-1 at 8. His request is limited to recent cases involving female students, he seeks redacted files, and he is not seeking disclosure of the identities of the students involved. ECF No. 47 at 2, 9. As noted above, this line of inquiry is essential to the Title IX claim. Furthermore, this request was specifically anticipated by the parties in July 2023 when they jointly requested a four-month extension to allow for the required notice and objection period under FERPA. ECF No. 43 at 1-2.

### C.  Disclosure Requirements under FERPA

The key issue, as Brown rightly identifies, is the privacy interest of third parties implicated by disclosure of these files. FERPA prohibits educational institutions from disclosing "personally identifiable information" in a student's records without prior consent. 20 U.S.C. § 1232g(b)(2); 34 C.F.R. § 99.30-31. As Brown notes, even redacted disclosure poses a risk to third parties given the detail and volume of information that is likely to be in these files. Other courts have noted that FERPA establishes a "higher burden" for the party seeking discovery of educational records. *Ellis v. Cleveland Mun. School Dist.*, 309 F. Supp. 2d 1019, 1023 (N.D. Ohio 2004). Mr. Smith has met this burden for the reasons outlined above. It is paramount that in allowing him to fully litigate his claims, the parties take reasonable steps to protect the interests of individuals not party to this case.

Luckily, FERPA provides a statutory framework to navigate this issue. FERPA's "litigation exception" permits disclosure without prior consent if disclosure is pursuant to a judicial order or a lawfully issued subpoena, provided the institution (here, Brown) make a reasonable effort to notify the parent or student in advance so they may seek a protective order. 20 U.S.C. § 1232g(b)(2)(B); 34 C.F.R. § 99.31(a)(9)(i)-(ii). Brown correctly notes that without such an order, they are not permitted to disclose these records. As such, Brown's refusal to produce discovery has been proper up to this point: until now, they have not been subject to a court order. The standard is "reasonable effort to notify": courts are not obliged to issue a protective order or even redact information if reasonable efforts are made. *See Doe*

6

*v. Ohio State Univ.*, No. 2:16-cv-171, 2018 WL 4958958 at *4 (S.D. Ohio Oct. 15, 2018). A non-litigant seeking to a protective order may do so under Rule 26(c), which permits any party or person from whom discovery is sought to "move for a protective order in the court where the action is pending—or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken." Fed. R. Civ. Pro. 26(c).

To the extent that there is a dispute about FERPA, it is about the length and terms of notice. Mr. Smith proposes a fourteen-day response period, while Brown prefers a twenty-one-day period; Brown requests an additional thirty days for production of documents and adjudication of any third-party objections under FERPA, while Mr. Smith prefers a "reasonable" period. ECF No. 44 at 18 (Proposed Order); ECF No. 46-1 at 13-14; ECF No. 47 at 9. As noted above, personal information will already be redacted, and further concerns may be addressed through a Motion to Seal pursuant to Local Rule 102. L.R. Gen. 102. The parties dispute the specific terms of the FERPA notice and what language Brown should include in this letter, but these issues may be readily addressed in an informal discovery conference using Mr. Smith's proposed FERPA notices as a starting point. *See* ECF No. 44 at 17-19 (Proposed Order); ECF No. 47-1 at 3-4. Any notice to third parties should include full disclosure as to the requirements under FERPA, clear guidance as to "reasonable time" to respond, and the procedures for filing a protective order with this Court pursuant to Rule 26(c). The Court is optimistic any other disagreements may be

7

resolved through an informal discovery conference with the goal of reaching a stipulated agreement as to terms and timing of notice.

## III. CONCLUSION

For these reasons, the Motion to Compel is GRANTED subject to a stipulated agreement that lays out the timing of notice under FERPA, additional time required for Brown to comply with redaction, proposed language for third-party notice, and the procedure for third parties to file a Rule 26(c) Motion for a Protective Order with this Court. If the parties need to extend discovery to follow this order or wish to file any documents under seal, they may do so as an addendum to this agreement. If no agreement can be reached, the parties shall contact chambers to set up a conference with the Court.

IT IS SO ORDERED.

_____
John J. McConnell, Jr.
Chief Judge
United States District Court

September 28, 2023

8