## UNITED STATES DISTRICT COURT
## DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| DAVID SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| BROWN UNIVERSITY, | ) | Case No.: 1:22-cv-00329 |
| DAVIS CONSULTING GROUP, LLC, and | ) | |
| DONNA DAVIS, Individually, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

### STIPULATED AGREEMENT

Pursuant to the Court's Order on Plaintiff's Motion to Compel, (ECF No. 49), Plaintiff and Defendant Brown University ("Brown") agree as follows:

1.       Before producing any non-party education records, Brown shall make a reasonable effort in accordance with 34 C.F.R. § 99.31(a)(9)(ii) to notify the non-party students whose records have been requested. Students whose education records have been requested shall be given 14 days to object to the production of documents that include their education records. These students shall receive a letter from Brown's counsel in this case providing this notice that reads as follows:

> The Plaintiff in the lawsuit entitled *David Smith v. Brown University, et al.*, Case No. 1:22-cv-329, now pending before the United States District Court for the District of Rhode Island, has requested documents maintained by Brown University ("Brown") relating to Plaintiff's claims against Brown. These documents include information provided by you or about you, and therefore may constitute your "education records," as that term is defined by the Family Educational Rights and Privacy Act, 20 U.S.C. § 1232g ("FERPA").

> The Court has ordered that Brown produce these records to Plaintiff and Brown intends to produce these records in compliance with this order. A copy of the Judge's order requiring the production of these records is enclosed with this letter as **Exhibit A**. Certain personally identifiable information contained in the records (such as student names) will be redacted by Brown and will not be disclosed to Plaintiff. Before producing any records, Brown must notify affected students of their right to object to this production. This letter is intended to provide you with this notice. The Court's Order allows you 14 days from the date Brown provides you with this notice

1

to seek protective action in accordance with 34 C.F.R. § 99.31(a)(9)(ii). You may do so by submitting a letter to the Court describing your objection and the basis for it at the mailing address below or via email:

> Clerk's Office
> Attn: Ryan Jackson (ryan_jackson@rid.uscourts.gov)
> U.S. District Court District of Rhode Island
> One Exchange Terrace
> Federal Building and Courthouse
> Providence, RI 02903

If you do not submit a letter objecting to this production, Brown will produce the documents requested by Plaintiff to comply with the Court's Order. Brown will make this production subject to a Protective Order issued by the court for this case. This Protective Order, which is enclosed with this letter as **Exhibit B**, prohibits the Plaintiff from disclosing these documents to anyone other than the Plaintiff's attorneys and other agents, and prohibits the Plaintiff from using these documents for any purpose other than the prosecution of this case.

Brown cannot provide you with legal advice regarding this notice; however, you have a right to seek independent counsel if you wish. Additionally, if you have any general questions about this notice or what records may be produced, you may contact the undersigned, Steven M. Richard, Esq. at srichard@nixonpeabody.com or (401) 454-1020. I am counsel for Brown in the lawsuit and will be handling the production of the records to the Plaintiff in compliance with the Court's order.

Sincerely,

Steven M. Richard, Esq.

2.      The letters shall be sent by Brown's counsel within two business days of the date of this Stipulated Agreement and shall not include any other instructions from Brown aside from the text in Paragraph 2 above.

3.      Brown's counsel and Brown officials may not provide legal advice to any non-party student with respect to the notice. However, Brown's counsel may discuss the notice with students and former students, may answer general questions about the notice, may state that the notice recipient may advise the Court directly of any concerns the recipient has, may describe the nature of the recipient's records in question, and may offer to refer the recipient to Brown for appropriate support resources, including but not limited to counseling services.

4.      If any objections are served on the Clerk's Office pursuant to paragraph 2, the Clerk's Office shall file each objection under seal as a Motion for Protective Order. The Plaintiff and Brown shall then have 14 days to file a response to the Motion for Protective Order. The Court shall resolve the non-party student's objection at any time thereafter. Notice of the responses and the Court's order resolving the objection shall be provided by Brown's counsel to the objecting student.

5.      Brown shall produce the required documents to the Plaintiff within 14 days after: (i) the expiration of the 14-day notice period where no objection was made by a non-party student related to their records; or (2) the Court's resolution of any objection made by a non-party student (to the extent that the Court requires production over the non-party student's objection). Brown will produce these documents with redaction stamps that include gender-specific pseudonyms for each student whose education records are included in the documents (i.e., John Doe, Jane Roe, Male Student 1, Female Student 2, etc.).

6.      Any education records produced by Brown pursuant to this order will be subject to the Protective Order issued in this case.

7.      Pursuant to the Court's directive on page 8 of the Order on Plaintiff's Motion to Compel, (ECF No. 49), the parties are discussing an extension of discovery and will file a separate stipulation suggesting new revised deadlines therein.

8.      Plaintiff and Brown respectfully request that the Court enter this stipulated agreement as an Order.

**Dated: October 5, 2023**

*/s Maria F. Deaton*
Patrick C. Lynch, Esq. (#4867)
Maria F. Deaton, Esq. (#7286)
Lynch & Pine, Attorneys at Law

*/s Steven M. Richard*
Steven M. Richard
Nixon Peabody LLP
One Citizens Plaza, Suite 500

3

One Park Row, Fifth Floor
Providence, RI 02903
(401) 274-3306
plynch@lynchpine.com
mdeaton@lynchpine.com

Douglas F. Gansler, Esq. (*pro hac vice*)
Cadwalader, Wickersham & Taft LLP

Patricia M. Hamill, Esq. (*pro hac vice*)
Christopher M. Lucca, Esq. (*pro hac vice*)
Clark Hill PLC

*Attorneys for Plaintiff David Smith*

Providence, RI 02903
(401) 454-1020
srichard@nixonpeabody.com

*Attorney for Defendant Brown University*

**IT IS SO ORDERED.**

_____
                              **J.**

**CERTIFICATION**

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered Participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as nonregistered participants on October 5, 2023.

/s/ Maria F. Deaton, Esq.

Maria F. Deaton, Esq. (#7286)
Lynch & Pine, Attorneys at
Law One Park Row, Fifth
Floor Providence, RI 02903
(401) 274-3306
mdeaton@lynchpine.com