**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| DAVID SMITH, </br></br>              Plaintiff, </br>v. </br></br>BROWN UNIVERSITY, </br>DAVIS CONSULTING GROUP, LLC, and </br>DONNA DAVIS, Individually, </br></br>              Defendants. | Case No.: 1:22-cv-00329 |

## STIPULATION

Plaintiff David Smith and Defendant Brown University stipulate as follows related to the Court's September 28, 2023 order (ECF No. 49), October 6, 2023 text order, and November 3, 2023 text order related to Brown's production of certain "comparator" discovery:

1. On November 3, 2023, the Court entered a text order requiring Brown's counsel to forward to Plaintiff's counsel (after redaction of personally identifiable information) objections received in response to the FERPA notices sent in connection with the comparator files.

2. On November 7, 2023, Brown's counsel provided those redacted objections to Plaintiff's counsel.

3. The Court further ordered in its November 3rd text order that: "Plaintiff's attorney shall then meet and confer with the Defendants' attorneys to identify the specific information from the [comparator] files that he seeks and provide that to the Court via a stipulation."

4. Per the Court's November 3, 2023 text order, Plaintiff's counsel met and conferred with Brown's counsel to "identify the specific information from the comparator files that [Plaintiff] seeks" and this Stipulation is being submitted in follow up to that meeting as ordered.

1

5. By way of background, this Court ordered Brown, over its objection, to produce the investigation report, adjudication decision, and appeal decision for six comparator cases after adequate notice was provided to the affected students. (*See* ECF No. 49.)

6. After receiving the notice, four of the six students filed "objections" to Brown's production of the comparator discovery. (*See* ECF No. 52 and November 3, 2023 text order.)

7. One student is represented by counsel and the other three are unrepresented.

8. In follow up to a Court conference held on October 27, 2023, relating to the objections filed by the one student who was represented by counsel, as instructed by this Court, the undersigned counsel are working with the attorneys for that objecting student to ensure appropriate redactions to the relevant material before the production of this file to Plaintiff. (*See* ECF No. 52.)

9. The other three unrepresented students broadly object to **any** production being made irrespective of any redactions. These students primarily object on the basis that they have a privacy interest in their case files. (*See* November 3, 2023 text order.)

10. Brown is prepared to produce the comparator files (redacted of personally identifiable information and subject to the Stipulated Protective Order) but asserts that it cannot do so under the Family Educational Rights and Privacy Act until the Court rules on the outstanding objections. Brown will abide by whatever the Court orders after its consideration of the objections and this stipulation.

11. Plaintiff submits for the following reasons that these three objecting students have not satisfied their burden of demonstrating "good cause" to prevent Brown from producing this relevant information. *See Pub. Citizen v. Liggett Grp., Inc.*, 858 F.2d 775, 789 (1st Cir. 1988) (holding the burden of demonstrating good cause rests on the proponent of the protective order);

*Anderson v. Cryovac*, Inc., 805 F.2d 1, 7 (1st Cir. 1986) ("A finding of good cause must be based on a particular factual demonstration of potential harm, not on conclusory statements."):

    (a) As the Court recognized in its September 28, 2023 order, the information Plaintiff seeks is highly relevant and discoverable. (*See* ECF No 49.)

    (b) The three objecting students' concerns about their privacy interests can be addressed and cured by Brown redacting personally identifiable information (such as names, addresses, sports teams, DOB, etc.) and ordering that all materials produced by Brown are subject to the Stipulated Protective Order that is entered in this case which prevents the public filing or further dissemination of the comparator discovery. (*See* ECF No. 40.)

    (c) In addition, Plaintiff and Brown have agreed to defer the production of exhibits to the investigative reports at this time. These exhibits likely contain the bulk of the personally sensitive and/or potentially identifiable information of the affected students, and it may not be necessary for these materials to be produced or produced in full.

    (d) Finally, as other courts have held, "consent of the affected persons is not required where disclosure is court-ordered and subject to a protective order." *Doe v. Ohio State Univ.*, No. 2:16-CV-171, 2018 WL 4958958, at *4 (S.D. Ohio Oct. 15, 2018) (ordering production of comparator discovery in a Title IX case).

12. Plaintiff requests that the Court overrule the three remaining objections and order Brown to comply with the Court's previous order (ECF No. 49), and produce to Plaintiff the relevant comparator discovery (with appropriate redactions and subject to the Stipulated Protective Order). The production should include the investigation report, adjudication decision, and appeal decision for the six identified comparator cases, with Plaintiff retaining the right to request any and all exhibits to the investigative reports should Plaintiff's counsel deem that necessary upon review of the initially produced materials.

13. Brown will send a copy of this stipulation to the objectors promptly upon its filing.

**Dated: December 1, 2023**

| | |
|---|---|
| */s Maria F. Deaton* | */s Steven M. Richard* |
| Patrick C. Lynch, Esq. (#4867) | Steven M. Richard |
| Maria F. Deaton, Esq. (#7286) | Nixon Peabody LLP |

<div style="display: flex;">

Lynch & Pine, Attorneys at Law
One Park Row, Fifth Floor
Providence, RI 02903
(401) 274-3306
plynch@lynchpine.com
mdeaton@lynchpine.com

Douglas F. Gansler, Esq. (*pro hac vice*)
Cadwalader, Wickersham & Taft LLP

Patricia M. Hamill, Esq. (*pro hac vice*)
Christopher M. Lucca, Esq. (*pro hac vice*)
Clark Hill PLC

*Attorneys for Plaintiff David Smith*

</div>

One Citizens Plaza, Suite 500
Providence, RI 02903
(401) 454-1020
srichard@nixonpeabody.com

*Attorney for Defendant Brown University*

**IT IS SO ORDERED.**

_____
                           **J.**