**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| DAVID SMITH, )<br>)<br>　　　　　Plaintiff, )<br>　　v. )<br>)<br>BROWN UNIVERSITY, )<br>DAVIS CONSULTING GROUP, LLC, and )<br>DONNA DAVIS, Individually, )<br>)<br>　　　　　Defendants. )<br>_____ ) | Case No.: 1:22-cv-00329 |

**PLAINTIFF'S CONSOLIDATED MOTION TO COMPEL**
**RELATED TO NUMEROUS OUTSTANDING DISCOVERY ISSUES**

Plaintiff David Smith, by and through undersigned counsel, and pursuant to Federal Rule of Civil Procedure 37, moves to compel on the following discovery issues:

1. Defendant Brown University ("Brown") should be compelled to disclose and produce all documents and information that it is currently withholding on the basis of FERPA.

2. Brown should be ordered to respond to Plaintiff's "Google Docs" interrogatory and further ordered to produce all versions/iterations of documents created with "Google Docs."

3. Brown should be ordered to supplement its privilege log.

This motion in supported by the accompanying memorandum of law and exhibits attached thereto.

Plaintiff respectfully requests that the Court grant this motion and enter the attached Proposed Orders.

Dated: February 2, 2024　　　　　　　　　　Respectfully submitted,

By: */s/ Maria F. Deaton*　　　　　　　　　By: */s/ Patricia M. Hamill*
　　Patrick C. Lynch, Esq. (#4867)　　　　　　Patricia M. Hamill, Esq. (*pro hac vice*)
　　Maria F. Deaton, Esq. (#7286)　　　　　　Christopher M. Lucca, Esq. (*pro hac vice*)
　　Lynch & Pine, Attorneys at Law　　　　　　Clark Hill PLC

One Park Row, Fifth Floor
Providence, RI 02903
(401) 274-3306
plynch@lynchpine.com
mdeaton@lynchpine.com

By: */s/ Douglas F. Gansler*
Douglas F. Gansler, Esq. (*pro hac vice*)
Cadwalader, Wickersham & Taft LLP
700 Sixth Street, N.W.
Washington, DC 20001
(202) 862-2300
douglas.gansler@cwt.com

*Attorneys for Plaintiff David Smith*

Two Commerce Square
2001 Market Street, Suite 2620
Philadelphia, PA 19103
(215) 640-8500
phamill@clarkhill.com
clucca@clarkhill.com

2

## MEET AND CONFER CERTIFICATE

Pursuant to Local Rule 7.1(c), undersigned counsel certifies that a good faith attempt has been made to obtain concurrence in the relief sought in this motion. Specifically, prior to filing this motion, counsel for Plaintiff and Brown have discussed these discovery disputes several times and were unable resolve the issues without the Court's intervention.

Dated: February 2, 2024 /s/ Maria F. Deaton
Maria F. Deaton, Esq. (#7286)
Lynch & Pine, Attorneys at Law
One Park Row, Fifth Floor
Providence, RI 02903
(401) 274-3306
mdeaton@lynchpine.com

## **CERTIFICATE OF SERVICE**

I, Maria F. Deaton, certify that on the date set forth below, this document was electronically filed through the Court's CM/ECF system and is available for viewing and downloading to all registered counsel of record.

Dated: February 2, 2024   /s/ Maria F. Deaton
Maria F. Deaton, Esq. (#7286)
Lynch & Pine, Attorneys at Law
One Park Row, Fifth Floor
Providence, RI 02903
(401) 274-3306
mdeaton@lynchpine.com

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| DAVID SMITH, | ) |
| | ) |
|        Plaintiff, | ) |
|    v. | ) |
| | ) |
| BROWN UNIVERSITY, | )   Case No.: 1:22-cv-00329 |
| DAVIS CONSULTING GROUP, LLC, and | ) |
| DONNA DAVIS, Individually, | ) |
| | ) |
|        Defendants. | ) |
| | ) |

**MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF'S CONSOLIDATED MOTION TO COMPEL
RELATED TO NUMEROUS OUTSTANDING DISCOVERY ISSUES**

Plaintiff David Smith, by and through undersigned counsel, and pursuant to Federal Rule of Civil Procedure 37, files this consolidated discovery motion and moves to compel Defendant Brown University ("Brown") on the following discovery issues:

1. Brown should be compelled to disclose and produce all documents and information that it is currently withholding on the basis of the Family Educational Rights and Privacy Act ("FERPA").

2. Brown should be ordered to respond to Plaintiff's "Google Docs" interrogatory and further ordered to produce all versions/iterations of documents created with "Google Docs."

3. Brown should be ordered to supplement its privilege log.

As outlined below, Plaintiff has made numerous attempts to resolve these issues without the Court's intervention. Plaintiff's Motion to Compel should be granted and Brown should be compelled to produce the relevant discovery.

**I.     BACKGROUND**

This action stems from a grievously mishandled and biased student disciplinary proceeding at Brown in which Plaintiff was falsely accused of sexual assault by a female Brown student ("Jane

Roe"), found responsible, and suspended by Brown. (Verified Am. Compl., ECF No. 36, at ¶ 1.) At every turn, from the inception of the disciplinary process, through the investigation and hearing, Brown and its privately retained investigator did everything in their power to strip the process of any semblance of fairness, including by withholding exonerating medical evidence from the investigative record and by fabricating alleged "admissions" by Plaintiff that were relied on by a hearing panel to hold him responsible. (*Id.*) Plaintiff's Verified Amended Complaint pleads several claims against Brown including discrimination in violation of Title IX. (*Id.* at Count II, ¶¶ 271-353.) Plaintiff's Title IX case is based on the "erroneous outcome" and "selective enforcement" theories of liability.

Under the "erroneous outcome" theory of liability, Plaintiff must establish procedural irregularities that "cast some articulable doubt on the accuracy of the outcome of the disciplinary proceeding" and "particular circumstances suggesting that gender bias was a motivating factor behind the erroneous finding." *Yusuf,* 35 F.3d at 715. Under a selective enforcement theory of liability, Plaintiff must establish that "regardless of the student's guilt or innocence, the severity of the penalty and/or the decision to initiate the proceeding was affected by the student's gender." *Doe v. Brown Univ.*, 327 F. Supp. 3d 397, 412 (D.R.I. 2018).

## II.  LEGAL STANDARD AND ARGUMENT

The Federal Rules of Civil Procedure permit discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Discovery is designed "to further the interests of justice by minimizing surprise at trial and ensuring wide-ranging discovery of information." *Bingham v. Supervalu Inc.*, No. 13-cv-11690, 2014 WL 12792917, at *2 (D. Mass. May 28, 2014) (citations and quotation marks omitted). While the material sought must be relevant, it "need not be admissible in evidence

to be discoverable." Fed. R. Civ. P. 26(b)(1); *see also Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 98 (1978) (explaining relevance in the context of discovery "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case").

"Rule 37 sets forth a clear path to be followed if a party believes that another litigant is not cooperating in the discovery process." *R.W. Int'l Corp. v. Welch Foods, Inc.*, 937 F.2d 11, 18 (1st Cir. 1991). If a party fails to produce documents requested, the aggrieved party may seek a court order compelling production of the materials sought. Fed. R. Civ. P. 37(a). "On a motion to compel, the party seeking information in discovery over an adversary's objection has the burden of showing its relevance." *Controlled Kinematics, Inc. v. Novanta Corp.*, No. 17-cv-11029-ADB, 2019 WL 3082354, at *2 (D. Mass. July 15, 2019) (cleaned up). Then, "[o]nce a showing of relevance is made, the party opposing disclosure bears the burden of showing that the requested discovery is improper." *Controlled Kinematics*, 2019 WL 3082354, at *2.

      **A.**    **Brown continues to withhold critical documents, information, and key testimony on the basis of FERPA.**

Through the course of taking several depositions in this case, Plaintiff has realized that Brown is withholding the production of many documents that are responsive to Plaintiff's discovery requests on the basis of FERPA. Brown has also objected to having several of its key witnesses testify during depositions about various issues also on the basis of FERPA. Brown contends it needs a Court order to allow this discovery in order to satisfy its FERPA obligations.

As the Court is aware from a prior briefing on the comparator file issue (*see* ECF Nos. 44, 49), FERPA does not implicate a privilege issue; instead, the issue is one of relevancy and proportionality. *See Smith v. Brown Univ.*, No. 1:22-CV-329-JJM-PAS, 2023 WL 6314646, at *2 (D.R.I. Sept. 28, 2023) (explaining FERPA does not provide an evidentiary privilege for discovery

3

purposes and instead is evaluating from a relevancy and proportionality standpoint). Some examples of the relevant discovery that is being withheld on the basis of FERPA include:

- David Smith made several complaints to Brown about Jane Roe due to her repeated and flagrant violations of the no contact order and retaliation, as well as several student conduct violations by her and her friends (*e.g.*, abusive and threatening behavior, lying to an investigator, and tampering/manipulating evidence, etc.);

- David Smith made a student conduct complaint against "Undergraduate E" (a female student) who may have assisted Jane Roe in tampering/manipulating evidence that was sent to the investigator;

- David Smith made a student conduct complaint against Witness 1 (a female student) for intentionally and physically assaulting David Smith at a party; and

- Unlike Jane Roe and her female friends, David Smith's house members (all male) were investigated for and disciplined for a variety of student conduct related issues at Brown, and the investigations occurred immediately with a presumption of guilt, and punishment was rapidly meted out.

Brown's investigation (or lack thereof) and resolution of these complaints brought by David—including whether **any** discipline was instituted by Brown—is directly relevant to David Smith's selective enforcement claim that Brown treated him differently due to his gender. *See Doe v. Univ. of Scis.*, 961 F.3d 203, 211 (3d Cir. 2020) (crediting selective enforcement theory that university could have been "motivated by sex when it chose not to investigate Roe 1 and Witness 1—both female students—despite having notice that both allegedly violated the Policy" by allegedly breaching "the Policy's confidentiality provision by colluding with each other about the investigation"); *Doe v. Yale Univ.*, 564 F. Supp. 3d 11, 21 (D. Conn. 2021) (ordering Yale to produce documents related to other students in discovery because "Doe would find it 'impossible to prove' his claims unless he could discover and demonstrate the relevant conduct of Roe and Coe, and how Yale evaluated that conduct for disciplinary purposes").

Plaintiff has learned that Brown may have interviewed these students (and other student witnesses with knowledge of the incidents) in connection with David Smith's complaints, yet none

4

of the documentary evidence related to these issues has been produced by Brown (*i.e.*, interview notes, communications between Brown and these students, and outcomes letters, etc.). Plaintiff has also learned that Brown has separate electronic files created for both Jane Roe and David Smith in connection with the complaints that form the basis of David Smith's lawsuit in this case. Brown has apparently not produced the entire Jane Roe electronic file due to an alleged FERPA concern.

Based on discussions among counsel at the recent depositions where this issue has arisen, Plaintiff does not believe that Brown is disputing the discoverability of the documents it is withholding. Instead, Plaintiff believes that Brown contends it has FERPA obligations to all of its students. As with the comparator files, a Court order allowing production of the information after notice to the affected students, and subject to the Stipulated Protective Order in place in this case, should address any concerns that Brown has in producing the requested information. Accordingly, Plaintiff requests that the Court resolve this issue in a similar manner to how it handled the comparator file issue. Specifically, Plaintiff requests that the Court enter an order compelling the disclosure and production of all documents and information that Brown is currently withholding on the basis of FERPA, order Brown to provide the relevant students with notice and an opportunity to be heard, and resolve any objections to the extent necessary. Brown should also be ordered to compel its witnesses to testify about these issues during future depositions.

**B.     Brown has failed to produce all information related to its "Google Docs."**

The hearing and appeal panels which resolved Jane Roe's complaint used "Google Docs" to collaborate on drafting and editing their decision letters, which determined Plaintiff's fate. This same process was also used by various employees in Brown's Title IX office to prepare and revise other key documents. Given the foundational importance of these documents to his claims, Plaintiff requested the various working drafts of these documents be produced so that he can learn

what revisions were made (and by whom, when, and perhaps why). On October 30, 2023, after months of back and forth on the issue, Brown finally produced various iterations of five of the "Google Docs" and an Excel spreadsheet containing certain information about the history of each version produced (such as the date/time it was edited).

The revision history is startling. **Most notably, the Google Docs show that the appeal panel originally GRANTED Plaintiff's appeal on the basis that material procedural errors materially affected the outcome. The appellate panel further instructed that the case be remanded to a new hearing panel for reconsideration.** For reasons not yet known, this decision was reversed in later drafts of the decision, including the final draft. Coincidentally—or not—the decision of this supposedly "independent" appeal panel was changed from GRANT to DENY around the same time that Brown's Title IX Coordinator and Brown's in-house counsel communicated about the draft of the appeal decision.[1]

On November 13, 2023, Plaintiff requested additional information from Defendant including how the Google Doc versions were selected and whether any revisions were omitted. In addition, Plaintiff requested that the Excel spreadsheet be supplemented to include a column indicating who was responsible for each version of the document and a description of any "comments" that were embedded in each draft. After discussing these issues with Brown's counsel in a Zoom call, on December 7, 2023, Plaintiff served an interrogatory on Brown to formalize the inquiry. (*See* Interrogatory, attached as **Exhibit A**.)

To date, Brown has not provided a response to Plaintiff's interrogatory. In addition, the prior versions of several other "Google Docs" have not been produced at all, including Google Docs mentioned in: (i) Brown 993; (ii); Brown 1507; (iii) Brown 1748; and (iv) Brown 3958. All

---

[1] These communications have not been produced but are noted on Brown's privilege log.

6

of these documents are responsive to Plaintiff's discovery requests and are highly relevant and plainly discoverable. Plaintiff specifically requests that the Court order Brown to fully respond to Plaintiff's interrogatory on this issue and compel the production of all versions/iterations of any document created via "Google Docs" that has been produced in this case and/or that is responsive to Plaintiff's discovery requests.

### C. Brown's privilege log should be supplemented.

On November 13, 2023, Plaintiff requested that Brown supplement its privilege log which was previously served on August 10, 2023. (Privilege Log attached as **Exhibit B**.) A privilege log should "identify each document and the individuals who are parties to the communications, providing sufficient detail to permit a judgment as to whether the document is at least potentially protected from disclosure." *Corvello v. New England Gas Co.*, 243 F.R.D. 28, 33 (D.R.I. 2007) (citation omitted). It "must include a detailed description of the documents to be protected with precise reasons given for the particular objection to discovery. *Id.* (citations and quotations omitted). "The privilege log need not be precise to the point of pedantry, but bald faced assertions are insufficient." *Id.* (cleaned up).

Here, given the timing of various key revisions to the "Google Docs," Plaintiff requested that Brown indicate the specific time that each allegedly privileged communication was sent. Plaintiff also requested that Brown confirm whether there were any other recipients on each of the allegedly privileged communications (i.e., "cc" or "bcc") and if so, to list those recipients. Finally, Plaintiff requested that Brown supplement the description in the privilege log to provide more information to allow Plaintiff to better assess Brown's invocation of the privilege. *See Logue v. Rand Corp.*, 610 F. Supp. 3d 399, 401 (D. Mass. 2022) ("Merely copying an attorney on a communication does not by itself create any privilege.").

7

In response to Plaintiff's November 13, 2023, letter and in subsequent meet and confer efforts, Brown has not outright refused to supplement its privilege log. In fact, at recent depositions, Brown's counsel claimed he was in the process of revising the privilege log, including to add at least two additional documents that were recently "discovered" by Brown witnesses in preparation for their depositions.[2] However, given the significant passage of time since Plaintiff first made the request, and the fact that the discovery deadline is approaching, Plaintiff requests that the Court order Brown to do so by a date certain.

### III.   CONCLUSION

For the reasons stated above, Plaintiff requests that the Court grant this motion to compel and enter the proposed orders enclosed with this motion.

Dated: February 2, 2024                                    Respectfully submitted,

By: */s/ Maria F. Deaton*                                   By: */s/ Patricia M. Hamill*
    Patrick C. Lynch, Esq. (#4867)                          Patricia M. Hamill, Esq. (*pro hac vice*)
    Maria F. Deaton, Esq. (#7286)                           Christopher M. Lucca, Esq. (*pro hac vice*)
    Lynch & Pine, Attorneys at Law                          Clark Hill PLC
    One Park Row, Fifth Floor                               Two Commerce Square
    Providence, RI 02903                                    2001 Market Street, Suite 2620
    (401) 274-3306                                          Philadelphia, PA 19103
    plynch@lynchpine.com                                    (215) 640-8500
    mdeaton@lynchpine.com                                   phamill@clarkhill.com
                                                            clucca@clarkhill.com

By: */s/ Douglas F. Gansler*
    Douglas F. Gansler, Esq. (*pro hac vice*)
    Cadwalader, Wickersham & Taft LLP
    700 Sixth Street, N.W.
    Washington, DC 20001
    (202) 862-2300
    douglas.gansler@cwt.com

    *Attorneys for Plaintiff David Smith*

---

[2] These two documents are drafts of the investigation report that apparently contain handwritten edits by Brown's Title IX Coordinator and Interim Title IX Coordinator. Plaintiff disputes that either of these documents are privileged and will likely seek the Court's intervention on this issue (and potentially other privilege issues) after Brown produces its revised privilege log, and if meet and confer efforts with Brown are unsuccessful.