UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| DAVID SMITH,<br>    Plaintiff,<br><br>v.<br><br>BROWN UNIVERSITY, DAVIS<br>CONSULTING GROUP, LLC, and<br>DONNA DAVIS,<br>    Defendants. | C.A. No. 22-329-JJM-PAS |

**ORDER**

Plaintiff David Smith sued Brown University for damages arising from a sexual assault accusation made against him while a student there. During discovery, Mr. Smith has requested certain documents leading Brown to raise privacy concerns in producing educational records of third parties under the Family Educational Rights and Privacy Act ("FERPA"). This discovery dispute, along with Mr. Smith's demand for a response to his Google Doc interrogatory and for an updated privilege log, resulted in Mr. Smith's Motion to Compel currently before the Court. ECF No. 66. Because the Court finds that Mr. Smith's requests can be disclosed in compliance with FERPA under 34 C.F.R. § 99.31(a)(9)(i) and (ii), the Court GRANTS the motion subject to the below terms.

**I.   BACKGROUND**

Mr. Smith filed a Title IX claim challenging many aspects of Brown's internal investigation process after he was wrongly accused of sexual assault and improperly disciplined based on gender. Mr. Smith seeks the records of what investigative or

disciplinary action was taken about his complaints toward third parties who identified as women and disciplinary actions lodged against his housemates who identify as men. Additionally, Mr. Smith seeks the production of all versions/iterations of Google Documents ("Google Docs") that were created, edited, and updated in response to the proceedings in his disciplinary action with Brown.

Brown has refused to turn over these documents and will not allow deposed individuals to answer questions relating to the same without a court order compelling them to do so under protections provided to third parties under FERPA. As for the Google Docs interrogatory, Brown argues that it produced the spreadsheets chronicling the revision of five identified Google Docs and is working with an external firm to reproduce similar information for four further Google Docs that were identified later in the discovery process.

Mr. Smith moves to compel Brown to supplement its privilege log to be more detailed and to include information clarifying any other recipients of emails—whether cc'd or bcc'd. Brown responds that it is doing so as asked.

## II. DISCUSSION

During discovery, parties may request "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26 (b)(1). In determining whether this standard is met, courts may consider "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the

burden or expense of the proposed discovery outweighs its likely benefit." *Id.* If a party resists, the adverse party may seek an order to compel discovery if they certify that the parties have conferred in good faith and did not come to a resolution. Fed. R. Civ P. 37(a).

When considering production of records that are protected under FERPA, privilege is not an issue. *See Edmonds v. Detroit Pub. Sch. Sys.*, No. 12-CV-10023, 2012 WL 5844655 *3 (E.D. Mich. Nov. 19, 2012). Because Brown does not object to the relevance or proportionality of the request[1], the Court will solely evaluate the statutory requirements of disclosure under FERPA's "litigation exception." *See* Fed. R. Civ. P 26(b)(1); 34 C.F.R. § 99.31 (a)(9)(i)-(ii).

### A.   Disclosure Requirements under FERPA

FERPA prohibits Brown's "release of education records" or "personally identifiable information" contained in it without permission, 20 U.S.C. § 1232g(b)(1), except Brown can disclose such records if a judicial order or subpoena requires it as long as Brown notifies the student (or parent if the student is not an adult) before it releases the records.[2] *Id.* § 1232g(b)(2)(B); *see also* 34 C.F.R. § 99.31(a)(9)(i). Thus, Brown has properly refused to provide the information that Mr. Smith has requested without a court order. 20 U.S.C. § 1232g(b)(2); 34 C.F.R. § 99.30-31.[3]

---

[1] In any event, the Court finds the request relevant to showing Mr. Smith's "erroneous outcome" theory, and proportionally limited to individuals uniquely close to the controversy whose records ought to be easily accessible. *See Doe v. Brown Univ.*, 166 F. Supp. 3d 177, 185 (D.R.I. 2016); Fed. R. Civ. P 26(b)(1).

[2] Brown has said that all identified persons are adults. ECF No. 68 at 3.

[3] If a court does issue an order to produce records ordinarily protected under FERPA, the school must make a "reasonable effort to notify" the impacted individuals

3

It seems to the Court that Brown does not object to producing these records but needs a court order to follow FERPA. Considering the nuances of the production and notice, the Court orders the production of the requested documents after the notice provision of FERPA has been followed. The parties are to resolve any disagreements on production through an informal discovery conference to reach a stipulated agreement to the terms and timing of the FERPA notice. This conference should also provide Brown with enough information to guide its witnesses about what information they can or cannot provide during their depositions while continuing to meet Brown's FERPA obligations.

### D.   Google Doc Production and Privilege Log

The Court is satisfied with Brown's thorough explanation of its efforts to assemble the forensic reproductions of Google Documents Mr. Smith seeks—the only dispute seems to be about the timing of Brown's production and response. The Court enters a ten-day order and Brown will meet and confer with Mr. Smith to the extent that there are any questions about Brown's interrogatory response and supplemental document production. Brown has asserted that it will update the privilege log by February 23, 2024; if there has been difficulty updating the log by that date, the Court orders the parties to meet and confer and come to an agreed-to date.

---

so they may seek a protective order per Fed. R. Civ. Pro. 26(c). *Doe v. Ohio State Univ.*, N. 2:16-cv-171, 2018 WL 4958958 at *4 (S.D. Ohio Oct. 15, 2018).

## III.  CONCLUSION

For the above reasons, the Court GRANTS Mr. Smith's Motion to Compel (ECF No. 66) subject to a stipulated agreement that lays out the timing of notice under FERPA, including time for impacted third parties to file a Rule 26(C) Motion for a Protective Order, and additional time allowance for Brown to compile the requested student disciplinary files.  Brown will have ten days to deliver the final two Google Document histories and must produce a supplemented privilege log by March 15, 2024.  If agreement cannot be reached, the parties will contact chambers to set up a conference with the Court.

IT IS SO ORDERED.

_____
John J. McConnell, Jr.
Chief United States District Judge

March 6, 2024