UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

DAVID SMITH,
   Plaintiff,

v.

BROWN UNIVERSITY; DAVIS
CONSULTING GROUP, LLC; and
DONNA DAVIS,
   Defendant.

C.A. No. 22-329-JJM-PAS

## ORDER

Plaintiff David Smith sued Defendants Brown University ("Brown"), Davis Consulting Group, LLC, and Donna Davis (collectively "Davis Defendants") in the aftermath of a Title IX sexual assault claim against Mr. Smith and ensuing investigation and discipline. His claims are:

- Count I – Breach of Contract against Brown;
- Count II – Title IX against Brown;
- Count III – Negligent Training and Supervision against Brown;
- Count IV – Rhode Island Deceptive Trade Practices Act ("RIDTPA") against Brown;
- Count V – Negligence against all Defendants;
- Count VI – Intentional Infliction of Emotional Distress ("IIED") against all Defendants;
- Count VII – Tortious Interference with Contractual Relations against the Davis Defendants;

- Count VIII – Fraud against all Defendants.

Before the Court are three motions for summary judgment: Brown moves for partial summary judgment on Counts III, IV, V, and VI (ECF No. 100); Mr. Smith moves for summary judgment on all Counts (ECF No. 102), and the Davis Defendants move for summary judgment on Counts V, VI, VII, and VIII (ECF No. 105). Having read the extensive briefing and researched the law, the Court rules on the three motions in accordance with the applicable standard of review under the Federal Rules of Civil Procedure, Rule 56.[1]

## I. BROWN'S MOTION FOR PARTIAL SUMMARY JUDGMENT

### A. Counts III and V

Brown's motion on Mr. Smith's two negligence counts is based on its contention that it did not have a duty to him in the university-student context. Not only is that Brown's contention but it is also well settled in this jurisdiction that a student does not have an actionable negligence claim based on a university's contractual duties to

---

[1] A party is entitled to summary judgment if the movant shows there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. A party can show a genuine dispute by citing to materials in the record, including "depositions, documents, electronically stored information, affidavits or declarations, stipulations ... admissions, interrogatory answers, or other materials," or by showing that the materials cited either do not establish a genuine dispute or are not supported by admissible evidence. *Id.* Summary judgment is mandated against a party who, given adequate time for discovery, "fails to make a showing sufficient to establish the existence of an element essential to that party's case ... on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A complete failure of proof of an essential element shows that there is "no genuine issue as to any material fact" because if one element fails, all other facts are rendered irrelevant; it entitles the moving party to "judgment as a matter of law" because, by definition, the nonmoving party cannot carry their burden at trial. *Id.* at 323.

the student. "If a contract claim and a tort claim 'are based upon the same duty, the plaintiff cannot maintain the tort claim.'" *Doe v. Brown Univ.*, 166 F. Supp. 3d 177, 196 (D.R.I. 2016) (quoting *Ciccone v. Pitassi*, C.A. No. PB 97–4180, 2004 WL 2075120, at 7 (R.I. Super. Aug. 13, 2004) (Silverstein, J.); *Soenen v. Brown Univ.*, C.A. No. 21-cv-325-JJM-PAS, ECF No. 34 (10/18/22 Order) at 3 (McConnell, C.J.) ("Furthermore, the student-university relationship is contractual, and Plaintiffs cannot maintain a tort claim and a contract claim based on the same duty they allege Brown had to ensure students are safe and to protect students from sexual assault and harassment"); *Doe v. Brown Univ. and Stiles*, C.A. No. 23-cv-376-MSM-LDA, 5/28/24 Text Order (McElroy, J.) (granting Brown's Rule 12(b)(6) motion on the negligence and negligent supervision counts because they were based on the same duty as the university-student contractual relationship).

Mr. Smith argues that the duties that Brown breached are separate from and independent of the contractual obligations Brown owed to him to ensure a fair process in his disciplinary case and that Brown had a separate non-contractual duty to appropriately hire, supervise, and train Ms. Davis. But based on his arguments, the duties that Mr. Smith highlights under his negligence theories are the same as those reflected in his contractual relationship with Brown under Title IX policies. Because these alleged duties and breaches sound in contract, they must be addressed in a contract action, not a tort action. The Court grants Brown's Motion for Summary Judgment as to Counts III and V.

3

B.  Count IV

Brown seeks summary judgment on Mr. Smith's RIDTPA claim, arguing that it is not a recognized claim against a university. RIDTPA prohibits "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." R.I. Gen. Laws § 6-13.1-2. In order to find a claim here, the Court would have to conclude that Brown was engaging in trade or commerce when it implemented its Title IX policies and procedures incidental to its mission as an educational institution. The Rhode Island Supreme Court has not applied the RIDTPA in this way and neighboring courts have not either. *See Squeri v. Mount Ida Coll.*, 954 F.3d 56, 73 (1st Cir. 2020) ("Certainly, the words 'trade' and 'commerce' in ch. 93A, § 1(b) do not traditionally mean the provision of education to students at a not-for-profit college."); *Doe v. Wesleyan Coll.*, Civ. No. 3:19-cv-01519 (JBA), 2021 WL 664010, at *14 (D. Conn. Feb. 19, 2021); *Brodsky v. New England Sch. of Law*, 617 F. Supp. 2d 1, 7 (D. Mass. 2009).

Because the Court finds that Brown did not engage in "trade or commerce" under the undisputed facts here, it declines to stretch the reach of state law beyond its current bounds and grants Brown's summary judgment motion on Mr. Smith's Count IV RIDTPA claim.

C.  Count VI

Brown moves for summary judgment on Mr. Smith's IIED claim, arguing that it fails because he does not have an expert and does not intend to call any treating physicians, but intends to testify himself in support of his claim. He argues that his

4

testimony will be enough to convince a jury not only of Brown's outrageous conduct, but also that his emotional distress resulted in physical symptoms.

Proving an IIED claim is difficult under Rhode Island law. A plaintiff must present evidence of all four elements[2] and prove "physical symptomatology as an additional predicate to recovering damages." *Norton v. Hoyt*, 278 F. Supp. 2d 214, 220 (D.R.I. 2003), *aff'd sub nom. Norton v. McOsker*, 407 F.3d 501 (1st Cir. 2005) (citing *Reilly v. United States*, 547 A.2d 894, 899 (R.I. 1988)). Additionally, Rhode Island law requires that a competent medical expert testify "regarding origin, existence and causation." *Vallinoto v. DiSandro*, 688 A.2d 830, 839 (R.I. 1997); *R.I. Res. Recovery Corp. v. Restivo Monacelli LLP*, 189 A.3d 539, 547 (R.I. 2018) (expert testimony is needed to prove an IIED claim).

It is undisputed that Mr. Smith does not have an expert witness who will testify about his emotional distress damages. "Unsupported conclusory assertions of physical ills are insufficient to overcome a motion for summary judgment." *Norton*, 278 F. Supp. 2d at 220 (citing *Clift v. Narragansett Television L.P.*, 688 A.2d 805, 813 (R.I. 1996)). The Court dismisses Mr. Smith's IIED claim and grants Brown's Motion for Summary Judgment on Count VI.

---

[2] The four elements are: "(1) the conduct must be intentional or in reckless disregard of the probability of causing emotional distress, (2) the conduct must be extreme and outrageous, (3) there must be a causal connection between the wrongful conduct and the emotional distress, and (4) the emotional distress in question must be severe." *Champlin v. Washington Tr. Co. of Westerly*, 478 A.2d 985, 989 (R.I. 1984).

The Court GRANTS Brown's Motion for Partial Summary Judgment. ECF No. 100. Counts III, IV, V, and VI are dismissed against Brown.

## II.   THE DAVIS DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

The Davis Defendants move for summary judgment on all claims against them: negligence, IIED, tortious interference with contractual relations, and fraud. The Court will discuss each claim in turn.

### A.   Count V

Mr. Smith's negligence claim and all the allegations and evidence he raises as disputes, is rooted in the contract between Brown and the Davis Defendants. That is, he argues that Ms. Davis was negligent in her duty to him as an independent professional investigator hired by Brown to perform a fair investigation and accurately report the results. Ms. Davis counters that she did not owe Mr. Smith a duty as her duties were dictated by her contract with Brown and he is not a party to that contract.

"It is black letter law that a party may only assert claims under a negligence theory if 'the defendant owes a duty to the plaintiff.'" *New England Prop. Servs. Grp., LLC v. Rimkus Consulting Grp., Inc.*, No. CV 24-133 WES, 2024 WL 3728061, at *2 (D.R.I. Aug. 8, 2024) (quoting *Benaski v. Weinberg*, 899 A.2d 499, 502 (R.I. 2006)). Without a duty, a "plaintiff's claim must fail, as a matter of law." *Selwyn v. Ward*, 879 A.2d 882, 886 (R.I. 2005). Other than these general observations, the Court has not found, nor have either party cited to, any Rhode Island Supreme Court decision

6

finding that an independent investigator, bound by a service contract to an educational institution, had a tort duty to a non-party student.

Courts have explored similar issues in the insurance context, however, and this Court finds those decisions instructive here. In essence, Ms. Davis was Brown's agent when she conducted the investigation of the claims against Mr. Smith. Rhode Island law is clear that "an agent acting on behalf of a disclosed principal is not personally liable to a third party for acts performed within the scope of his authority." *Cardente v. Maggiacomo Ins. Agency*, 272 A.2d 155, 156 (R.I. 1971) (citing *Cullen v. Donahue*, 121 A. 392, 393 (R.I. 1923)). "[A]n agent [i]s excused from liability only when (1) acting solely on behalf of a disclosed principal, (2) acting within the scope of her duties, and (3) she had not undertaken any other obligation independent of her relationship with the principal." *Shapiro v. Roger Williams Univ.*, No. CA 011-140-ML, 2012 WL 1565282, at *6 (D.R.I. Apr. 30, 2012) (citing *C.C. Plumb Mixes, Inc. v. Stone*, 272 A.2d 152, 154 (R.I. 1971)).

In this case, the undisputed evidence shows that Ms. Davis acted as a retained, independent investigator on Brown's behalf. She acted within the scope of the duties in her contract with Brown, and there is no evidence that she undertook any added obligations independent of what is in the contract. The conduct that Mr. Smith argues is the basis of Ms. Davis' negligence is the very work that Brown hired her to do. Therefore, Rhode Island law precludes Mr. Smith from stating as a matter of law that Ms. Davis, as the agent of a disclosed principal, owes him a duty in negligence. *See New England Prop. Servs. Grp., LLC*, No. CV 24-133 WES, 2024 WL 3728061, at

*4–5 (in an insurance case involving an independent investigator, the district court predicted that the Rhode Island Supreme Court would rule that insureds may not assert negligence claims against them because insurers (the principals) are already liable for the conduct of the independent investigators and creating a duty between the investigator and the insured could permit double recovery); *Cardente*, 272 A.2d at 156 ("While the [agency] rule may appear to be harsh, the [insured] is not remediless for in the law the disclosed principal is just as much bound..."). Thus, the Court dismisses Count VI as to the Davis Defendants.

B. Count VI

Mr. Smith's IIED claim is dismissed as to the Davis Defendants. As more extensively articulated above, Mr. Smith does not have an expert to testify about his emotional distress and physical symptomology and that is still required in Rhode Island. The Court grants the Davis Defendants' Motion for Summary Judgment as to Count VI.

C. Count VII

Mr. Smith sued the Davis Defendants for tortious interference with contractual relations, specifically interference with the student contract that he had with Brown. Under Rhode Island law, a party must prove the following elements to prevail on a tortious interference with contract claim: (1) the existence of a contract; (2) knowledge of the contract by the alleged wrongdoer; (3) an intentional act of interference; (4) causation; and (5) damages. *Mesolella v. City of Providence*, 508 A.2d 661, 669 (R.I. 1986). "Claims of tortious interference with contractual or

business relations require proof, among other things, of the defendant's intentional and improper interference with the contractual or business relationship." *Ira Green, Inc. v. Mil. Sales & Serv. Co.*, 775 F.3d 12, 21 (1st Cir. 2014) (citing *Greensleeves, Inc. v. Smiley*, 68 A.3d 425, 432 (R.I. 2013)). "Interference is improper if it is without justification; that is, if it is 'for an improper purpose.'" *Id.* (quoting *Greensleeves*, 68 A.3d at 434).

Brown hired the Davis Defendants to investigate the allegations against Mr. Smith in accordance with its policies. There is no evidence, other than Mr. Smith's unsubstantiated belief, that Ms. Davis conducted the investigation and produced a report to the hearing panel in a way that intentionally or improperly interfered with his contract with Brown, resulting in his discipline. The final report contained a summary of all the information collected, including that from Mr. Smith, and the hearing panel had the benefit of not only this report but also from Mr. Smith's own testimony at the hearing. The hearing panel, not Ms. Davis, made the final decision on Mr. Smith's case. While Mr. Smith lobs accusations at Ms. Davis's approach to and method of conducting the investigation, there is no material evidence that her intent was to interfere with Mr. Smith's contract with Brown.[3] The Court grants the Davis Defendants' Motion for Summary Judgment on Count VII.

---

[3] If this claim can be sustained against a third-party investigator for interfering with the student-university contractual relationship by investigating at the university's behest, then an investigator could be sued for tortious interference every time the investigation is decided against the accused-student and arguably be sued every time the investigation is decided against the accuser-student for failing to find in their favor.

### D.  Count VIII

Mr. Smith argues against the Davis Defendants' motion on his fraud claim, asserting that Ms. Davis falsely represented to him that he could not speak to potential witnesses[4] and that she would follow Brown's policies in conducting the investigation fairly with the specific purpose of preventing him from exonerating himself and/or actively questioning that she approached the investigation in good faith. Ms. Davis counters that there is no evidence, disputed or otherwise, that she was attempting to deceive Mr. Smith in any way related to her investigation.

Mr. Smith acknowledges that Ms. Davis is Brown's agent and Brown is a disclosed principal to argue that Brown is vicariously liable for Ms. Davis' conduct. ECF No. 102-1 at 107. The fraud he asserts occurred when Ms. Davis independently investigated Ms. Roe's claims as Brown's agent under the contract between them. The conduct underlying the fraud claims and the evidence in support are the same against Brown as it is against the Davis Defendants. Mr. Smith's fraud claim fails against the Davis Defendants because there is no dispute that Ms. Davis was acting within her authority and "an agent acting on behalf of a disclosed principal is not personally liable to a third party for acts performed within the scope of his authority." *Cardente*, 272 A.2d at 156. Count VIII against the Davis Defendants is dismissed.

---

[4] Ms. Davis acknowledges that she gave the same admonition to Mr. Smith and Ms. Roe that they should maintain confidentiality during the investigation because she believed that instruction was faithful to Brown's policies.

The Court GRANTS the Davis Defendants' Motion for Summary Judgment as to all counts. ECF No. 105.

## III. MR. SMITH'S MOTION FOR SUMMARY JUDGMENT

Mr. Smith moved for summary judgment on all claims against all Defendants. ECF No. 102. As a result of the Court's disposition above, Mr. Smith's motion is denied as to Brown on negligent hiring and supervision (Count III), RIDTPA (Count IV), negligence (Count V), and IIED (Count VI). His motion is denied as to the Davis Defendants as to negligence (Count V), IIED (Count VI), tortious interference (Count VII), and fraud (Count VIII).

The remaining claims subject to Mr. Smith's motion are against Brown only and are for breach of contract (Count I), a violation of Title IX (Count II), and fraud (Count VIII). Brown did not move on these claims, acknowledging the magnitude of disputes between the parties. It is clear to the Court, in light of the expansive briefing and evidence presented, that there are considerable issues of disputed material fact in the record such that it cannot rule on these claims as a matter of law. A jury will hear the evidence and weigh in on the disputed facts. Mr. Smith's motion on Counts I, II, and VIII against Brown is denied.

## IV. CONCLUSION

The Court GRANTS Brown's Motion for Partial Summary Judgment. ECF No. 100. The Court DENIES Mr. Smith's Motion for Summary Judgment. ECF No. 102. The Court GRANTS the Davis Defendants' Motion for Summary Judgment. ECF No. 105.

Mr. Smith's remaining claims against Brown are for breach of contract (Count I), under Title IX (Count II), and for fraud (Count VIII).

IT IS SO ORDERED.

_____
John J. McConnell, Jr.
Chief United States District Judge

April 1, 2025