## UNITED STATES DISTRICT COURT
## DISTRICT OF RHODE ISLAND

DAVID SMITH,                )
                             )
                Plaintiff,      )
      v.                    )
                             )
BROWN UNIVERSITY,       )     Case No.: 1:22-cv-00329
DAVIS CONSULTING GROUP, LLC, and  )
DONNA DAVIS, Individually,    )
                             )
             Defendants.    )
                             )

## BRIEF IN SUPPORT OF
## PLAINTIFF DAVID SMITH'S MOTION FOR RECONSIDERATION
## OR, IN THE ALTERNATIVE, TO AMEND ORDER
## TO INCLUDE CERTIFICATION FOR INTERLOCUTORY APPEAL
## UNDER 28 U.S.C. § 1292(b) AND FOR STAY PENDING APPEAL

**Plaintiff David Smith**
**by his Attorneys:**

Patrick C. Lynch, Esq. (#4867)
Maria F. Deaton, Esq. (#7286)
Lynch & Pine, Attorneys at Law
One Park Row, Fifth Floor
Providence, RI 02903
(401) 274-3306
plynch@lynchpine.com
mdeaton@lynchpine.com

Douglas F. Gansler, Esq. (*pro hac vice*)
Cadwalader, Wickersham & Taft LLP
1919 Pennsylvania Avenue N.W.
Washington, DC 20006
(202) 862-2300
douglas.gansler@cwt.com

Patricia M. Hamill, Esq. (*pro hac vice*)
Christopher M. Lucca, Esq. (*pro hac vice*)
Clark Hill PLC
Two Commerce Square
2001 Market Street, Suite 2620
Philadelphia, PA 19103
(215) 640-8500
phamill@clarkhill.com
clucca@clarkhill.com

**Dated: April 17, 2025**

## <u>TABLE OF CONTENTS</u>

I.      **INTRODUCTION** ............................................................................................ 1

II.     **FACTUAL BACKGROUND** ...................................................................... 3

III.    **LEGAL STANDARDS** ................................................................................ 4

    A.   Reconsideration.............................................................................................. 4

    B.   Certification for Interlocutory Appeal ........................................................ 5

IV.    **ARGUMENT** .................................................................................................. 6

    A.   The Court committed a manifest error of law in dismissing Count III of the Amended Complaint on the basis of *Ciccone*. In the alternative, there are substantial grounds for a difference of opinion as to whether a student can bring a negligent hiring, supervision, or training claim against a university. ................................................................................. 6

    B.   The viability of negligent supervision, hiring, and training claims in the context of a student disciplinary proceeding involves a controlling question of law ........................ 11

    C.   An immediate appeal will materially advance this litigation ........................................ 13

    D.   The Court should grant a stay pending appeal. ............................................................ 14

V.     **CONCLUSION** ............................................................................................ 15

# I.    <u>INTRODUCTION</u>

On April 1, 2025, this Court found that all of David Smith's negligence-based claims, including his negligent supervision, hiring, and training claims, were precluded by his contract with Brown. (ECF No. 157 at pp. 2-3.) The Court's decision, which follows at least two others in this district (*Soenen* and *Stiles*), is founded on language from a Rhode Island Superior Court case, *Ciccone v. Pitassi*, C.A. No. PB 97-4180, 2004 WL 2075120, at *7 (R.I. Super. Aug. 13, 2004), that: (i) does not involve student disciplinary proceedings; (ii) does not discuss negligent supervision, hiring, or training claims; and (iii) actually allowed the tort claim to proceed with the contract claim.

In short, while *Ciccone* says "if the [tort and contract] claims are based upon the same duty, the plaintiff cannot maintain the tort claim," it does not say that a separate well-recognized independent tort-based duty of care is extinguished due to the existence of a contract. In fact, it says the opposite: "In the case at bar, Plaintiffs' negligence and breach of contract claims are based upon separate duties. Plaintiffs' negligence claim **is founded upon a duty of ordinary care that exists independent of any contract** between Fleet and R. Ciccone." *Ciccone*, 2004 WL 2075120, at *7 (emphasis added). Neither *Soenen*, *Stiles*, nor the Court's order in this case explains why the independent duty of care recognized under Rhode Island law to exercise reasonable care in supervising, hiring, and training employees/agents – which Brown concedes exists independent of the contract – can be discarded in the context of student disciplinary matters.

David respectfully requests that the Court reconsider its order granting Brown's motion for partial summary judgment on Count III only (the negligent supervision, hiring, and training claim) to correct, what David asserts, is a manifest error of law in the application of *Ciccone*. In the alternative, and pursuant to 28 U.S.C. § 1292(b), David respectfully moves to amend and certify for interlocutory appeal the Court's April 1, 2025 Order granting Brown's motion for partial

summary judgment on Count III only, and for a stay of proceedings pending the First Circuit's review.[1]

Students continue to bring these tort-based claims because the issue of *Ciccone*'s application to student disciplinary proceedings in the context of negligent hiring, supervision, and training claims has evaded appellate review. No appellate decision – *i.e.*, no "controlling authority" – has specifically addressed whether, in the student discipline context, a student has a negligent supervision, hiring, or training claim under Rhode Island law.[2]

Other courts, including district courts in the First Circuit, have carved out negligent supervision, hiring, and training claims as distinct from other negligence-based claims in student disciplinary cases because the duty underlying these negligence claims exists independent of the contract under state law. In other words, "rational jurists" differ on how this issue of law should be decided. Appellate review of this important issue should not wait any longer. Section 1292(b) provides that a district court may certify an order for interlocutory appeal when it finds "that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b)(2). David requests certification on only one issue: *Is a student precluded from bringing a negligent supervision, hiring, or training claim against a University in the context of a student disciplinary proceeding due to the existence of a University-student contract relating to the disciplinary proceeding*?

Students file these cases against their universities because student disciplinary decisions

---

[1]    David expressly preserves his appellate rights with respect to all other issues decided in the Court's April 1, 2025 Order.

[2]    Undersigned counsel is not aware of any Rhode Island Supreme Court or First Circuit case that has spoken directly on the issue of whether a student's negligent hiring, supervision, or training claims are precluded under Rhode Island law. This Court cited to no such case in dismissing these claims, and Brown did not cite to any such case in moving for summary judgment.

have life-altering consequences that cannot be remedied by a breach of contract claim. Career prospects are irreparably damaged. Personal reputations and relationships are forever marred. David's case illustrates this. The First Circuit's review and analysis of this issue will provide much-needed clarity for all judges, students, and universities in this Circuit—not just the ones in Rhode Island. And it is most necessary in this case in which David intends to proceed to trial against Brown. All the efforts and resources that will go into the trial could essentially be wasted if this Court's Order is later vacated by the First Circuit and a second trial must be convened so that David can try his negligent supervision, hiring, and training claim against Brown. Section 1292(b) was enacted so that courts would have the freedom to avoid such an inefficient and unjust result.

## II.    FACTUAL BACKGROUND[3]

David commenced this action against Brown after a deeply flawed student disciplinary proceeding permanently derailed his otherwise promising future. David's negligent hiring, supervision, and training claim (Count III) arises out of Brown's failure to appropriately vet, train, and supervise Donna Davis, whom Brown retained to investigate Jane Roe's Title IX complaint.

Brown moved for summary judgment on this claim arguing that judges in the District of Rhode Island have ruled that a student may not maintain a negligence claim premised upon a university's contractual duties to the student. (*See* ECF No. 100-1 at pp. 5 and 9.) In response, David argued that Rhode Island law establishes that Brown had a separate non-contractual duty to appropriately hire, supervise, and train Ms. Davis and that Brown breached that duty in numerous ways. (*See* ECF No. 136 at pp. 41-60.) In its April 1, 2025 Order, the Court adopted Brown's reasoning in granting Brown's motion for summary judgment on Count III:

Brown's motion on Mr. Smith's two negligence counts is based on its contention

---

[3]    David assumes the Court's familiarity with the record and only recites the facts relevant to the negligent supervision, hiring, and training issue for which reconsideration and certification are sought.

that it did not have a duty to him in the university-student context. Not only is that Brown's contention but it is also well settled in this jurisdiction that a student does not have an actionable negligence claim based on a university's contractual duties to the student. "If a contract claim and a tort claim 'are based upon the same duty, the plaintiff cannot maintain the tort claim.'" *Doe v. Brown Univ.*, 166 F. Supp. 3d 177, 196 (D.R.I. 2016) (quoting *Ciccone v. Pitassi*, C.A. No. PB 97-4180, 2004 WL 2075120, at 7 (R.I. Super. Aug. 13, 2004) (Silverstein, J.); *Soenen v. Brown Univ.*, C.A. No. 21-cv-325-JJM-PAS, ECF No. 34 (10/18/22 Order) at 3 (McConnell, C.J.) ("Furthermore, the student-university relationship is contractual, and Plaintiffs cannot maintain a tort claim and a contract claim based on the same duty they allege Brown had to ensure students are safe and to protect students from sexual assault and harassment"); *Doe v. Brown Univ. and Stiles*, C.A. No. 23-cv-376-MSM-LDA, 5/28/24 Text Order (McElroy, J.) (granting Brown's Rule 12(b)(6) motion on the negligence and negligent supervision counts because they were based on the same duty as the university-student contractual relationship).

Mr. Smith argues that the duties that Brown breached are separate from and independent of the contractual obligations Brown owed to him to ensure a fair process in his disciplinary case and that Brown had a separate non-contractual duty to appropriately hire, supervise, and train Ms. Davis. But based on his arguments, the duties that Mr. Smith highlights under his negligence theories are the same as those reflected in his contractual relationship with Brown under Title IX policies. Because these alleged duties and breaches sound in contract, they must be addressed in a contract action, not a tort action. The Court grants Brown's Motion for Summary Judgment as to Counts III and V.

(ECF No. 157 at pp. 2-3.)

David has three claims remaining for trial against Brown: breach of contract (Count I), Title IX (Count II), and fraud (Count VIII). On April 1, 2025, the Court entered a Trial Order requesting a joint report from David and Brown regarding outstanding issues and scheduling conflicts for a trial in 2025. (ECF No. 156.)

### III.    LEGAL STANDARDS

#### A.    Reconsideration

"To succeed on a motion for reconsideration, 'the movant must demonstrate either that newly discovered evidence (not previously available) has come to light or that the rendering court committed a manifest error of law.'" *Goei v. CBIZ, Inc.*, No. CV 18-263-JJM-PAS, 2020 WL 8093525, at *1 (D.R.I. Nov. 12, 2020) (McConnell, C.J.) (citations omitted). "A a manifest error

is an error that is plain and indisputable, and that amounts to a complete disregard of the controlling law." *Id.* (cleaned up) (citing *Venegas-Hernandez v. Sonolux Records*, 370 F.3d 183, 195 (1st Cir. 2004)).

**B.    Certification for Interlocutory Appeal**

Section 1292(b) authorizes district courts to certify orders for interlocutory appeal if an order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." *In re San Juan Dupont Plaza Hotel Fire Litig.*, 859 F.2d 1007, 1010 n.1 (1st Cir. 1988) (quoting 28 U.S.C. § 1292(b)); *see also Trustees of Bos. Univ. v. Everlight Elecs. Co.*, 199 F. Supp. 3d 364, 365 (D. Mass. 2016) (certifying order). Section 1292(b) is meant to inject "an element of flexibility into the technical rules of appellate jurisdiction" and should be viewed "as the statutory language equivalent of a direction to consider the probable gains and losses of immediate appeal." *Wright & Miller*, Federal Practice and Procedure § 3930 (Criteria for Permissive Appeal).

While the First Circuit has stated that successful motions for interlocutory appeal are "few and far between," certification is appropriate "where the proposed intermediate appeal presents one or more difficult and pivotal questions of law not settled by controlling authority." *In re San Juan*, 859 F.2d at 1010 n.1 (quoting *McGillicuddy v. Clements*, 746 F.2d 76, 76 n.1 (1st Cir. 1984)). "[D]istrict courts should not hesitate to certify an interlocutory appeal" when a decision "involves a new legal question or is of special consequence." *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 111 (2009); *accord In re San Juan*, 859 F.2d at 1010 n.1 (explaining when a Section 1292(b) motion presents a "novel" or "important" issue, courts should not hesitate to find an order "fulfill[s] the statutory requisites" and warrants immediate review).

Certification can be particularly appropriate after the grant of a motion for partial summary

judgment involving a pure question of law. *See Zurich Am. Ins. Co. v. Med. Props. Tr., Inc.*, 88 F.4th 1029, 1032 (1st Cir. 2023) (accepting an interlocutory appeal after the district court granted a motion for partial summary judgment and then certified the issue for interlocutory appeal). This Court may, and should, amend its Order to include the applicable Section 1292(b) findings. *See* Fed. R. App. P. 5(a)(3) ("[T]he district court may amend its order ... to include the required permission or statement.").

## IV.     ARGUMENT

In dismissing Count III of David's Amended Complaint, the Court cited to and relied upon *Ciccone*—a Rhode Island Superior Court case. A close reading of *Ciccone* and other precedent demonstrates that the Court committed a manifest error of law in finding that David's negligent hiring, supervision, and training claim was barred by his contract with Brown.

In the alternative, the viability of negligent supervision, hiring, and training claims in the context of a Rhode Island case involving a student disciplinary proceeding has never been reviewed by the Rhode Island Supreme Court or the First Circuit and is an important issue that is frequently litigated in this district. Immediate appellate review is justified because there is – at the very least – a substantial ground for a difference of opinion on whether *Ciccone* and other Rhode Island and First Circuit precedent compels a different result. In sum, this case readily satisfies the criteria set out in Section 1292(b).

**A.     The Court committed a manifest error of law in dismissing Count III of the Amended Complaint on the basis of *Ciccone*. In the alternative, there are substantial grounds for a difference of opinion as to whether a student can bring a negligent hiring, supervision, or training claim against a university.**

In its April 1, 2025 Order, the Court quoted from *Ciccone* in support of its conclusion that David does not have a viable negligent supervision, hiring, or training claim: "If a contract claim and a tort claim 'are based upon the same duty, the plaintiff cannot maintain the tort claim.'" (ECF

No. 157 at p. 3 (quoting *Doe v. Brown*[4] and *Ciccone*, 2004 WL 2075120, at *7.)[5] But *Ciccone* says much more than that, and actually instructs a different analysis and compels a different result here.

*Ciccone* held that a party to a contract **could** bring both a contract claim based on contractual duties and a negligence claim based on duties that were independent of the contract:

> In other words, the court must compare the claims and determine whether they are based upon the same duty. If the claims *are based upon the same duty, the plaintiff cannot maintain the tort claim*; however, if they are not, the tort claim is not barred. In the case at bar, Plaintiffs' negligence and breach of contract claims are based upon separate duties. **Plaintiffs' negligence claim is founded upon a duty of ordinary care that exists independent of any contract between Fleet and R. Ciccone**. Plaintiffs' breach of contract claim, on the other hand, rests upon duties arising from the contract concerning the CD Account.
> …
> Here, R. Ciccone **has alleged the commission of a tort, specifically, the violation of a duty of ordinary care, that exists independently of the breach of the contract** concerning the CD Account.

*Ciccone*, 2004 WL 2075120, at *7 (internal citations and quotations omitted) (emphasis added). In other words, *Ciccone* does not simply ask whether the duty is the same—it asks whether the pertinent duty **exists independent of the contract**.

Here, there is no dispute that Rhode Island recognizes the torts of negligent hiring, supervision, and training. *See Welsh Mfg. v. Pinkerton's Inc.*, 474 A.2d 436, 440 (R.I. 1984); *Liu v. Striuli*, 36 F. Supp. 2d 452, 456 (D.R.I. 1999); *Doe v. Marriott Hotel Servs., LLC*, No. CV 23-487 WES, 2024 WL 2262659, at *3 (D.R.I. May 17, 2024). Brown even concedes this. (*See* ECF No. 100-1 at p. 8 ("The Rhode Island Supreme Court recognizes claims for negligent hiring and supervision when third parties are injured by an employer's unfit employees.").) And the First Circuit has stated in no uncertain terms that these torts are recognized because of a "separate

---

[4]    Notably, *Doe v. Brown* did not involve negligent supervision, hiring, and training claims. 166 F. Supp. 3d 177, 196.

[5]    *Ciccone* was a trust litigation dispute. It did not involve student disciplinary proceedings or negligent supervision, hiring, or training claims.

affirmative duty" that exists under Rhode Island law:

> Rhode Island law instructs that "liability for the harmful acts of employees is not premised on the doctrine of respondeat superior, **but on a separate affirmative duty owed by the employer**." *Liu v. Striuli*, 36 F. Supp. 2d 452, 467 (D.R.I. 1999). And because the Rhode Island Supreme Court has clearly explained that "the liability of an employer in the negligent supervision or hiring of an unfit employee is an entirely separate and distinct basis from the liability of an employer under the doctrine of respondeat superior," *Mainella v. Staff Builders Indus. Servs., Inc.*, 608 A.2d 1141, 1145 (R.I. 1992), the district court was correct in its conclusion that Zell's Count IX fails to state a claim as a matter of law.

*Zell v. Ricci*, 957 F.3d 1, 17 (1st Cir. 2020) (emphasis added).[6] Accordingly, Brown's duty to properly hire, supervise, and train its employees and agents **exists independent of the contract**. *See Wills v. Brown Univ.*, 184 F.3d 20, 28–29 (1st Cir. 1999) (recognizing that Brown has an obligation to exercise reasonable care in hiring its employees). In other words, *Ciccone* compels the conclusion that David's negligent supervision, hiring, and training claim is viable against Brown—not that it should be dismissed. The Court's conclusion otherwise is a manifest error of law and should be reconsidered. In doing so, Brown's Motion for Partial Summary Judgment as to Count III of David's Amended Complaint should be denied.

In the alternative, and at a minimum, there are substantial grounds for a difference of opinion as to whether David can pursue a negligent supervision, hiring, or training claim against Brown. Substantial grounds for a difference of opinion are present when "[r]ational jurists might reasonably differ" on a "difficult" or "pivotal question[] of law not settled by controlling authority." *See In re San Juan*, 859 F.2d at 1010 n.1; *Sec. & Exch. Comm'n v. Rocklage*, No. 05-CV-10074-MEL, 2005 WL 8175998, at *3 (D. Mass. Dec. 14, 2005).

Here, there is no controlling authority on the issue of whether a Rhode Island student can

---

[6]    *Zell* affirmed the dismissal of negligent training and supervision claims against a school because the plaintiff's allegations as to these claims were founded on assertions of vicarious liability/respondeat superior instead of how the school failed to train and supervise the allegedly negligent agents of the school.

bring a negligent supervision, hiring, or training claim against a university as the First Circuit has never spoken on it under Rhode Island law, nor has the Rhode Island Supreme Court. The First Circuit did, however, decline to outright bar a negligent supervision and training claim in similar circumstances under Massachusetts law. *See Doe v. Stonehill Coll., Inc.*, 55 F.4th 302, 338 (1st Cir. 2022) (analyzing the propriety of the facts supporting a negligent supervision and training claim instead of holding that such a claim was outright precluded as a matter of law). Notably, Brown cited to *Stonehill* in support of its motion for summary judgment for the proposition that "the First Circuit has recently reiterated that claims pertaining to a disciplinary process sound in contract rather than tort." (ECF No. 100-1 at p. 5.) If *Stonehill*'s reasoning is persuasive (as Brown contends), then it also compels the conclusion that a negligent supervision claim requires a different analysis than David's other negligence claims.[7]

Further, "rational jurists" disagree that all negligence claims pertaining to a disciplinary process – such as negligent supervision, hiring, and training claims – sound in contract rather than tort. Several judges in the District of Massachusetts[8] have carved out negligent supervision, hiring, and training claims as distinct from other negligence-based claims in student disciplinary cases. *See, e.g., Doe v. Brandeis Univ.,* 718 F. Supp. 3d 83, 92 (D. Mass. 2024) (Talwani, J.) ("A claim of negligent supervision, unlike a general negligence claim, is not necessarily precluded by the contractual relationship between Plaintiff and Brandeis."); *Doe v. Brandeis Univ.,* No. 20-CV-12162-AK, 2023 WL 1822785, at *12 (D. Mass. Feb. 8, 2023) (Kelley, J.) ("A plaintiff's status as a student, whose ordinary remedy against his university is at contract, does not necessarily

---

[7]    And given Brown's reliance on *Stonehill* as persuasive authority in this case, any guidance from the First Circuit under Rhode Island law would be persuasive authority for all district courts in the First Circuit.

[8]    *Cf. Sec. & Exch. Comm'n v. Coinbase, Inc.*, No. 23 CIV. 4738 (KPF), 2025 WL 40782, at *9 (S.D.N.Y. Jan. 7, 2025) (explaining that a substantial grounds for a difference of opinion is established when there are "differing rulings [by district court judges] within this Circuit" on the issue).

preclude him from asserting a claim of negligent retention or supervision."). Courts across the country have reached a similar conclusion. *See e.g.*, *Papelino v. Albany Coll. of Pharmacy of Union Univ.*, 633 F.3d 81, 95 (2d Cir. 2011) ("A reasonable jury could conclude, on this record, that the College was negligent in its handling of the proceedings by permitting an unfit person to lead the disciplinary process. Accordingly, we reverse the dismissal of the negligent supervision claim to the extent the claim is based on the filing and prosecution of the cheating charges.").

Moreover, First Circuit law flatly rejects the notion that all tort claims arising out of the student disciplinary process are barred as a result of the contract. For example, the First Circuit has expressly held that an IIED claim is a viable tort-based cause of action in the context of how a University handles a disciplinary matter. *See Doe v. Brown Univ.*, 43 F.4th 195, 212 (1st Cir. 2022) (reversing district court's dismissal of IIED claim). Just like negligent supervision, hiring, and training claims, an IIED claim is also a duty-based tort claim. *See Norton v. McOsker*, 407 F.3d 501, 509 (1st Cir. 2005) (explaining the tort of intentional infliction of emotional distress requires a court to consider "whether the relationship created sufficient vulnerability to create a duty on the part of the defendant to avoid inflicting emotional distress"). If an IIED claim is a viable duty-based tort claim against Brown, reasonable minds could differ as to whether negligent hiring, supervision, and training claims are also viable duty-based tort claims.

Finally, as outlined in detail earlier in the context of David's request for reconsideration, a closer reading of Rhode Island law and inferences drawn from several First Circuit cases (*Zell* and *Wills*) provide a compelling basis for concluding that negligent supervision, hiring, and training claims are viable in these circumstances. For all these reasons, rational jurists might differ on this difficult and pivotal question of law not settled by controlling authority. Accordingly, this factor for certification is satisfied.

10

**B.      The viability of negligent supervision, hiring, and training claims in the context of a student disciplinary proceeding involves a controlling question of law.**

A question is considered "controlling" when "the certified issue has precedential value for a large number of cases." *Coinbase*, 2025 WL 40782, at \*6; *accord United States v. Regeneron Pharms., Inc.*, 128 F.4th 324, 328 (1st Cir. 2025) (accepting interlocutory appeal where the district court noted the "issue was pivotal to the outcome in this and another case in the circuit"). Alternatively, a controlling question of law is one that is "serious to the conduct of the litigation, either practically or legally." *In re Lupron Mktg. & Sales Practices Litig.*, 313 F. Supp. 2d 8, 9 (D. Mass. 2004) (quoting *Johnson v. Burken*, 930 F.2d 1202, 1206 (7th Cir. 1991)); *Waters v. Day & Zimmermann NPS, Inc.*, No. CV 19-11585-NMG, 2020 WL 4754984, \*2 (D. Mass. Aug. 14, 2020) ("[A] question may be controlling if reversal would dramatically alter the scope of the case."). The issue of Brown's negligence in failing to exercising reasonable care in hiring, supervising, and training Donna Davis is "controlling" under either definition.

First, judges in this district routinely hear cases involving students who raise claims regarding the handling of their disciplinary processes, both at Brown and other Rhode Island-based universities. As evidence of this, in dismissing Count III from this case, the Court cited to two other recent cases against Brown alone where negligent supervision claims were raised and dismissed. The First Circuit's resolution of this issue will have precedential value for all pending and future cases brought by students in this district. *See Dill v. JPMorgan Chase Bank, N.A.*, No. 19 Civ. 10947 (KPF), 2021 WL 3406192, at \*6 (S.D.N.Y. Aug. 4, 2021) (internal citation omitted) ("[I]n weighing the potential impact of certification ... courts look to the potential impact of an appeal on other pending and future cases."). This clarity will not only benefit all parties, but also the judges of this District. If this Court's decision is affirmed, then students will have finality on this issue and will no longer file these claims. If this Court's decision is overturned, schools will

be more incentivized to devote resources to adequately vet, supervise, and train their employees/agents. Practically then, all parties benefit from an appeal as the active docket of cases involving a school's mishandling of student disciplinary issues should decrease no matter the outcome.

Second, the trial of this case would look substantially different, both "practically and legally," if there were negligence claims in this case. Practically, the failures relevant to David's negligent hiring, supervision, and training claim are based on duties independent of his contract with Brown. Legally, instead of simply being able to demonstrate Brown's negligence at trial, David must instead convince a jury that much of Brown's conduct was intentional in order to prove his more stringent Title IX and fraud claims. Accordingly, the issue of whether David can bring a negligent supervision, hiring, and training claim is "controlling" in this case.

Finally, a controlling question must be one of "law," which "usually involves a question of the meaning of a statutory or constitutional provision, regulation, or common law doctrine rather than an application of law to the facts." *Johansen v. Liberty Mut. Grp., Inc.*, No. 15-12920, 2017 WL 937712, *1 (D. Mass. Mar. 9, 2017); *accord Ahrenholz v. Bd. of Trustees of Univ. of Ill.*, 219 F.3d 674, 677 (7th Cir. 2000) (Posner, J.) (explaining a "controlling" question is "a pure question of law, something the court of appeals [can] decide quickly and cleanly without having to study the record"). Here, the proposed question is a prototypical example of a controlling question of law under Section 1292(b) for several reasons.

"In Rhode Island, the existence of a legal duty is a pure question of law." *Mu v. Omni Hotels Mgmt. Corp.*, 882 F.3d 1, 6 (1st Cir. 2018); *Berard v. HCP, Inc.*, 64 A.3d 1215, 1218–19 (R.I. 2013) ("We repeatedly have opined that whether a defendant has a duty of care toward a plaintiff is a question of law for the Court.") Here, David is simply asking the First Circuit to

analyze whether a university like Brown has a duty to exercise reasonable care in hiring, supervising, and training the individuals involved in the student disciplinary process, even though that process is established by a student contract. The First Circuit will not need to wade into any factual issues to reach this determination. The parties agree that there is a contract governing the disciplinary process. And the Court found, unequivocally, that Ms. Davis was acting as Brown's agent when she investigated Jane's Title IX complaint. (*See* ECF No. 157 at p. 7-8, 10 (dismissing negligence and fraud claims because Ms. Davis was Brown's agent).) Accordingly, the issue is simple: Can David bring a claim if Brown failed to adequately vet, train, and supervise Ms. Davis?[9]

For all these reasons, the issue presented involves a controlling question of law. Accordingly, this factor for certification is satisfied.

## C.    An immediate appeal will materially advance this litigation.

Section 1292(b)'s third element, addressed to the efficient prosecution of the case, is "closely tied" to the first, *i.e.*, that "the order involve a controlling question of law." *Philip Morris Inc. v. Harshbarger*, 957 F. Supp. 327, 330 (D. Mass. 1997) (citing Wright & Miller § 3930). Many cases have held that this factor is satisfied when a trial is imminent and there is a significant risk that the case will have to be retried, resulting in a waste of resources. *See In re Moon Group Inc.*, No. 21-11140, 2023 WL 3848338, at *7 (D. Del. June 6, 2023); *ICTSI Oregon, Inc. v. Int'l Longshore & Warehouse Union*, No. 3:12-CV-1058-SI, 2020 WL 2768683, at *8 (D. Or. May 28, 2020); *In re: Domestic Drywall Antitrust Litig.*, 13-md-2437, 2016 WL 2941114, at *4–5 (E.D.

---

[9]    The existence and scope of a duty of care is a common issue that is certified for interlocutory appeal. *See, e.g., In re Kia Hyundai Vehicle Theft Litig.*, No. 822ML03052JVSKES, 2024 WL 1135736, at *4 (C.D. Cal. Jan. 29, 2024) (certifying "whether a tort duty to protect against third-party criminal conduct can be based solely on the foreseeability of harms—even in the absence of a special relationship"). So too is the issue of whether a specific type of claim is recognized under state law. *See Rosenberg v. C.R. Bard, Inc.*, 387 F. Supp. 3d 572, 581 (E.D. Pa. 2019) (certifying the following question for interlocutory appeal: "[D]oes Pennsylvania law recognize a strict liability claim for a manufacturing defect of a prescription medical device?").

Pa. May 20, 2016); *In re Fosamax Prods. Liab. Litig.*, No. 06 CIV. 9455 JFK, 2011 WL 2566074, at *9 (S.D.N.Y. June 29, 2011).

Here, David intends to proceed to trial against Brown on his breach of contract, Title IX, and fraud claims. But the jury's efforts could all be for naught if appellate review of this issue waits until after trial. As the Court is well-aware, a negligence claim is far easier to prove than a fraud claim. Further, the damages available to David under a negligence claim likely exceed what is recoverable under David's breach of contract and Title IX claims. Accordingly, there is a real risk that this trial will need to occur twice if this issue is not appealed now. In sum, all the efforts and resources that will go into this trial could essentially be wasted. Immediate appeal here is thus consistent with what Congress intended in drafting Section 1292(b): eliminating the likelihood of unnecessary duplicative trials and striving for an efficient prosecution of the case.

Accordingly, this factor for certification is satisfied.

**D.      The Court should grant a stay pending appeal.**

If the Court grants David's motion for certification, the Court should stay further proceedings as the appellate process answers whether David can pursue his negligent supervision, hiring, and training claim against Brown. A decision to stay litigation lies within the Court's discretion and represents an exercise of its "inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases." *Dietz v. Bouldin*, 579 U.S. 40, 47 (2016). Although a grant of certification under Section 1292(b) does not automatically stay the trial court proceedings, "courts have routinely granted a stay where they have certified an order for interlocutory appeal." *Consumer Fin. Prot. Bureau v. Navient Corp.*, 522 F. Supp. 3d 107, 120 (M.D. Pa. 2021) (collecting cases); *see also Simmons v. Galvin*, No. CV 01-11040-MLW, 2008 WL 11456109, at *4 (D. Mass. Jan. 16, 2008) ("[A] stay is necessary to achieve the substantial savings of time and expense that an interlocutory appeal may provide.").

A stay here makes sense. As explained, an immediate appeal materially advances the ultimate termination of litigation because it potentially eliminates the need and lessens the probability of two trials. Staying the trial court proceedings is thus consistent with the conclusion that certification is warranted. Finally, there is no prejudice to Brown if a stay is entered.

## V.    <u>CONCLUSION</u>

For the reasons set forth herein, David respectfully requests that the Court grant his Motion for Reconsideration and deny Brown's Partial Motion for Summary Judgment on Count III of Plaintiff's Amended Complaint.

In the alternative, David respectfully requests that the Court grant his Motion to Amend Order to Include Certification For Interlocutory Appeal.

As outlined in the proposed order filed with this motion, David specifically requests that the Court amend its April 1, 2025 Order at the bottom of page 3 to add a sentence that states: *The issue of whether Plaintiff can pursue a negligent supervision, hiring, and/or training claim due to Brown's conduct in a student disciplinary proceeding involves a controlling question of law as to which there is substantial ground for difference of opinion and an immediate appeal may materially advance the ultimate termination of the litigation.*

Further, David requests that the following question is specifically certified to the United States Court of Appeals for the First Circuit: *Is a student precluded from bringing a negligent supervision, hiring, or training claim against a University in the context of a student disciplinary proceeding due to the existence of a University-student contract relating to the disciplinary proceeding?*

Finally, David requests that the Court stay this case pending the resolution of his interlocutory appeal.

Dated: April 17, 2025                                    Respectfully submitted,

By: */s/ Maria F. Deaton*                                By: */s/ Patricia M. Hamill*
    Patrick C. Lynch, Esq. (#4867)                      Patricia M. Hamill, Esq. (*pro hac vice*)
    Maria F. Deaton, Esq. (#7286)                       Christopher M. Lucca, Esq. (*pro hac vice*)
    Lynch & Pine, Attorneys at Law                      Clark Hill PLC
    One Park Row, Fifth Floor                           Two Commerce Square
    Providence, RI 02903                                2001 Market Street, Suite 2620
    (401) 274-3306                                      Philadelphia, PA 19103
    plynch@lynchpine.com                                (215) 640-8500
    mdeaton@lynchpine.com                               phamill@clarkhill.com
                                                        clucca@clarkhill.com

By: */s/ Douglas F. Gansler*
    Douglas F. Gansler, Esq. (*pro hac vice*)
    Cadwalader, Wickersham & Taft LLP
    1919 Pennsylvania Avenue N.W.
    Washington, DC 20006
    (202) 862-2300
    douglas.gansler@cwt.com

    *Attorneys for Plaintiff David Smith*